Plaintiffs, the Defendants, on numerous occasions, did engage in misleading conduct towards

another person, to wit, elected corporate director Messina, with the intent to hinder, delay, and

prevent the communication to federal law enforcement officers of information relating to the

commission of and possible commission of a federal offense. The defendants altered, concealed

and destroyed corporate records, denied access to corporate records required to be granted under

8 Del. C. § 220(e), and schemed amongst themselves and with other Participants to "bankrupt"

Messina through the publication (to the membership and the public) of (false) accusations of

slander against Messina, while attempting to mislead the membership into (incorrectly) believing

that the Defendants and Participants had "found" Messina's charges to be groundless. Such use

of misleading conduct to hinder, delay and prevent Messina from communicating information to

federal law enforcement officers was intended to give Defendants and Participants time to

withhold and destroy corporate records, and to attempt to remove Messina as a member and

director of the corporation to prevent his accessing the records. These acts constitute the offense

of Obstruction of Justice in violation of 18 U.S.C. §§ 2 and 1512 (b)(3).

196.    As set forth above, subsequent to Messina's providing truthful information relating to the

commission or possible commission of federal offenses to several law enforcement officers (as

defined by 18 U.S.C. § 1515 (a)(4)(A)), and in furtherance of and for the purpose of executing

and covering-up the scheme and artifice to defraud the Plaintiffs, the Defendants, on numerous,

occasions did plan and execute several harmful actions towards another person (Messina), and

towards additional persons (those believed to be associated with Messina), with the intent to

retaliate against Messina and his associates, including attempts to interfere with their livelihoods

and professional reputations, as a result of Messina's communication of truthful information

relating to the commission and possible commission of a federal offense to several federal law



enforcement officers. Such retaliatory conduct constitutes the offense of Retaliating Against a Witness/Informant in violation of 18 U.S.C. §§ 2 and 1513 (e).

**X.**                     **FIRST CLAIM FOR RELIEF**
(Violation of 18 U.S.C. §1962(c))
(Against All Defendants)

197.  Plaintiffs reallege paragraphs 1-196 above.

198.  Plaintiffs are "persons" under 18 U.S.C. §§ 1961(3) and 1962(c).

199.  Each of the Defendants is a "person" under 18 U.S.C. §§ 1961(3) and 1962(c).

200.  The following enterprise constitutes an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), which enterprise was engaged in activities affecting interstate and foreign commerce at all times relevant to this Complaint:

    a.    ASLET Executive Board

201.  Each of the Defendants was associated with this Enterprise and has conducted or participated, directly or indirectly, in the management and operation of the affairs of the enterprise through a pattern of unlawful activity within the meaning of 18 U.S.C. §§ 1961(1)(B), 1961(5) and 1962(c), to wit:

    a.    Multiple, repeated and continuous instances of mail fraud in violation of 18
        U.S.C. §§ 2 and 1341;

        and

    b.    Multiple, repeated and continuous instances of wire fraud in violation of 18
        U.S.C. §§ 2 and 1343.

202.  Plaintiffs suffered injury to their business or property within the meaning of 18 U.S.C. § 1964(c) by reason of the violation of 18 U.S.C. § 1962(c) committed by the Defendants.

**XI.**          **SECOND CLAIM FOR RELIEF**
(Conspiracy in Violation of 18 U.S.C. § 1962(d) to Violate 18 U.S.C. § 1962(c))
(Against All Defendants)

203.  Plaintiffs reallege paragraphs 1-196 above.

204.  Plaintiff are "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

205.  Each of the Defendants is a "person" under 18 U.S.C. §§ 1961(3), 1962(c), and 1962(d).

206.  The following enterprise constitutes an "enterprise" within the meaning of 18 U.S.C. §§

1961(4), 1962(c), and 1962(d), which enterprise was engaged in activities affecting interstate and

foreign commerce at all times relevant to this Complaint:

a.      ASLET Executive Board

207.  Each of the Defendants was associated with this enterprise and conspired within the

meaning of 18 U.S.C. § 1962(d) to violate 18 U.S.C. § 1962(c), that is, the Defendants conspired

among themselves and with each of the Participants separately to manage or operate, directly or

indirectly, in the conduct of the affairs of these enterprises

in relationship to Plaintiffs through a pattern of unlawful activity within the meaning of 18

U.S.C. §§ 1961(1)(B), 1961(5), 1962(c), and 1962(d) to wit:

a.      Multiple, repeated and continuous instances of mail fraud in violation of 18
         U.S.C. §§ 2 and 1341;

b.      Multiple, repeated and continuous instances of wire fraud in violation of 18
         U.S.C. §§ 2 and 1343; and

c.      Multiple, repeated and continuous instances of obstruction of justice and
         retaliating against a witness/informant in violation of 18 U.S.C. §§ 2, 1512(b)(3),
         and 1513(e).

208.  Plaintiffs were injured in their business or property within the meaning of 18 U.S.C. §

1964(c) by reason of the commission of the unlawful activities within the meaning of

18 U.S.C. § 1961(1)(B) that were overt acts in violation of 18 U.S.C. § 1962(d)

committed by the Defendants.

**XII.**                        **THIRD CLAIM FOR RELIEF**
(Conspiracy in Violation of 18 U.S.C. § 1962(d) to Violate 18 U.S.C. § 1962(b))
(Against All Defendants)

209.  Plaintiffs reallege paragraphs 1-196 above.

210.  Plaintiffs are "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

211.  Each of the Defendants is a "person" under 18 U.S.C. §§ 1961(3), 1962(a), and (d).

212.  The following enterprise constitute an "enterprise" within the meaning of 18 U.S.C. §§

1961(4) and 1962(a), which enterprise was engaged in activities affecting interstate and foreign

commerce at all times relevant to this Complaint:

    a.      ASLET Executive Board

213.  Defendants conspired among themselves and with each of the Participants separately

within the meaning of 18 U.S.C. § 1962(d) to violate 18 U.S.C. § 1962(b), that is, that

Defendants conspired among themselves and with each of the Participants separately to acquire

or maintain, directly or indirectly, an interest in or control of the Board Enterprise through a

pattern of unlawful activity within the meaning of 18 U.S.C. §§ 1961(1)(B), 1961(5), and

1962(b), to wit:

    a.      Multiple, repeated and continuous instances of mail fraud in violation of 18

U.S.C. §§ 2 and 1341;

    b.      Multiple, repeated and continuous instances of wire fraud in violation of 18

U.S.C. §§ 2 and 1343, and

c.      Multiple, repeated and continuous instances of obstruction of justice and

retaliating against a witness/informant in violation of 18 U.S.C. §§ 2, 1512(b)(3), and

1513(e).

by acquiring or maintaining, directly or indirectly, an interest in or control of ASLET

Executive Board through a pattern of unlawful activity within the meaning of 18 U.S.C. §

1961(1)(B).

214.  The conspiracy set forth in the preceding paragraph amounted to separate conspiracies by

the Defendants with each of the Participants that also benefited from Defendants' activities.

215.   Plaintiffs were injured in their business or property within the meaning of 18 U.S.C. §

1964(c) by reason of the commission of the unlawful activities within the meaning of 18 U.S.C.

§ 1961(1)(B) that were overt acts in violation of 18 U.S.C. § 1962(d) committed by the

Defendants.

**XIII.**            **FOURTH CLAIM FOR RELIEF**
(For Breach of Fiduciary Duty and Duty of Loyalty)
(Against Hackett, Klugiewicz, Meyer, Grossi, Konrath, Casavant, Dees, Smith, and Gifford)

216.   Plaintiffs reallege paragraphs 1-196 above.

217.   Directors Hackett, Klugiewicz, Meyer, Grossi, Konrath, Casavant, Dees, Smith, and

Gifford, owed and owe ASLET fiduciary obligations.

218.   By reason of their fiduciary relationships, the above named Defendants owed and owe

ASLET the highest obligation of good faith, fair dealing, due care and loyalty.

219.   By reason of their positions as officers, directors and/or fiduciaries, and because of their

ability to control the business and corporate affairs of ASLET, the above named Defendants

owed and owed ASLET fiduciary obligations of trust, loyalty, good faith, and due care and were

and are required to use their utmost ability to control and manage ASLET in a fair, just, honest

and equitable manner.

220.    The above named Defendants were and are required to act in furtherance of the best interests of ASLET and its members so as to benefit all members equally and not in furtherance of their personal interest or benefit.

221.    Each director and officer of the corporation owes to ASLET and its members the fiduciary duty to exercise good faith and diligence in the administration of the corporation and in the use and preservation of its property and assets, and has the highest obligation of fair dealing.

222.    In addition, as officers and/or directors of a public charity, the above named Defendants had a duty to promptly disseminate accurate and truthful information with regard to the corporation's transactions.

223.    The acts complained of constitute violations of the fiduciary duties, specifically the duty of care and the duty of loyalty, owed by ASLET's officers and directors.

224.    As a result of the failures of the above named Defendants to perform their fiduciary obligations, ASLET has suffered damages for which the current and former Director Defendants are monetarily liable.

225.    As a result of the misconduct alleged herein, the current and former Director Defendants are liable to the corporation.

**XIV.**            **FIFTH CLAIM FOR RELIEF**
(For Waste of Corporate Assets)
(Against Hackett, Klugiewicz, Meyer, Grossi, Konrath, Casavant, Dees, Smith, and Gifford)

226.    Plaintiffs reallege paragraphs 1-196 above.

227.    As a result of the conduct herein, and by failing to properly consider the interests of the corporation and its members by failing to conduct proper inquiry, review and supervision, the above named Defendants have caused ASLET to waste valuable corporate assets.

228.    As a result of the waste of corporate assets, ASLET has suffered damages for which the

above named Defendants are monetarily liable to the corporation.

**XV.**                     **SIXTH CLAIM FOR RELIEF**
                        (For Aiding and Abetting)
                        (Against All Defendants)

229.    Plaintiffs reallege paragraphs 1-196 above.

230.    All of the Defendants aided and abetted the act of concealing from and not disclosing

material facts to Plaintiffs regarding their participation in the fraud, cover-up and obstruction

schemes. Such facts would have been material to Plaintiffs' decisions to remit membership dues,

to refrain from holding certain participants financially responsible for tortious and fraudulent acts

committed while in ASLET's employ, and to direct certain investigative resources to areas other

than investigation of Defendants.

231.    Defendants committed the following acts, among others, in furtherance of their aiding and

abetting activities:

   a. They, and other participants with close personal ties to them, edited, concealed and

   destroyed documents and reports detailing breaches of duty committed by corporate

   officers;

   b. They directed other members of the corporation to alter documents and reports

   detailing breaches of duty committed by corporate officers and

   c. They removed individuals with the training and experience necessary to discover their

   wrongdoing from committees, or, in fact, simply eliminated an investigative committee

   (by falsely claiming said committee had no complaints presented to it to investigate), in

   order to delay, hinder and or prevent the communication to the Plaintiffs and to law

enforcement officers of the United States, of evidence of the possible commission of

federal offenses by officers and directors of the corporation.

232.  All of the Defendants aided and abetted the fraudulent misrepresentations and omissions of

Hackett, Klugiewicz, Meyer and others, to Plaintiffs.

233.  Defendants' actions were committed willfully, maliciously, with intent to injure and

damage Plaintiffs, and with reckless disregard of Plaintiffs' legal rights and the sanctity of its

relationships.

234.  Plaintiffs suffered and continue to suffer actual damages due to these wrongful acts, which

Defendants aided and abetted.

**XVII.**             **SEVENTH CLAIM FOR RELIEF**
                      (For Common Law Fraud)
                      (Against All Defendants)

235.  Plaintiffs reallege paragraphs 1-196 above.

236.  Defendants, over a multi year period, engaged in numerous false and fraudulent acts to

defraud Plaintiffs and others in the operation of the corporation. They falsely represented the

financial condition of the corporation, falsely represented that internal controls and accounting

systems existed when they did not, and falsely led Plaintiffs to believe that the corporation

practiced effective security procedures. Defendants represented that these programs eliminated

the need for additional investigations. They also represented that the elected directors would

ensure that its officers and directors were complying with all applicable laws, and corporate

bylaws relating to the operation of the corporation.

237.  Before Defendants made these representations, they knew that the Executive Directors

were involved in substantial wrongdoing and that their internal controls were insufficient to

prevent and detect wrongdoing.

238.   Defendants made these material misrepresentations with knowledge of their falsity and with the intent to prevent the numerous law enforcement officer members of the corporation from seeking to investigate said wrongdoing, and to prevent, hinder and delay Messina from communicating evidence of the commission of offenses to the federal law enforcement officers.

239.   Plaintiffs reasonably and justifiably relied upon the Defendants' representations that neither the Executive Director nor the elected directors were involved in scheming to defraud the corporation and scheming to cover up said fraud. Had Plaintiffs known about the Defendants' participation in the scheme, a great many members, the majority being career law enforcement officers and law enforcement trainers, would have directed additional resources at investigating the Defendants, and would have refused to provide their own funds (in the form of membership dues) to financially support the fraudulent practices. The facts concealed and misrepresented by Defendants were material to Plaintiffs' decision to remit membership dues to the corporation.

240.   As a result, Plaintiffs suffered damages.

**XVIII.**            **EIGHTH CLAIM FOR RELIEF**
(Against Hackett for Breach of Contract)

241.   Plaintiffs reallege paragraphs 1-196 above.

242.   In consideration of the substantial compensation and professional enhancement and prestige, which Hackett received as Executive Director, Hackett contracted with ASLET to act in the best interest of ASLET to cause ASLET to operate lawfully and properly.

243.   By his actions and omissions set forth herein, Hackett has breached his contractual obligation and commitment to ASLET, by not acting in the best interests of ASLET.

244.   ASLET has been damaged by Hackett's breach of his contract with ASLET.

**XIX.**                         **DEMAND FOR JURY TRIAL**

245.  Plaintiffs demand a trial by jury on any and all issues triable of right.

**XX.**                          **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for relief and judgment against all defendants, jointly and severally, as follows:

1.  Actual damages incurred by the Plaintiffs owing to the wrongful acts and omissions of the Defendants herein;

2.  Treble damages for awards entered under the First through the Third Claims for Relief, in addition to the cost of investigating and prosecuting this suit and reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1964(c).

3.  Equitable relief as may be appropriate pursuant to the provisions of 18 U.S.C. § 1964 and other law, including but not limited to:

a. That this Court order that all of the defendants who are found to have violated 18 U.S.C. § 1962, disgorge all proceeds derived from any violation of 18 U.S.C. § 1962;

b.  Direction of an equitable accounting for all benefits, consideration and profit received, directly or indirectly, by any of the Defendants, including the imposition of a constructive trust, the voiding of any unlawful transfers, and the disgorgement of all ill-gotten gains and profits;

c. Imposition of reasonable restrictions on the future activities or investments of any of the Defendants, including, but not limited to, prohibiting each Defendant and all persons acting in concert with each defendant, from committing any act of racketeering, as defined in 18 U.S.C. § 1961(1), and from associating directly or indirectly, with any other person known to them to be engaged in such acts of racketeering or with any person in

71

concert or participation with them;

d.  Enjoin and restrain each Defendant and all other persons in concert with each defendant from participating in any way, directly or indirectly, in the management and/or control of any of the affairs of ASLET, or, if ASLET has been or becomes dissolved, any successor entities of ASLET, or other entity affiliated with ASLET, known to them to be engaged in acts of racketeering, and from having any dealings about any matter that relates directly or indirectly to the management and/or control of ASLET and ASLET or any successor or affiliated entities known to them to be engaged in acts of racketeering;

e.  Imposition and execution of equitable liens that may be appropriate;

4.  Punitive damages, in an amount to be determined at trial, for the common law claims (Claims Four through Eight) on the grounds that the wrongful acts and omissions of the Defendants established herein were committed willfully, maliciously, with intent to injure and damage Plaintiffs, and with reckless disregard of Plaintiffs' legal rights;

5.  Reasonable attorneys' fees and costs incurred in the prosecution of this action;

6.  All costs, expenses and other fees incurred in the prosecution of this action;

7.  Pre-judgment and post-judgment interest on actual damages incurred; and



8.   All other and further relief as this Court deems just and proper to prevent and restrain further

violations of 18 U.S.C. § 1962, and to end the ongoing wrongful conduct of defendants.

Dated: East Meadow, New York
      January 15, 2004

                      LAW OFFICES OF
                      STEVEN M. LESTER

By: _____
                      Steven M. Lester (SL 2921)
                      Attorneys for Plaintiffs
                      325 Merrick Avenue
                      East Meadow, New York 11554
                      (516) 357-0056

# 11806

Civil Action No.

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PHILIP MESSINA, GEORGE DEMTRIOU,
individually and on behalf of all others similarly
situated, and derivatively on behalf of
AMERICAN SOCIETY OF LAW ENFORCEMENT
TRAINERS, INC.,

Plaintiffs,

-against-

FRANK A. HACKETT, JR., ANDREW CASAVANT,
GREG MEYER, et al.,

Defendants.

---

**COMPLAINT**

---

LAW OFFICES OF
**STEVEN M. LESTER**
325 MERRICK AVENUE
EAST MEADOW, NEW YORK  11554
(516) 357-0056

Attorneys for Plaintiffs