FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    APR 0 8 2004    ★
4/23/04

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

PHILIP MESSINA, GEORGE DEMETRIOU    §
Individually and on behalf of all other    §
Similarly situated, and derivatively    §
On behalf of the AMERICAN SOCIETY    §
OF LAW ENFORCEMENT TRAINERS,    §
INC.    §
    §
     Plaintiffs,    §
v.    §
    §
FRANK A. HACKETT, JR., ANDREW    §
CASAVANT, GREG MEYER, et al.    §
    §
     Defendants.    §

-------------------------------------------------------X

05 - 34

Docket No.  CV-04-0170 (TCP)

2005 MAY 31  AM 11: 57

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**MEMORANDUM OF LAW IN SUPPORT OF**
**ORDER TO SHOW CAUSE FOR PRELIM INARY INJUNCTION**

LAW OFFICES OF
**STEVEN M. LESTER**
325 MERRICK AVENUE
EAST MEADOW, NEW YORK 11554
(516) 357-0056

Attorneys for Plaintiffs

## I.     Background.

This order to show cause is brought on behalf of the named Plaintiffs (Philip Messina, a highly decorated, retired New York City Police Sergeant and full time police trainer, and George Demetriou, a Detective with a large municipal police department), and witnesses, known and unknown, including Elizabeth Kennedy, wife of Messina, a full time police defensive tactics trainer (who administers Messina's police training business); Dr. Fabrice Czarnecki, a physician and nationally recognized police trainer, who has been identified as a witness in this case; and witness Ed Mandelbaum, a licensed private investigator who has assisted Messina in: (i) his efforts to obtain evidence of fraud in the operation of American Society of Law Enforcement Trainers Inc. ("ASLET"),  and (ii) the forwarding of evidence of the commission of, and possible commission of, federal offenses to federal law enforcement officers.

Messina was elected as a director of ASLET, a Delaware nonstock corporation, recognized as a 501(c)(3) charity by the Internal Revenue Service, in January of 2001.  Messina ran for the director's post on a platform of ensuring integrity, after his previous service as a director resulted in the suspension of ASLET's former Executive Director, and in Messina receiving the "Award for Moral Courage" from the National Institute for Ethics in the Spring of 2000.

Messina, Kennedy, Mandelbaum and Dr. Czarnecki play a key role in this action. Messina is a party who has filed suit on behalf of the members of the corporation, seeking to represent the membership in recovering, for the membership (as a Class), over one million dollars in membership fees paid by the members of the corporation, and seeking, on behalf of the corporation, to recover from the Defendants monies obtained through fraudulent misrepresentations, omissions, corporate waste and breaches of fiduciary duty.  Messina, as a director and former Ethics Committee Investigator, is a key witness to the continuing and related pattern of fraud that has enveloped ASLET's Executive Board for over nine years.

Dr. Czarnecki is a key witness in this action; Kennedy is a business partner of Messina; and Mandelbaum, an experienced fraud investigator, has provided hundreds of hours *pro bono* in aid of Messina's efforts to expose corporate wrongdoing and violations of state and federal law. Because of Messina's participation on the Executive Board, and the incredibly damaging evidence he can produce, Defendants Greg Meyer, Glenn Young and likely others, have conspired together and embarked on a scheme to intimidate Messina and witnesses in the case. This scheme has included intimidating and harassing threats, made by a retired army officer who is employed as a security guard and training officer at the National Geospatial-Intelligence Agency in St. Louis, Missouri, an intelligence agency of the United States Government.

These activities violate (i) 42 U.S.C. § 1985(2), (ii) 18 U.S.C. § 241, (iii) Messina's, Kennedy's and Dr. Czarnecki's constitutional rights, (iv) constitute obstruction of justice under 18 U.S.C. § 1512(b), and (v) may constitute retaliating against witness or informant in violation of 18 U.S.C. § 1513(e). Because this scheme threatens the very ability of Messina to proceed – as well as the ability of this Court to ultimately render a fair verdict because evidence has already been destroyed – Plaintiffs are seeking an immediate injunction to halt the ongoing retaliation and continuing scheme aimed at keeping the Plaintiffs and witnesses quiet.

Finally, this matter must be heard immediately because, since this scheme has already succeeded in destroying evidence and silencing witnesses, it has made it impossible for this Court to fairly consider any other motions and may leave the Court with only one remedy – entering judgment in favor of the Plaintiffs based on the Defendants' egregious and continuing misconduct.

## II.    Introduction

Messina, elected as a director of ASLET by the membership in January of 2001, has

spoken out and shed light on various improper and illegal practices, and this case emanates from

the continuing attempts to silence him, and others.

The chaos surrounding the management of ASLET spawned three cases seeking only

declaratory relief, in the Delaware Court of Chancery. Within a week after this case was filed,

Defendants Meyer and Young embarked on a scheme to suppress the true story of what went on

"behind the scenes" by harassing and intimidating witnesses, including Messina, and Dr.

Czarnecki, who possesses substantial knowledge of wrongdoing in ASLET's operations,

including the use of interstate mails and wires to further schemes to defraud, and a pattern of

obstruction of justice and tampering with witnesses that continues to permeate the operations of

ASLET, and has, unfortunately, utilized United States government resources, via an ASLET

association with the aforementioned security guard/training officer employed by a U.S.

Intelligence Agency.

The conduct of Defendants Meyer and Young in furtherance of the scheme violates not

only federal criminal and civil rights statutes such as 18 U.S.C. §1512(b) (proscribing witness

tampering), 18 U.S.C. §241 (proscribing conspiracies against rights or privileges secured by the

Constitution or laws of the United States), and 42 U.S.C. §1985(2) (prohibiting conspiracies to,

by intimidation, threat or force, prevent witnesses from testifying in federal court) but, because

potentially critical evidence has been destroyed and is gone forever, it threatens Messina's and

the other Plaintiffs' very right to an orderly adjudication of their claims.

Since the Plaintiffs in this case have a right to testimonial evidence to assist them in the

disposition of their claims, the case cannot continue until the threshold issue of the harassing

and/or intimidating witnesses has been addressed. The Court must put a halt to the ongoing

4

scheme aimed at destroying documentary and other evidence and at keeping witnesses such as Dr. Czarnecki, Kennedy, and Mandelbaum quiet, and immediately convene an evidentiary hearing to determine the nature and extent of the obstruction of justice/witness tampering that has already occurred, and the quantity of evidence already destroyed, and if those responsible should be enjoined, and possibly held accountable in subsequent proceedings.

## III. Facts

Messina is employed as a police defensive tactics trainer. He began his career with the NYPD after serving in the U.S. Marine Corps. After serving with the NYPD for 14 years and being promoted to the rank of Sergeant, he retired due to the pain resulting from numerous wounds received during his highly active career, which included numerous violent attacks, and two assassination attempts, the last of which led to his eventual disability retirement after a severe neck injury and shoulder reconstruction. Prior to and since retirement, Messina has received literally hundreds of citations, awards and letters of commendations from numerous government agencies and community groups.

Mr. Messina's performance over the course of his law enforcement career has always been exemplary. In October 1999, he was awarded the "Award for Moral Courage" from the National Institute of Ethics for his efforts at rooting out wrongdoing at the offices of ASLET. He received numerous commendations from the NYPD, and was the focus of a multi-page story, in the November 21, 1982 edition of the *New York Daily News*, that labeled him the "Messiah of St. Albans" for his efforts at making life safer for residents in a proud but crime affected community, many years before the term "community policing" came into vogue. In fact, Messina became the prototype and first training officer for New York City's Community Policing Program. During the NYPD's "Anti Crime Experiment" (A.C.E.), his felony arrest

record was "unsurpassed", averaging a felony arrest for every day on patrol.  During his law enforcement career, he was involved in over 1,000 felony arrests, hundreds being for violent felonies.  Since his retirement, he has used his experience to train thousands of officers to better survive violent attacks, and has also conducted hundreds of anti victimization programs for women, which led to his receiving the prestigious Susan B. Anthony Award.

It is only as a result of being informed of the declaration by several of the Defendants in this action that they were going after Messina's business and witnesses in this case, that Plaintiffs seek the protection of this Court.

The Defendants' campaign of harassment and intimidation has continued since Messina filed his Complaint in this case.  Several of Messina's associates have been telephoned or approached in person with wild stories of impending retaliation from "CIA, FBI and IRS lawyers", as a result of "pissing off the feds".  This behavior has manifested itself in a number of subtle, yet quite disturbing, ways.  Not only is this tactic patently illegal, the fact that it has been undertaken by at least one officer of the United States Government acting under color of federal authority makes it no less so.

Defendants Greg Meyer and Glenn Young, unless restrained, will be able to accomplish the goals intended by the events described above - either preventing Messina or any of the witnesses from testifying in this or any other case before this or any other court, or the retaliatory ruination of his 20 year old successful business for testifying truthfully in this Court.

## IV.     Argument

A.      **Plaintiffs Are Entitled to a Preliminary Injunction Protecting Them and Other Witnesses From Further Threats and Retaliation**

The Declarations of Messina, Kennedy, Nadeau, Mandelbaum, and Dr. Czarnecki constitute a *prima facie* showing that Defendants Greg Meyer and Glenn Young engaged in

obstruction of justice by not only "tampering" with witnesses – Bragg, Mandelbaum, Messina

and Dr. Czarnecki - but also by carrying out one defendant's order for the destruction of

potential electronic and documentary evidence.

The applicable statute, 18 U.S.C. § 1512 (b), provides in relevant part:

**Section 1512. Tampering with a witness, victim, or an informant**

> \* \* \*
>
> (b) Whoever knowingly uses intimidation or physical force,
> threatens, or corruptly persuades another person, or attempts to do
> so, or engages in misleading conduct toward another person, with
> intent to -
>  (1) influence, delay, or prevent the testimony of any person in
> an official proceeding;
>  (2) cause or induce any person to -
>   (A) withhold testimony, or withhold a record, document, or
> other object, from an official proceeding;
>   (B) alter, destroy, mutilate, or conceal an object with
> intent to impair the object's integrity or availability for use
> in an official proceeding;
>   (C) evade legal process summoning that person to appear as a
> witness, or to produce a record, document, or other object, in
> an official proceeding; or
>   (D) be absent from an official proceeding to which such
> person has been summoned by legal process; or
>  (3) hinder, delay, or prevent the communication to a law
> enforcement officer or judge of the United States of information
> relating to the commission or possible commission of a Federal
> offense or a violation of conditions of probation, parole, or
> release pending judicial proceedings;
> shall be fined under this title or imprisoned not more than ten
> years, or both.

The physical evidence documenting wrongdoing in the conduct of ASLET business that

has been destroyed, is now forever lost to the Court and the Plaintiffs, and it is difficult to

envision a remedy the Court could fashion which would cure the prejudice to the Plaintiffs short

of the entry of judgment. In any event, this Court should immediately convene an evidentiary

hearing to determine if a preliminary injunction should issue, to determine how much physical

evidence has been destroyed. If necessary following the hearing, this Courts can fashion such

sanctions and/or remedial relief as may be appropriate under the circumstances, including, if necessary, the entry of judgment in the Plaintiffs favor. Certainly, the Court has the inherent authority to do so. *Carroll v. Jaques*, 926 F. Supp. 1282, 1288-1289 (E.D. Tex. 1996).

In their Prayer for Relief (Section XX) of their Complaint, Plaintiffs request equitable relief as may be appropriate under 18 U.S.C. § 1964 and other law. Defendants' conduct continues to focus on Messina and witnesses associated with him after he filed the Complaint in this action. Plaintiffs are now forced to request immediate relief during the pendency of this proceeding, enjoining Defendants Meyer and Young from their attempts, through continuing threats and harassing actions, to punish Messina for the exercise of his right to freedom of speech, and to prevent him from exposing and prosecuting fraudulent activity in the operation of a public charity. The Court has the authority to do so either under Rule 65 of the Federal Rules of Civil Procedure or its inherent authority to regulate the conduct of the parties to this case.

The standard in the Second Circuit for preliminary injunctive relief is well established. Under Fed. R. Civ. P. 65(b), the movant must demonstrate:

> 1) Absent injunctive relief it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are serious questions going to the merits to make them fair grounds for litigation, and the balance of hardships tips decidedly in favor of the moving party.

*Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999)

Plaintiffs have demonstrated the presence of each of these factors. First, it is well settled that the deprivation of a constitutional right, such as is involved here with respect to the conspiracy to deprive Plaintiffs of their First and Seventh Amendment rights, constitutes irreparable harm *per se. See Elrod v. Burns,* 427 U.S. 347, 373-74 (1976); *Henry v. Greenville Airport Commission*, 284 F.2d 631, 633 (4th Cir. 1960).

Second, while Plaintiffs contend that they can demonstrate an absolute certainty of success on the merits of his complaint, it is not necessary that they do so, particularly since his case implicates matters of great public concern. Courts of equity may, and frequently do, go much further both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved. *Yakus v. United States*, 321 U.S. 414, 441 (U.S. 1944). Clearly, Plaintiffs' Complaint and the declarations accompanying this motion, at a minimum, raise substantial and serious issues requiring deliberative adjudication by this Court. *See Johnson v. U.S. Department of Agriculture,* 734 F.2d 774, 781 (11th Cir. 1984). On its face, the accompanying declarations demonstrate serious, purposeful and continuing attempts to deprive Plaintiffs of valuable rights, all with the apparent intent of obstructing judicial proceedings currently pending before this Court. They also assert facts squarely indicating the sort of conspiratorial conduct actionable under 42 U.S.C. § 1985(2) and its companion statute, 18 U.S.C. § 241.

Third, the Constitutional and racketeering injuries Plaintiffs seek to enjoin by this motion will cause no conceivable harm to any of the defendants, unless their being ordered to refrain from committing felonious acts can be viewed as "harm."

Fourth, there can be no serious doubt that the granting of a preliminary injunction is in the public interest. The matters Plaintiffs have bravely spoken out about are of national public concern, regardless of whether one views the shameless repudiation of corporate governance reforms as the most offensive of the Defendants' various offenses, or the intimidation and harassment of witnesses (and the destruction of evidence) by active and former law enforcement officers, as the most pressing public issue. In either case, the public has a right to know about all of the circumstances surrounding a public charity operated by and for their public servants, and Messina and those individuals who have come forward to present what they know, shall testify

honestly about what they know. By the same token, this Court should not allow the Defendants,

by unlawful threats and intimidation, to extract a price from them for doing so.

**III.    This Court Should Enter an Order Prohibiting Further Witness Tampering and Evidence Destruction Pursuant its Inherent Authority.**

Whatever the disposition of Plaintiffs' request for a preliminary injunction, given the

illegal conduct engaged in by some of the Defendants in this case, this Court should immediately

order the Defendants Greg Meyer and Glenn Young to cease and desist from engaging in further

threatening and retaliatory conduct towards witnesses and from engaging in any other form of

obstruction of justice. This Court has the power to do so under their inherent authority to

regulate the conduct of the parties to this case. As the court stated in *Carroll v. Jaques*:

> Federal courts have undisputed, inherent power to regulate
> practice in cases pending before them. *Chambers v.
> NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115
> L.Ed.2d 27 (1991). This power originates from "the
> control necessarily vested in courts to manage their own
> affairs so as to achieve the orderly and expeditious
> disposition of cases." 926 F. Supp. at 1288-1289.

Surely, an appropriate occasion for the Court to exercise its inherent authority would be

where, as here, parties to pending litigation have and are engaging in conduct that is tantamount

to obstruction of justice. The responsible Defendants should be ordered to cease and desist from

that conduct, regardless of whether Plaintiffs have established the requisites necessary to obtain

preliminary injunctive relief.

## V.    Conclusion

Based on the foregoing, the Court should not allow the retaliation and threats against Messina, his business, and witnesses in this case to continue unabated any longer, and that a preliminary injunction restraining such conduct, at least during the pendency of these proceedings, should be entered.

Dated:  East Meadow, New York
        April 8, 2004

                            Respectfully Submitted,

                            LAW OFFICES OF
                            STEVEN M. LESTER

                    By: _____
                            Steven M. Lester (SL 2921)
                            Attorneys for Plaintiffs
                            325 Merrick Avenue
                            East Meadow, New York 11554
                            (516) 357-0056