UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

PHILIP MESSINA, GEORGE DEMETRIOU §
Individually and on behalf of all other §
Similarly situated, and derivatively §
On behalf of the AMERICAN SOCIETY §
OF LAW ENFORCEMENT TRAINERS, §
INC. §
§
§ Docket No. CV-04-0170 (TCP)
§
§ **DECLARATION OF**
§ **ROBERT BRAGG**
§
           Plaintiffs, §
v. §
§
FRANK A. HACKETT, JR., ANDREW §
CASAVANT, GREG MEYER, et al. §
§
§
§
§
§
           Defendants. §
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 25 2004 ★
6/24/04
LONG ISLAND OFFICE

05-34

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 MAY 31 AM 11:58

I, Robert Bragg, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I serve as Program Supervisor of Fitness and Force Instructor Training for the Washington State Criminal Justice Training Commission, located in Seattle, Washington. I have held this position for 23 years.

32

2. I am a duly elected Board Member of the Board of Directors of the American Society of Law Enforcement Trainers (ASLET). I have been a member of ASLET since 1988. ASLET is a non-profit corporation, recognized as a 501-(c)-(3) charity by the Internal Revenue Service.

3. In addition to my employment with the State of Washington, I have a private consulting business which provides expert witness testimony in law enforcement use of force cases nationwide, and train law enforcement officers in physical arrest tactics.

4. During the ASLET Annual Training Convention, on or about January 23, 2004, I had a conversation with Glenn Young on the second floor landing of the Adams Mark Hotel, in St. Louis, Missouri. During that conversation he related to me: that an internal investigation had cleared him from charges of wrongdoing; that the supervisors involved were upset with the nature of the accusations; and that they were going to call their "Advanced Tactics Team" together and go after Messina and look in "every orifice" of his business. Young explained to me that the "Advanced Tactics Team" consisted of "attorneys and investigators from the CIA, IRS and FBI."

5. Subsequent to the Young meeting, I attended a previously unscheduled ASLET Board meeting. During that meeting I relayed the information I received from Young to those who were present. Attendees included Board Members and non-Board members, and ASLET's legal counsel, present via speakerphone.

6. Events took place during Executive Session at that meeting which heightened my concern about the information provided to me by Mr. Young which caused me to believe that Mr. Young's statements were more serious and valid than I had initially considered. Even though I was the one that initially brought this information, I was admonished not to discuss the details of these events as these events occurred during Executive Session.

7. Despite this admonishment from a corporate officer to the contrary, and knowing that this could adversely affect a potentially lucrative contract with Mr. Young's agency, I felt that it was in the best interest of ASLET that I inform Mr. Messina either directly or indirectly with the information regarding the proposed actions, actions which I believe to be improper.

8. Subsequent to the filing of the application for the Order to Show Cause, I received a phone call from Tim Dees, a corporate director and ASLET corporate secretary, in which Dees relayed to me his amazement at my involvement in this action and that Vice Chair Greg Meyer was concerned that I may be an "information leak" in the Defendants' plan surrounding this case. This attitude, compounded by the past advice by the Vice Chair given at the June Mid Year Meeting, solidified my willingness to testify in this matter.

I declare that the information contained in the above paragraphs is true to the best of my recollection.

_____   date: 5-14-04
Robert Bragg

## AFFIRMATION OF SERVICE BY FIRST CLASS MAIL AND FACSIMILE

    **STEVEN M. LESTER**, an attorney admitted to practice in the Courts of the State of New York, affirms under penalty of perjury that on May 19, 2004, I served a true and correct copy of the annexed **DECLARATION OF ROBERT BRAGG** upon the following attorneys at the address designated by them, by delivering a true copy of the same enclosed in a properly addressed envelope, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York and by facsimile on May 17, 2004.

### NAME AND PARTY

McCARTER ENGLISH, LLP
Attn.: Paul A. Bradley, Esq.

CATHERINE M. MIRABILE, ESQ.
Assistant United States Attorney

Dated: East Meadow, New York
       May 19, 2004

### ADDRESS

919 N. Market Street
Suite 1800, P.O. Box 111
Wilmington, Delaware 19899
Fax No. (302) 984-6399

147 Pierrepont Street
Brooklyn, New York 11201
Fax No. (718) 254-7489

_____
STEVEN M. LESTER