TAB

A

DKt·N0·23

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| PHILIP MESSINA, in his official capacity as a Director of the American Society of Law Enforcement Trainers, Inc., EDWARD MANDELBAUM, as a member of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation, | § § § § § § § § § § | |
| | § | Civil Action No.  2247-S |
| | § | **SUPPLEMENTAL AND** |
| | § | **AMENDED COMPLAINT** |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| | § | |
| AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., and GREG MEYER, DAVID GROSSI, DAVID SMITH, LISA KONRATH, in their official capacities as  Directors of American Society of Law Enforcement Trainers, Inc., | § § § § § § § | |
| Defendants. | § | |

For their Complaint against defendants, Greg Meyer, David Grossi, David Smith, and Lisa Konrath, herein, Plaintiffs Philip Messina ("Director Messina") and Edward Mandelbaum ("Mandelbaum"), appearing pro se, bring this action, in Director Messina's official capacity as a Director of American Society of Law Enforcement Trainers, Inc. ("ASLET" or the "corporation") and in Mandelbaum's capacity as a member of the corporation (collectively "Plaintiffs") and state:

I.

## INTRODUCTION

1.    This is a Complaint seeking summary declarations pursuant to Sections

111 and 225 (a) of the Delaware General Corporation Law ("DGCL"): that

(a)  the provisions for electing directors of the corporation, contained within the

Certificate of Incorporation (attached as Exhibit A), conflict with the current

Bylaws of the corporation (attached as Exhibit B), and therefore, the Bylaw

provisions are a "nullity" and the only legal term of office for a corporate

director of the corporation is a one-year term. Specifically, Article Seven of

the Certificate of Incorporation states that

> [t]he Board of Directors shall be elected by the members at the
> annual meeting of the corporation to be held on such date as the
> Bylaws may provide,...

Furthermore, Article Seven also states that

> [t]he directors of the corporation may, if the Bylaws so provide, be
> classified as to term of office.

The Bylaws of the corporation state that

> [m]embers of the Executive Board shall be elected by the
> Corporation's regular members for a period of four years...

The aforementioned Bylaw provision allowing directors to serve four-year

terms, appears, therefore, to conflict with the mandatory annual election with

an option for a "classified board" contained within the Certificate of

Incorporation.

(b)  "elections" held for directors of the corporation prior to January 8, 2003,

which did not allow members to vote in person, or by proxy, at the Annual

Meeting of Members, and which in no other way attempted to comply with Section 215 of the DGCL, were not legal elections for directors of a Delaware corporation (corporate admission of same attached as Exhibit C).

(c) pursuant to Article Seven of the Certificate of Incorporation and Section 141(c) (1) of the DGCL, committees are to be created by resolution passed by a majority of the whole board, not by the "prerogative" of the Board Chair, as claimed by Defendant Meyer and others acting in concert with him (conflicting descriptions of this committee, provided by Defendant Meyer and others acting in concert with him, are attached as Exhibits D and E.)

(d) Defendants, and others acting in concert with defendants, including the Executive Director of the corporation, Frank A. Hackett, Jr., improperly tampered with and manipulated the election for directors of the corporation, held on January 8, 2003, and a new election must be held, where all candidates seeking to solicit proxies shall, upon request made pursuant to Section 220(b) of the DGCL, be granted access to the list of corporate members.

(e) the Defendants' purported suspension of Plaintiff Messina from the corporation, at the last meeting of the Executive Board of the corporation, held on June 20, 2003, is invalid and ineffective, the Motion having "fallen to the ground" in accordance with Robert's Rules of Order, which, according to Article V, Section 5(a) of the Bylaws of the corporation, govern the procedures at the meetings of the corporation. RONR (10th ed.) p. 350, l. 13-27.

## II.

## THE PARTIES

2.    Plaintiff Philip Messina is a member, and putative director of, the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation. Mr. Messina is a resident of New York.

3.    Plaintiff Edward Mandelbaum is a member of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation. Mr. Mandelbaum is a resident of Florida, and of New York.

4.    Defendant Greg Meyer is a putative director of the corporation, and is a resident of Downey, California.

5.    Defendant David Grossi is a putative director of the corporation, and is a resident of Naples, Florida

6.    Defendant Lisa Konrath is a putative director of the corporation, and is a resident of Tucson, Arizona.

7.    Defendant David Smith is a putative director of the corporation, and a resident of Illinois.

8.    Defendant American Society of Law Enforcement Trainers, Inc., d/b/a American Society for Law Enforcement Training, is a Delaware nonstock, non profit, corporation, with a principal office of 121 N. Court Street, Frederick, MD 21701, and having a registered agent at 140 Highway One, Lewes, DE 19958, within the County of Sussex. According to its Certificate of Incorporation, ASLET "is a public charity, organized exclusively for charitable, educational, and literary purposes..."

4

9.    Party in interest Robert Bragg, is a putative director of the corporation, and a resident of Washington.

10.    Party in interest Timothy Dees is a putative director of the corporation, and a resident of Washington.

11.    Party in interest Andrew Casavant is a putative director of the corporation, and a resident of Illinois.

12.    Party in interest Mary Gifford is a putative director of the corporation, and a resident of Indiana.

### III.

### JURISDICTION

13.    This Court has jurisdiction over this matter as it arises under 8 Del. C. §§ 111 and 225 (a).

### IV.

### BACKGROUND

14.    At all times hereinafter mentioned, Plaintiff Messina was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Orlando, Florida in February 2001.

15.    At all times hereinafter mentioned, Plaintiff Edward Mandelbaum was and is a member in good standing of ASLET

16.    At all times hereinafter mentioned, Defendant Greg Meyer was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Orlando, Florida in February 2001.

17.    At all times hereinafter mentioned, Defendant David Grossi was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Orlando, Florida in February 2001.

18.    At all times hereinafter mentioned, Defendant Lisa Konrath was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

19.    At all times hereinafter mentioned, Defendant David Smith was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Orlando, Florida in February 2001.

20.    Party in interest Robert Bragg was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

21.    Party in interest Timothy Dees was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

22.    Party in interest Andrew Casavant was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

23.    Party in interest Mary Gifford was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

24.    Plaintiffs, in their preparation of, and as a result of filing, their "Section 220" Complaint currently pending before this Court (C.A. No. 2244-S), have uncovered credible evidence that, upon information and belief:

(a)    Defendant Greg Meyer worked alongside ASLET Executive Director Frank Hackett ("Hackett"), the chief operating officer of the corporation, to tamper with and manipulate the election for directors of the corporation held on January 8, 2003, by receiving from Hackett **secret and exclusive** access to a list of all members of the corporation (after access to the list was denied by the Defendants and Hackett to Plaintiff Messina and independent candidates for election to the Board). Upon information and belief, this denial of access and granting of exclusive access was done so that Defendant Meyer could solicit votes via electronic mail for candidates of the Defendants' choosing (including incumbent candidate Konrath);

(b)    Defendants actively and affirmatively concealed (from members of the corporation) Director Messina's complaint that directors elected in 2001 might be in office illegally (in violation of Article Seven of ASLET's Certificate of Incorporation) so that certain Defendants might continue to hold office and not face a required vote of the members of the corporation at the Annual Meeting that was held on January 8, 2003. Upon information and belief, this was concealed based upon (then) Board Chairman Gary Klugiewicz's direction to other directors to "ignore Phil's complaints;"

(c)    Defendants Meyer, Grossi and Konrath spearheaded, or participated in, acts designed to silence or retaliate against Messina and other directors who questioned the propriety of elections or the conduct of corporate business. These acts include, but are not limited to, planning and holding "secret board meetings" where certain directors of

7

the corporation were not invited (as noted in a telephonic conference before this Court on January 2, 2002) and a "secret vote to expel Messina" that was left off of the minutes of the directors' meeting of December 19th, 2002 by Defendant Grossi (the former corporate secretary).

(d)    Defendants have also schemed to maintain their entrenched offices in order to make certain that physical evidence previously in the possession of corporate officers continued to be concealed from the membership, or could be secretly destroyed. Said physical evidence, included several "Ethics Committee" reports that covered the allegations of members of the corporation, that the corporation and its members had been victimized by unethical patterns and practices that deprived its members of the honest right of intangible services, and a subsequent series of affidavits and petitions (signed by dozens of members of the corporation), that alleged specific wrongdoing and demanded an investigation (that was never ordered).

(e)    The Defendants' continuing improper hold on corporate office has successfully aided and abetted a long running pattern of concealing records from directors, and apparent tampering with physical evidence.    These schemes were conceived and implemented by former Board Chair Gary Klugiewicz so that he (Klugiewicz) could prevent (via suppressing and actually altering corporate documents that alleged and found wrongdoing) the production of documents to any prosecutor or outside counsel, or the use of said documents by any prosecutor or outside counsel (to investigate the allegations of "double dipping" leveled against a former director, that are alleged to have taken place in Sussex County, Delaware up to, and including



early 1999; and the "unethical" taping of phone conversations, in apparent violation of Delaware and Florida statutes, that may have been used by former directors to gain commercial advantage against a highly respected law enforcement trainer who competed for government contracts against the former Board Chair..

(f)    Defendants named (then) Board Chair Gary Klugiewicz as the "independent proxy" on the corporation's official proxy solicitation card distributed for members use in the elections for directors held on January 8, 2003, in defiance of any logical definition of the term "independent."

(g)    Defendants stated on the corporation's website and in the minutes of the board meeting of December 19th, 2002, that

> previous e-mail messages by board member Phil Messina, whereby he alleges numerous incidents of misconduct, wrongdoing, or election tampering regarding the 2003 ASLET Board of Directors elections, have been found to be totally false, and without merit…

when, in fact, outside legal counsel had advised the board in October that Messina's charges that "the corporation's election process violated Section 215 of the DGCL" were accurate. The board only sought advice from legal counsel after Messina threatened, in writing, to seek injunctive relief from this Court. The board, however, never conducted any investigation into the more serious charges made by Messina regarding the improper denial of access to the list of members. Instead, Plaintiffs believe the Defendants banded together shortly thereafter to make certain that Director Messina (and any member or candidate for election as a director) did not receive access to the list of members, in violation of Section 220 of the DGCL, and that a way be found to expel Messina from the

corporation in order to silence his questions and criticisms of past and ongoing actions of other Board members.

(h)    Defendants, on June 20, 2003 voted to suspend Plaintiff Messina from membership in the corporation[1] in retaliation for Messina's exercising his clear right under Section 220 of the DGCL to demand records and books of the corporation; for Messina's conducting an independent investigation pursuant to his fiduciary duties under Delaware law (this investigation is expected, at the time of this filing, to result in the future filing of breach of duty and fraud actions against several current and former directors of the corporation); and for Messina's prosecuting this action and Civil Action 2244-S to enforce his rights as a director under Delaware law (currently before this Court).

25.    Specifically, Plaintiff Messina has received information that Defendant Meyer had spearheaded an effort (noted by this Court in the aforementioned telephone conference before this court on January 2, 2003) to "ambush" Messina by holding a secret board meeting to which he was not invited, at which time the Defendant, and those aiding and abetting him, were to invoke a never used portion of the ASLET Bylaws to summarily suspend or expel Messina from membership, and thus, in their scheme, prevent him from performing his fiduciary duties as a Director by barring him from attending the Annual Meeting of members of the corporation held on January 8, 2003 in Ontario, California, and, as a result, barring him from voting on January 9 for officers of the corporation, thereby allowing Meyer to be elected Chairman after his participation in the improper practices allowed candidates of his choice to be elected as directors.

---

[1] See Affidavit of Philip Messina; attached hereto as Exhibit F

26.     Upon information and belief, Defendant Meyer had intended to use his contacts with the local police and/or sheriff's department, attained under the color of law in his capacity as a Los Angeles Police Officer, to have local police officers or sheriff's deputies remove Director Messina, by force if necessary, from the Annual Meeting of Members once the Defendant's "ambush" was sprung.

27.     Accordingly, Plaintiffs respectfully seek expedited summary declarations to restore Director Messina's membership rights in the corporation, and to prevent the corporation from being immobilized by controversies as to who are its proper officers and directors, and to allow the Plaintiffs to be properly informed of the status of putative directors, so that they may file appropriate actions in this Court, if necessary, to protect the corporation from the ongoing breaches of fiduciary duties being committed by Defendants and others.

## COUNT 1

28.     Plaintiffs incorporate paragraphs 1 through 27 hereof as if fully set forth herein.

29.     Plaintiffs have stated a proper basis under 8 Del. C. § 111 for a judicial interpretation of the Certificate of Incorporation of the corporation.

30.     Pursuant to 8 Del. C. § 111, Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration of the legal term of office for directors of ASLET provided for by the corporation's Certificate of Incorporation.

## COUNT 2

31.    Plaintiffs incorporate paragraphs 1 through 30 hereof as if fully set forth herein.

32.    Plaintiffs have stated a proper basis under 8 <u>Del. C.</u> § 111 for a judicial interpretation of the Certificate of Incorporation of the corporation.

33.    Pursuant to 8 <u>Del. C.</u> § 111, Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration of the legality, or lack of same, of the creation of a committee by the Board Chair without the majority vote of the whole Board, as directed in the Certificate of Incorporation and in 8 <u>Del. C.</u> § 141 (c) (1).


## COUNT 3


34.    Plaintiffs incorporate paragraphs 1 through 33 hereof as if fully set forth herein.

35.    Pursuant to 8 <u>Del. C.</u> § 225 (a) and 8 <u>Del. C.</u> § 111, Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration that: (a) Defendants and Frank A. Hackett, Jr. tampered with and manipulated the January 8, 2003 election of directors, in knowing and brazen violation of Section 220 of the DGCL, by denying access to the list of corporate members to Director Messina and candidate Robert Bragg, and attempting to "sanction" candidate James Smith for his attempts to solicit proxies on his own behalf; (b) knowingly breached the terms of election and office set forth in Article Seven of the Certificate of Incorporation; and, (c) conducted elections that violated Section 215 of the DGCL by denying members the right to vote in person or by proxy, until notified by Director Messina in October, 2002 (Exhibit C).

## COUNT 4

36.    Plaintiffs incorporate paragraphs 1 through 35 hereof as if fully set forth herein.

37.    Pursuant to 8 <u>Del. C.</u> § 225 (a), Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration that the entire Board of Directors of ASLET should have been elected at the Annual Meeting of members held on January 8, 2003, and accordingly, the nine candidates who received the most votes at said election (not merely the top five vote recipients, as the Defendants and others had set forth) constitute the current Board of Directors of ASLET.

## COUNT 5

38.    Plaintiffs incorporate paragraphs 1 through 38 hereof as if fully set forth herein.

39.    Pursuant to 8 <u>Del. C.</u> § 225 (a), Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration that Defendant Meyer's motion to expel/suspend Plaintiff Messina, introduced via Motion by Defendant Meyer at the last meeting of the previous Board of the corporation (held on January 6, 2003), is null and void, having "fallen to the ground" in accordance with Robert's Rules of Order (RONR (10th ed.) p. 350, l. 13-27), which, according to Article V, Section 5(a) of the Bylaws of the corporation, governs the procedures at the meetings of the corporation..

**WHEREFORE**, the Plaintiffs pray that the Court enter an Order that:

(1)    Declares, pursuant to 8 <u>Del. C.</u> § 111 that the Certificate of Incorporation of ASLET mandates that all directors be elected annually, until and unless

13

the corporation amends its Bylaws to classify its directors as to terms of office;

(1)    Declares, pursuant to 8 <u>Del. C.</u> § 225 (a), that the entire Board of Directors of ASLET should have been elected in the election for directors held at the Annual Meeting of Members of January 8, 2003, and, therefore, the nine candidates who received the most votes at said election properly constitute the current directors of the corporation;

(2)    Declares that Defendant Greg Meyer and Executive Director Frank Hackett, Jr., tampered with the election of directors held on January 8, 2003 by improperly refusing to grant access to the list of members of the corporation to Director Messina and secretly working together to provide access solely to Defendant Meyer, so that he could work to defeat Messina's professional associate who was also a candidate for the board; and

(3)    Declares, pursuant to 8 <u>Del. C.</u> § 111, that a majority vote of the whole Board is needed for the creation of any committee, and, accordingly, the creation of the "Executive Committee" by "prerogative" of the Board Chair is contrary to both the Certificate of Incorporation and to 8 <u>Del. C.</u> § 141 (c) (1).

(4)    Declares, pursuant to 8 <u>Del. C.</u> § 111, that the suspension of Plaintiff Messina from membership in ASLET, passed by the Board on June 20, 2003, is invalid and ineffective, being contrary to the bylaws of the corporation, contrary to public policy, and representing bad faith

retaliation for the actions of a Director taken in accordance with Sections

220 and 225 of the DGCL.


By: _____

Philip Messina
Plaintiff Pro Se
711 N. Wellwood Avenue
Lindenhurst, New York 11757
(631) 226-8308


By: _____

Edward Mandelbaum
Plaintiff Pro Se
711 N. Wellwood Avenue
Lindenhurst, New York 11757
(631) 226-8308


Dated: June 23, 2003

**VERIFICATION**

Philip Messina hereby certifies that he is the plaintiff herein, that he has read the foregoing Complaint and knows the contents thereof, and that the allegations contained in the Complaint are, of his own personal knowledge, true and correct, except as to those matters alleged upon information and belief, he believes them to be true.


_Philip Messina_

Philip Messina


SWORN TO AND SUBSCRIBED before me this ___ day of June, 2003


_Notary Public_

Notary Public

Linda Winkler
Notary Public State of N.Y.
No. 01WI6073834
Qualified in Suffolk Cty
Commission Expires April 1, 2004

16

## VERIFICATION

Edward Mandelbaum hereby certifies that he is the plaintiff herein, that he has read the foregoing Complaint and knows the contents thereof, and that the allegations contained in the Complaint are, of his own personal knowledge, true and correct, except as to those matters alleged upon information and belief, he believes them to be true.

_____
Edward Mandelbaum

SWORN TO AND SUBSCRIBED before me this 23ʳᵈ day of June, 2003.

_____
Notary Public

Linda Winkler
Notary Public State of N.Y.
No. 01WI6073834
Qualified in Suffolk Cty
Commission Expires April 1, 2004

17

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| PHILIP MESSINA, in his official capacity<br>as a Director of the American Society<br>of Law Enforcement Trainers, Inc.,<br>EDWARD MANDELBAUM,<br>as a member of the American Society<br>of Law Enforcement Trainers, Inc.,<br>a Delaware nonstock corporation, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2247-S<br><br>**STATEMENT PURSUANT TO<br>DEL. CH. CT. R. 4(dc)** |
| Plaintiffs,<br>v. | §<br>§<br>§ | |
| AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC., and<br>GREG MEYER, DAVID GROSSI,<br>DAVID SMITH, LISA KONRATH,<br>in their official capacities as Directors of<br>American Society of Law Enforcement<br>Trainers, Inc.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

COME NOW, Plaintiffs Philip J. Messina and Edward Mandelbaum, and state the following, pursuant to Del. Ch. Ct. R. 4(dc):

The name of the corporation upon whose governing body the defendants in the above styled action serve is "American Society of Law Enforcement Trainers, Inc.

The principal business address of the corporation is 121 N. Court Street, Frederick, MD 21701.

The registered agent in Delaware of said corporation is Harvard Business Services, Inc., 140 Highway One, Lewes, County of Sussex, DE 19958.

The last residence addresses known for the defendants are:

Greg Meyer
7204 Coolgrove Drive
Downey, Ca. 90240

Lisa Konrath
PO Box 12502
Tucson, Az. 85732-0502

David Grossi
3420 Donoso Court
Naples, FL 34109

David Smith
223 Wellmington Drive
Oswego, IL 60543

Applicants hereby state, pursuant to Del. Ch. Ct. R. 4(dc)(iii), that they conclude that the addresses listed above are the most recent residence addresses of each nonresident, said addresses having been recently provided by the corporation to Plaintiff Messina (a current director of the corporation) for internal director correspondence.

Dated: June 23, 2003
Lindenhurst, N.Y.

Philip J. Messina
711 N. Wellwood Avenue
Lindenhurst, N.Y. 11757
Plaintiff Pro Se
(631) 226-8308

Edward Mandelbaum
711 N. Wellwood Avenue
Lindenhurst, N.Y. 11757
Plaintiff Pro Se
(631) 226-8308

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and on<br>behalf of all others similarly situated, and<br>derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Plaintiffs,<br><br>                v.<br><br>FRANK A. HACKETT, JR.,<br>ANDREW CASAVANT,<br>GREG MEYER,<br>GARY T. KLUGIEWICZ,<br>TIMOTHY DEES,<br>LISA KONRATH,<br>MARY GIFFORD,<br>DAVID SMITH,<br>DAVID GROSSI,<br>JULIE LINKINS,<br>WILLIAM WESTFALL,<br>DANIEL WATSON,<br>GLENN YOUNG,<br>JOHN DOES 1-10,<br>    Defendants,<br><br>And AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Nominal Defendant. | )<br>)<br>)  Civil Action No:  CV-040170 (TCP)<br>)<br>)<br>)<br>)  AFFIDAVIT OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    I, Paul A. Bradley, declare under penalty of perjury that I have served a copy of the

attached Memorandum in Support of Motion to Dismiss upon Plaintiffs' counsel, by Federal

Express to Steven M. Lester, Esq., whose address is:  325 Merrick Avenue, East Meadow, NY

11554.

Dated: <u>February 20, 2004</u>

McCARTER & ENGLISH, LLP

BY:  _____
PAUL A. BRADLEY
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Defendants Frank A. Hackett
Jr., Andrew Casavant, Greg Meyer, Gary T.
Klugiewicz, Timothy Dees, Lisa Konrath,
Mary Gifford, David Smith, David Grossi,
Julie Linkins, William Westfall, Daniel
Watson, and American Society Of Law
Enforcement Trainers (nominal defendant)