**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and on<br>behalf of all others similarly situated, and<br>derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Plaintiffs,<br><br>v.<br><br>FRANK A. HACKETT, JR.,<br>ANDREW CASAVANT,<br>GREG MEYER,<br>GARY T. KLUGIEWICZ,<br>TIMOTHY DEES,<br>LISA KONRATH,<br>MARY GIFFORD,<br>DAVID SMITH,<br>DAVID GROSSI,<br>JULIE LINKINS,<br>WILLIAM WESTFALL,<br>DANIEL WATSON,<br>GLENN YOUNG,<br>JOHN DOES 1-10,<br>    Defendants,<br><br>And AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Nominal Defendant.<br><br>STATE OF NEW YORK<br><br>COUNTY OF NASSAU | )<br>)<br>)   Civil Action No: CV-040170 (TCP)<br>)<br>)<br>)<br>)<br>)<br>)   **REPLY MEMORANDUM OF LAW**<br>)   **IN SUPPORT OF**<br>)   **MOTION TO DISMISS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   ss.:<br>) |

5 - 3 4

2005 MAY 31  PM 12: 05

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Defendants, Frank A. Hackett Jr. Andrew Casavant, Greg Meyer, Gary T. Klugiewicz,

Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie Linkins, William

Westfall, Daniel Watson, and American Society Of Law Enforcement Trainers ("ASLET")

WL1: 91186.01

(nominal defendant) (collectively "Moving Defendants"), being duly sworn, depose and say, by and through their counsel, Paul A. Bradley:

Moving Defendants are Defendants in the above-entitled action, and respectfully move this Court to issue an order dismissing the Plaintiffs' Complaint for the reasons detailed below.

## TABLE OF CONTENTS

INTRODUCTION…………………………..………………..……………..………..1

I.  PLAINTIFFS HAVE NOT DEMONSTRATED THAT THE COURT HAS PERSONAL JURISDICTION OVER ANY DEFENDANT, AND THEREFORE THE COMPLAINT MUST BE DISMISSED……….….…………………..…2

    a.  The Court lacks general jurisdiction over any Defendant……….…….2

    b.  The Court lacks specific jurisdiction over the Moving Defendants and all other Defendants…………………………………….…….......…4

    c.  The RICO statutes do not authorize nationwide personal jurisdiction over the Moving Defendants or any Defendant……………………………..5

    d.  The co–conspirator theory does not apply to confer jurisdiction over the Moving Defendants or any Defendant…………………………………7

II. MESSINA'S EXPENSES IN INVESTIGATING ALLEGED RICO VIOLATIONS DO NOT CONSTITUTE RICO INJURY….…………………………………………………………….………8

III. BECAUSE PLAINTIFFS HAVE ERRONEOUSLY EQUATED THE BOARD ENTERPRISE WITH THE ACTUAL DEFENDANTS , THEIR COMPLAINT SHOULD BE DISMISSED……………………………………………………..10

IV. PLAINTIFFS' ALLEGATIONS IN THE COMPLAINT ILLUSTRATE THAT PLAINTIFFS' CLAIMS ARE TIME-BARRED…………………………….12

V.  PLAINTIFFS HAVE NOT SHOWN THAT THE COMPLAINT ALLEGES RELIANCE OR CAUSATION OF INJURY…………………………………..14

VI. PLAINTIFFS' REMAINING ASSERTIONS ARE MERITLESS…………..15

    a.  Defendants were improperly served with process……………………15

    b.  Plaintiffs have no individual standing to bring a RICO action…....…..16

    c.  Plaintiffs have no derivative standing to bring a claim on ASLET's behalf……………………………………………………………….....16

    d.  Plaintiffs' case, if any, belongs in Delaware under the doctrine of *forum non-conveniens*……………………………………………………...……16

CONCLUSION……………………………………………..………….....……....17

WL1: 91224.01

## INTRODUCTION

In their unverified complaint ("Complaint"), Plaintiffs Philip Messina ("Messina") and George Demetriou ("Demetriou") present Delaware corporate causes of action – alleged fiduciary breaches and fiscal improprieties supposedly supported by board conference calls, corporate mailings and correspondence – in the guise of federal RICO violations. Moving Defendants stipulated to a briefing schedule for a motion to dismiss ("Motion") on February 12, 2004, pursuant to this honorable Court's rules. Defendants served their opening brief on the Motion, on or around February 20, 2004. After counsel for Moving Defendants granted Plaintiffs two extensions on deadlines to submit their Answering Brief, Plaintiffs submitted their Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Answering Brief") on or around April 5, 2004.

Soon thereafter, on or around April 8, 2004, Plaintiffs served their Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction ("Plaintiffs' Injunction Brief"). Plaintiffs' Injunction Brief offers hearsay upon hearsay in support of a bizarre and unfounded claim that Board member(s) planned retaliation on, or threatened, Plaintiff Messina and other witnesses. *See generally* Declarations attached to Plaintiffs' Injunction Brief ("Declarations"). Defendant Meyer will oppose the injunction because (1) the Court lacks personal jurisdiction over him; (2) the delay in requesting this injunction demonstrates that there is no imminent threat of harm; (3) Plaintiffs have not shown a likelihood they will prevail on the merits; (4) Plaintiffs' allegations are based entirely on unpersuasive hearsay; and (5) a preliminary injunction may not issue for the sole benefit of one of the Plaintiffs.

On April 30, 2004, Chancellor Chandler of the Delaware Chancery Court dismissed all three Delaware cases that Plaintiff Messina and his associates had brought against ASLET and/or

its directors. Attached hereto as Exhibit A are Chancellor Chandler's opinions in those cases.

Two of the cases were dismissed without prejudice. In the third case, *Messina, et al. v.*

*Klugiewicz, et al.*, Civil Action No. 2244-S, Plaintiff Messina and his associates had sued

ASLET Board members for their alleged refusal to produce corporate records. Plaintiffs in

*Klugiewicz* had also requested costs for that litigation. The court dismissed plaintiffs' case on

summary judgment. With regard to the requested costs, the court held:

> To the extent that plaintiffs' motion for partial summary judgment
> could be interpreted as a request to require the costs of this
> litigation to be shifted to defendants due to their bad faith refusal to
> make ASLET's books and records available for inspection, *I find*
> *that such an award of costs is not warranted in the circumstances.*
> Plaintiffs have not demonstrated that defendants acted in subjective
> bad faith…. A party's resistance to overly broad requests for
> open-ended inspections of records is not indicative of bad faith.
> *See Shapiro v. Healthcare Acquisition, Inc.*, Del. Ch., C.A. No.
> 030-N, Lamb, V.C. (letter op. Apr. 12, 2004).

*Messina, et al. v. Klugiewicz, et al.*, C.A. No. 2244-S, slip op. at 2 n.4 (Del. Ch. Apr. 30, 2004)

(emphasis added). Thus, the issue regarding the award of costs for Messina's investigation into

ASLET has been decided against Messina.

Plaintiffs approach this issue erroneously in their Answering Brief. In fact, Plaintiffs'

Answering Brief contains many critical errors of law coupled with revisions and amendments of

facts. As shown below, Plaintiffs' misplaced arguments doom their Complaint to dismissal.

I.    PLAINTIFFS HAVE NOT DEMONSTRATED THAT THE COURT HAS PERSONAL
      JURISDICTION OVER ANY DEFENDANT, AND THEREFORE THE COMPLAINT
      MUST BE DISMISSED.

      a.    The Court lacks general jurisdiction over any Defendant.

      Under New York law, a plaintiff must demonstrate that the court has general jurisdiction

over the defendant, *see* N.Y. C.P.L.R. § 301, or specific jurisdiction over the defendant with

respect to each claim, *see* N.Y. C.P.L.R. § 302. Section 301 codifies the common law principle

that a non-domiciliary is deemed to be "present" in the state if the non-domiciliary is "doing

business" in the state when the action is commenced. *See Hinsch v. Outrigger Hotels Hawaii*,

153 F.Supp.2d 209, 212 (E.D.N.Y.2001); *Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426, 260

N.Y.S.2d 625, 208 N.E.2d 439, 440 (1965); *Lancaster v. Colonial Motor Freight Line, Inc.*, 177

A.D.2d 152, 581 N.Y.S.2d 283, 286 (1st Dep't 1992). A plaintiff must allege that the defendant

was engaging in business "not occasionally or casually, but with a fair measure of permanence

and continuity." *Lancaster*, 177 A.D.2d at 156. The traditional indicia of general jurisdiction are

"a home base, an agent for the service of process, a local office, or the pursuance of a business

from a tangible locale within the state." Mary Twitchell, *The Myth of General Jurisdiction*, 101

Harv. L. Rev. 610, 635 n.36 (1988). None of the Defendants reside, work, or do regular business

in New York. *See* Complaint at ¶¶ 25 – 38. There is, therefore, no basis for the exercise of

personal jurisdiction over them.

ASLET's presence as a Defendant does not alter this conclusion. Nominal Defendant

ASLET is not an Actual Defendant. *See* Complaint at ¶ 39 & Caption; *see also* Plaintiffs'

Answering Brief, Caption (omitting any mention of ASLET as a Defendant). Plaintiffs Messina

and Demetriou expressly state that "ASLET is named as a nominal defendant solely in a

derivative capacity." Complaint at ¶ 39. Plaintiffs list ASLET separately as a "Nominal

Defendant" in the caption of their Complaint. *See* Complaint at caption. ASLET is not listed

with the other individual Defendants. *See id.* In fact, ASLET is not listed as a Defendant at all

on the caption of Plaintiffs' Answering Brief. *See* Plaintiffs' Answering Brief, Caption.

Plaintiffs allege that they are bringing the present suit "derivatively in the right of and for the

benefit of ASLET." Complaint at ¶ 39. Thus, as "beneficiary" corporation, ASLET should not

3

be considered adverse to the Plaintiffs.  For this reason, even if ASLET, as Nominal Defendant, had some contacts with New York, such contacts would not confer, or even impact, personal jurisdiction over the individual Defendants:

> Although the "beneficiary" corporation is named as a defendant, it is a nominal defendant only, and it is actually the real party in interest on the plaintiff's side.
>
> ***
>
> In the context of the due process requirements of the Constitution in asserting personal jurisdiction, *it is clear that the "beneficiary" corporation ought not be considered adverse to the plaintiff.* Unlike the truly adverse claims stated against "real" defendants, See, e. g., Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the naming of the derivative corporation as a party defendant raises no potentially harmful consequences for the corporation, because plaintiff is acting solely for the corporation's benefit.

*Messinger v. United Canso Oil and Gas Ltd.*, 80 F.R.D. 730, 733-34 (D. Conn. 1978) (emphasis added).

Finally, Plaintiffs have alleged no indicia of general jurisdiction over ASLET.  ASLET has no "home base" in New York.  It has not designated a New York agent for service of process because it does not conduct regular business in New York.  There is no local ASLET office of any sort in New York and no locale from which any ASLET agent actively pursues business.  Thus, there are no substantial, continuous, and systematic contacts between any Defendant, actual or nominal, and New York.

For all of the foregoing reasons, there is no general jurisdiction over any Defendant in this case.

      b.     <u>The Court lacks specific jurisdiction over the Moving Defendants and all other Defendants.</u>.

N.Y. C.P.L.R. §302 governs specific jurisdiction over defendants. *See* N.Y. C.P.L.R. §302. Plaintiffs do not allege that any individual Defendant conducts business within New York State, or contracts anywhere to supply goods or services in the state of New York. Plaintiffs appear to allege only that Defendants committed tortious acts outside the state causing injury to Plaintiff Messina's person or property within the state. *See* Complaint at ¶ 12. However, Plaintiffs have not supplemented this allegation, as required under N.Y. C.P.L.R. §302, with a showing that the individual Defendants regularly do or solicit business in New York, engage in another persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in New York State. *See* N.Y. C.P.L.R. §302. Because Plaintiffs fail to aver that the Moving Defendants or any Defendant had either sufficient contacts or continuous contacts with New York, they have not made even a *prima facie* showing of personal jurisdiction over any Defendant.

    c.    <u>The RICO statutes do not authorize nationwide personal jurisdiction over the Moving Defendants or any Defendant.</u>

Plaintiffs' Complaint does purport to invoke the expanded service of process provisions of 18 U.S.C. § 1965(b). *See* Complaint at ¶ 12. Section 1965(b) provides:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b). Even if properly invoked, however, 18 U.S.C. § 1965(b) does not confer personal jurisdiction over Moving Defendants.

In *PT United Can Co., Ltd. v. Crown, Cork & Seal Co., Inc.*, 138 F.3d 65 (2d Cir. 1998), the Second Circuit Court held:

> Reading all of the subsections of § 1965 together, the court finds that [18 U.S.C.] § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. First, § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, a civil RICO case can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.
>
> Second, § 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that the "ends of justice" so require.

*PT United Can Co., Ltd.,* 138 F.3d 65, 71-72 (2d Cir. 1998). "'[T]he ends of justice' ... refer[s] to a case in which there is no district with personal jurisdiction over all defendants." *Id.* at 72 n.5.

As demonstrated above, there is no individual defendant in this case, over which the Court has personal jurisdiction. None of the individual Defendants have the required minimum contacts with New York, and ASLET is not an actual defendant for purposes of personal jurisdiction. Because there is no jurisdiction over at least one individual defendant in this case, as the Second Circuit requires, the RICO statute does not permit jurisdiction over any Defendant in this case.

Furthermore, "the ends of justice" do not require jurisdiction over the other individual Defendants in New York, because there is an alternative, more appropriate jurisdiction in which Plaintiffs' claims could be pursued – the District of Delaware. ASLET is a Delaware corporation. All of the parties are former or current members or directors of a Delaware corporation. Plaintiffs' claims relate to governance of a Delaware corporation. If the Plaintiffs actually have a viable case, Delaware provides the most suitable forum.

6

For the foregoing reasons, jurisdiction in New York is simply not appropriate, and despite Plaintiffs' claims to the contrary, the ends of justice do not require this Court's jurisdiction over the Defendants.

        d.      The co-conspirator theory does not apply to confer jurisdiction over the Moving Defendants or any Defendant.

Under New York law, *the acts of a co-conspirator within the state* may be attributed to an out-of-state defendant for the purposes of obtaining jurisdiction. *See Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 581 (E.D.N.Y. 1998). To establish jurisdiction on a conspiracy theory, a plaintiff must: (1) make a *prima facie* factual showing of a conspiracy; (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in this jurisdiction. *See Allstate Life Ins. Co. v. Linter Group Ltd.*, 782 F. Supp. 215, 221 (S.D.N.Y. 1992). Plaintiffs' Complaint does not satisfy these elements.

Plaintiffs have expressly admitted that all Defendants are non-residents of New York. They also have failed to identify a co-conspirator within New York state, let alone the acts of such a co-conspirator. Plaintiffs have not alleged that a New York co-conspirator's act was either tortious, pursuant to the supposed conspiracy, or committed within New York, as required to establish jurisdiction in New York under a conspiracy theory. In fact, Plaintiffs have not named even one New York Defendant. Plaintiffs' conclusory allegations fail to identify with any specificity the alleged acts of the conspiracy as to any particular Defendant. Finally, as shown above, ASLET's presence in New York cannot satisfy the "co-conspirator" requirement, since ASLET is only a "Nominal," non-conspiring Defendant.

Thus, despite Plaintiffs' convoluted conspiracy theories, the absence of even one New York Defendant is fatal to Plaintiffs' Complaint, as Plaintiffs have not shown that this Court has

personal jurisdiction over any of the Defendants. In sum, because Plaintiffs fail to aver that any

Defendant had either sufficient contacts or continuous contacts with New York, Plaintiffs have

not shown that this Court has personal jurisdiction over any Defendant. Accordingly, this case

should be dismissed.


II.    MESSINA'S EXPENSES IN INVESTIGATING ALLEGED RICO VIOLATIONS DO
       NOT CONSTITUTE RICO INJURY.

       The Plaintiffs cite to *Philatelic Foundation v. Kaplan,* No. 85 Civ. 8571 (RWS), 1986

WL 5629 (S.D.N.Y. May 9, 1986), *dismissing all RICO claims,* 647 F. Supp. 1344, 1345

(S.D.N.Y. 1986), in a futile attempt to paint Messina's costs for investigating RICO violations as

a RICO injury. *See* Plaintiffs' Brief on the Motion at 20. However, *Philatelic Foundation*

actually stands for the opposite proposition:

> [The plaintiff] has adequately plead the loss of income which it
> alleges to have been the *result of the diversion of expert committee
> efforts to re-examining and correcting the records and certificates
> which it suspected were tainted by the fraudulent scheme.* At the
> same time, it is necessary to distinguish between injuries and
> expenses incurred due to the detrimental effects of the fraudulent
> activities and expenses incurred *simply to explore the existence of
> and the participants in a RICO violation.* Thus, while the
> expenses of an investigation to prevent business injury or to rectify
> it is recoverable damage, the expenses of an investigation to
> determine whether a RICO violation has occurred would not be an
> injury caused by the racketeering activity. Thus, while it would be
> premature to dismiss these allegations at this stage of the
> proceedings [the Court dismissed them later, when it dismissed all
> RICO claims in *Philatelic Foundation v. Kaplan*, 647 F. Supp.
> 1344, 1348], it is *unlikely that the investigatory expenses paid to
> the [plaintiff's] attorney and private investigatory firm are
> recoverable damages under RICO.*

*Philatelic Foundation* at *11 (emphasis added). Plainly, the court considered the investigatory

expenses mentioned in *Philatelic Foundation* as neither injuries nor recoverable damage.

The distinction between investigatory expenses that are recoverable and those which are not, lies in the purpose of the investigation. *See id.* If the investigation was to determine whether a RICO violation has occurred, the costs would not be an injury caused by the racketeering activity. *See id.* Plaintiffs' Complaint makes clear what purpose Messina's investigation served. Plaintiffs contend that through the investigations a "virtual mountain of evidence was collected." Complaint, ¶ 81. Plaintiffs further allege that Messina incurred expenses in bringing his Delaware lawsuit to compel production of concealed documents. *See* Plaintiffs' Answering Brief, 3. Allegedly, "these records serve as clear and convincing evidence of fraudulent acts, utilizing the mails and interstate wires." *Id.* Thus, as a result of Messina's investigations, he now supposedly possesses information regarding RICO violations. Purportedly, "Messina has spent thousands of dollars *investigating and subsequently discovering*" Defendants' supposedly fraudulent activities. *See* Plaintiffs' Brief on the Motion at 17 (emphasis added).

Significantly, Messina has not alleged that he or any of his associates provided any "corrected" versions of the financial ledgers that he claims are tainted or fraudulent. Hence, the purpose of Messina's investigatory activities cannot be called corrective, or even beneficial to ASLET. Rather, his persistent demands for documents have been a "fishing expedition" for RICO evidence. Thus, even under *Philatelic Foundation*, which Plaintiffs have cited, Messina's expenses in this endeavor constitute neither RICO injury nor damage.

Messina's legal expenses have aided only his self-serving investigatory efforts, and not ASLET, and they were not "caused" by any alleged RICO violation. Plaintiffs' citing to cases involving attorney's fees thus are inapposite.[1] *See* Plaintiffs' Answering Brief, 19. Finally, the

---

[1] Because Messina's expenses do not constitute RICO injury, they are also not relevant to the question of accrual, despite Plaintiffs' assertions to the contrary. *See infra* Section IV.

Delaware Chancery Court found that an award of costs for Messina's investigation was not warranted. *See Klugiewicz* at 2 n.4. For these reasons, Messina's expenses cannot and do not constitute RICO injury.

III.    BECAUSE PLAINTIFFS HAVE ERRONEOUSLY EQUATED THE BOARD ENTERPRISE WITH THE ACTUAL DEFENDANTS, THEIR COMPLAINT SHOULD BE DISMISSED.

In RICO terms, the "Enterprise" is the victimized passive entity. *See Bennett v. United States Trust Co. of New York*, 770 F.2d 308, 315 (2d Cir. 1985). If plaintiffs do not allege a clear distinction between the defendant and the Enterprise, their complaint should be dismissed. *See id.* (citing to *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384, 400 (7th Cir. 1984) ("section 1962(c) requires separate entities as the liable person and the enterprise"), *aff'd on other grounds*, 473 U.S. 479 (1985) (*per curiam*); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) ("If Union Bank is the enterprise, it cannot also be the RICO defendant."); *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190 (4th Cir. 1982) ("'enterprise' was meant to refer to a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit"), *cert. denied*, 459 U.S. 1105 (1983); *Kaufman v. Chase Manhattan Bank, N.A.*, 581 F. Supp. 350, 357-58 (S.D.N.Y. 1984) (complaint must distinguish the enterprise from the person)).

The Plaintiffs refer to the RICO enterprise as the "Board Enterprise" in their Complaint. *See* Complaint, ¶ 129 ("At all relevant times, the Board Enterprise was an ongoing association-in-fact enterprise of individuals with a common purpose, a continuity of structure and personnel, and a consensual decision-making structure that was used to effect its scheme…"). Plaintiffs also allege that each Defendant has tried to conceal the existence of the Enterprise. *See id.* at ¶

124. Thus, Plaintiffs are not using the terms "Enterprise" or the "Board Enterprise" to refer to a benign or passive organization.

Paragraph 128 of the Complaint definitively lists the members of the "Board Enterprise":

> The membership in the Board Enterprise is as follows:
> a.     Frank A. Hackett, Jr.
> b.     Andrew Casavant
> c.     Greg Meyer
> d.     Gary T. Klugiewicz
> e.     Tim Dees
> f.     Lisa Konrath
> g.     David Smith
> h.     David Grossi
> i.     Mary Gifford
> j.     William Westfall
> k.     Dan Watson
> l.     Julie Linkins
> m.     Glen Young; and
> n.     Those other officers and executives, managerial and supervisory personnel, and legal counsel of ASLET, who are presently unknown to Plaintiffs, and who participated as officers, directors, lawyers for the Defendants and Participants and assisted in making and implementing decisions relating to the scheme. The identities of those individuals will be revealed in discovery.

Complaint, ¶ 128.

This list is identical to the list of Defendants with the exception of the merely nominal Defendant, ASLET. *See* Complaint, Caption. Remarkably, this paragraph says nothing about additional innocent members of the Enterprise. *See* Complaint, ¶ 128.

Nevertheless, Paragraph 135 of the Complaint indicates that some members listed in paragraph 128 are, in fact, innocent. *See* Plaintiffs' Answering Brief at ¶ 135. It states that the "members of the Board Enterprise [listed definitively in Paragraph 128] included innocent parties unaware of the Defendants' and Participants' scheme or the use of the Enterprise in its execution." *See id.* Yet, Plaintiffs have failed to indicate which of the members listed in Paragraph 128 are, in fact, innocent, and Plaintiffs have indiscriminately sued all of them. *See*

11

Complaint, Caption. Plaintiffs do not make the distinction that the *Bennett* court, and the courts

cited in that opinion, consider critical. For this reason, the Complaint must be dismissed.

Plaintiffs attempt to support their error by citing to *Pavlov v. Bank of New York*, 25 Fed.

Appx. 70 (2d Cir. 2002). The *Pavlov* opinion, however, is a:

> SUMMARY ORDER [WHICH] WILL NOT BE PUBLISHED IN
> THE FEDERAL REPORTER AND **MAY NOT BE CITED AS**
> **PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER**
> **COURT**, BUT MAY BE CALLED TO THE ATTENTION OF
> THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE
> OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE
> FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES
> JUDICATA.

*Pavlov* at \*70 (emphasis added). Despite this conspicuous directive, Plaintiffs claim that *Pavlov*

overrules *Bennett,* (*see* Plaintiffs' Answering Brief at 23). *Bennett*, which endorses the majority

view that plaintiffs must allege a clear separation between the enterprise and the liable person(s)

clearly supplies the governing precedent on this issue. Plaintiffs' argument here, as elsewhere, is

meritless.

Because Plaintiffs have defined the liable persons (all of the individual Defendants) as

the RICO Enterprise (the Board Enterprise), the Complaint must be dismissed.


IV.    PLAINTIFFS' ALLEGATIONS IN THE COMPLAINT ILLUSTRATE THAT
       PLAINTIFFS' CLAIMS ARE TIME-BARRED.

Plaintiffs rely on *Old Republic Ins. Comp. v. Hansa World Cargo Service, Inc.*, 170

F.R.D. 361 (S.D.N.Y. 1997), as support for the claim that their claims are timely. In *Old*

*Republic*, the court held that "a RICO injury need not be precisely calculable in order to be

sufficiently definite and nonspeculative for a civil RICO cause of action to accrue." *See id.* at

378. The *Old Republic* court also quoted *131 Main St. Assoc. v. Manko*, 897 F. Supp. 1507

(S.D.N.Y. 1995): "*Bankers Trust* [a case Plaintiffs cite] does not say that a potential plaintiff must be able to calculate his loss down to the penny before his RICO injury can be said to exist; all that is required is that the injury not be 'speculative.'" *See Old Republic* at 379 (citing to *131 Main* at 1517). In determining when a plaintiff should have discovered an injury, the test is an objective one: when a reasonable person should have discovered the RICO injury. *See id.* (citing to *In re Integrated Resources Real Estate Ltd. Partnerships Sec. Litig.*, 850 F. Supp. 1105, 1117-18 (S.D.N.Y. 1993)).

Plaintiffs allege that they collected a "virtual mountain of evidence" of wrongdoing before the year 2000 (*see* Complaint at ¶ 81). Therefore, they are barred, under the reasonable person standard, from claiming that injury to themselves or to ASLET is speculative before 2000. In fact, paragraphs 65 to 80 of Plaintiffs' Complaint supposedly chronicle the series of wrongdoing "[b]eginning in or about 1994." *See* Complaint at ¶ 56. For instance, Plaintiffs claim that "Messina and other members ... continued to collect evidence of continued 'double dipping' practices" on or about January 1998. *See id.* at ¶ 80. Under the reasonable person standard, Plaintiffs should have discovered injuries well before 2000 if they had evidence of *continued* double dipping practices in 1998. Because Plaintiffs claim to have knowledge of a pattern of alleged wrongdoing and injury that supposedly began long before 2000 and extended to the present, Plaintiffs are time-barred from bringing a RICO action now.

Plaintiffs belatedly contend that the bulk of their 73-page Complaint is mere surplusage, and that their claims do not rest on any pre-2000 acts of Defendants. *See* Plaintiffs' Answering Brief at 3-4. This eleventh hour attempt to recast their claims cannot save their RICO case. First, the Complaint makes clear that the three alleged acts Plaintiffs now contend caused their RICO injury are, in Plaintiffs' view, simply part and parcel of Defendants' claimed scheme to

13

take control and/or mismanage ASLET, a scheme which they say has been ongoing since at least 1994. Second, Plaintiffs' claimed "injuries," such as Messina's investigative costs, do not constitute a cognizable RICO injury. Third, the claimed injuries, such as the allegedly "fraudulent nature of the 'security' check performed by Defendants" (Plaintiffs' Answering Brief at 4), are so vague as to completely fail to meet the RICO standard for an actionable injury.

Plaintiffs' citation to *Butala v. Agashiwala*, No. 95 CIV. 936 JGK, 1997 WL 79845 (S.D.N.Y. Feb. 24, 1997) also is not helpful. In that case, the court did not make a ruling on the proper tolling of a statute of limitations; rather, the *Butala* court held that "because there are issues of fact as to whether the statute of limitations should be tolled..., dismissal of [the *Butala*] action is inappropriate." *See id.* at *8. Plaintiffs' own Complaint makes clear that they believed the alleged "mountain of evidence" constituted injury long before 2000. Thus, there is no issue as to whether the statute of limitations should be tolled, as in the *Butala* case. On the facts alleged in the Complaint, the statute of limitations should not be tolled.

The Plaintiffs' claims thus are time-barred, and the Complaint should be dismissed.

V.    PLAINTIFFS HAVE NOT SHOWN THAT THE COMPLAINT ALLEGES RELIANCE OR CAUSATION OF INJURY.

In the Second Circuit, a RICO plaintiff who alleges mail fraud must plead both reliance and injury caused by such reliance. *See Burke v. Dowling*, 944 F. Supp. 1036, 1053 (E.D.N.Y. 1995). Plaintiffs have directed the Court's attention to Paragraph 182 of their Complaint to illustrate an allegation of reliance or causation. That paragraph alleges:

> ASLET members Jennifer Haas, Elizabeth Kennedy, Barry Culpepper, Nick Brando, Rob Coffman, Fabio Mattiasich, and others, received solicitations for membership and/or membership renewal sent by Defendants and other Participants by U.S. Mail.

> These members then used the U.S. Mail and interstate telephone
> wires to make payments for the memberships purchased from
> Defendants and other Participants. Plaintiffs, after a review of
> recent ASLET financial documents, believe that over $200,000 per
> year has been sent via U.S. Mail and interstate telephone wires,
> with over 4000 such mailings or wirings occurring each year at an
> average remittance of approximately forty-five dollars ($45).

Complaint, ¶ 182.

However, there is nothing in Paragraph 182 to indicate an allegation of reliance or

causation of injury. In fact, the words "rely," "reliance," "injury," or any forms of those words,

simply do not appear in that paragraph and cannot reasonably be inferred. For instance,

Plaintiffs' allegation that over $200,000 per year has been sent via U.S. Mail and interstate

telephone wires cannot constitute an allegation that this entire amount is "injury." Likewise,

there is no allegation that the named ASLET members relied on supposedly false representations

in membership solicitations – not even in Paragraphs 180 and 181, which explain the purported

deception in the mailings. *See id.* at ¶¶ 180-81.

Because Plaintiffs fail to properly allege reliance or causation of RICO injury, Plaintiffs

have failed to state a claim upon which relief under RICO may be granted. Plaintiffs' Complaint

is fatally deficient and must be dismissed.


VI.    PLAINTIFFS' REMAINING ASSERTIONS ARE MERITLESS.

        a.    Defendants were improperly served with process.

Title 18, section 1965(b) of the United States Code provides:

> In any action under section 1964 of this chapter in any district
> court of the United States in which it is shown that the ends of
> justice require that other parties residing in any other district be
> brought before the court, the court may cause such parties to be
> summoned, and process for that purpose may be served in any
> judicial district of the United States *by the marshal thereof.*

18 U.S.C. § 1965(b) (emphasis added). Plaintiffs have still not shown that a marshal has served

Defendants with process. For this reason, service was insufficient under section 1965(b).

 

        b.      Plaintiffs have no individual standing to bring a RICO action.

The purpose of civil RICO liability does not extend to deterring any illegal act, such as

retaliatory firings, *for which there are state and common law remedies. See Donohue v.*

*Teamsters Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave*

*Trust Funds, et al.*, 12 F. Supp. 2d 273, 277 (E.D.N.Y. 1998) (citing to *In re American Express*

*Co. Shareholder Litig.,* 39 F.3d 395, 399 (2d Cir. 1994)) (emphasis added). Because Delaware

state and common law remedies exist for Plaintiffs' claims, RICO does not cover them. In

addition, because Plaintiffs have recast their case, omitting events before 2000, no evidence

remains with which to allege a long-standing conspiracy and scheme against Messina.

 

        c.      Plaintiffs have no derivative standing to bring a claim on ASLET's behalf.

First, Plaintiffs did not verify their Complaint. *See* Fed. R. Civ. P. 23.1. Second, they

have failed to allege that the action is not a collusive one to confer jurisdiction on a court of the

United States which it would not otherwise have. *See id.* In addition, Plaintiffs' recurring

conflation of alleged injuries to Messina with alleged injuries to ASLET cannot confer derivative

standing. Because Plaintiffs have not complied with formal requirements of derivative actions

and have not alleged a clear injury to ASLET, their Complaint should be dismissed.

 

        d.      Plaintiffs' case, if any, belongs in Delaware under the doctrine of *forum non-conveniens*.

Plaintiffs' silence on this point is resounding. Based on points made in Moving Defendants' opening brief, Moving Defendants assert that the present case belongs in Delaware.

## CONCLUSION

Plaintiffs' Complaint defines RICO violators as those who oppose Messina -- all the ASLET Board members who do not support his policies, along with the Executive Director, and the ASLET members, and any "officers and executives, managerial and supervisory personnel and legal counsel of ASLET" who stand up against him. Anyone who opposes Messina allegedly joins a conspiracy. Anyone who helps him purportedly is exempted.

Moving Defendants respectfully submit that the RICO statute was not intended to support one disenchanted board member's attacks on a corporation, its policies, its board, or its board's affiliates. There is, moreover, no jurisdiction over Moving Defendants. Plaintiffs' critical errors in pleading require dismissal of the Complaint. Plaintiffs have no standing under RICO to make their claims, for which there are state and common law remedies. Plaintiffs also have no derivative standing because they allege no proximate injury to ASLET in their Complaint.

Finally, as Plaintiffs have not contested Moving Defendants' *forum non conveniens* argument, it is undisputed that Delaware – not New York – is the appropriate forum in which to hear what are essentially state law claims.

WHEREFORE, Moving Defendants respectfully request that this honorable Court grant the within motion, dismissing Plaintiffs' Complaint, as well as such other and further relief as may be just and proper.

Dated: Wilmington, Delaware, May 5, 2004

McCARTER & ENGLISH, LLP

BY:

PAUL A. BRADLEY
A. RICHARD WINCHESTER
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Moving Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MESSINA, ) | |
| GEORGE DEMTRIOU, individually and on ) | |
| behalf of all others similarly situated, and ) | Civil Action No: CV-040170 (TCP) |
| derivatively on behalf of ) | |
| AMERICAN SOCIETY OF LAW ) | |
| ENFORCEMENT TRAINERS, INC., ) | |
| Plaintiffs, ) | AFFIRMATION OF SERVICE |
| ) | |
| v. ) | |
| ) | |
| FRANK A. HACKETT, JR., ) | |
| ANDREW CASAVANT, ) | |
| GREG MEYER, ) | |
| GARY T. KLUGIEWICZ, ) | |
| TIMOTHY DEES, ) | |
| LISA KONRATH, ) | |
| MARY GIFFORD, ) | |
| DAVID SMITH, ) | |
| DAVID GROSSI, ) | |
| JULIE LINKINS, ) | |
| WILLIAM WESTFALL, ) | |
| DANIEL WATSON, ) | |
| GLENN YOUNG, ) | |
| JOHN DOES 1-10, ) | |
| Defendants, ) | |
| ) | |
| And AMERICAN SOCIETY OF LAW ) | |
| ENFORCEMENT TRAINERS, INC., ) | |
| Nominal Defendant. ) | |

I, Artemio C. Aranilla, an attorney admitted to practice in the Courts of the State of New York, affirm under penalty of perjury that I have served a copy of the attached Reply Memorandum in Support of Motion to Dismiss upon the following by Federal Express:

Steven M. Lester, Esq.                          Catherine Mirabile, Esq.,
Law Offices of Steven M. Lester           Assistant U.S. Attorney
325 Merrick Avenue                             U.S. Attorney's Office
East Meadow, NY 11554                       1 PierrePont Plaza, 14th Floor
Attorneys for the Plaintiffs                     Brooklyn, NY 11201
                                                         Attorneys for Defendant Glenn Young

Dated: <u>May 5, 2004</u>

                              **McCARTER & ENGLISH, LLP**

               **BY:**  _[signature]_
                        ARTEMIO C. ARANILLA (NY 4150629)
                        919 Market Street, 18th Floor
                        P.O. Box 111
                        Wilmington, DE  19899
                        Attorneys for Defendants Frank A. Hackett
                        Jr., Andrew Casavant, Greg Meyer, Gary T.
                        Klugiewicz, Timothy Dees, Lisa Konrath,
                        Mary Gifford, David Smith, David Grossi,
                        Julie Linkins, William Westfall, Daniel
                        Watson, and American Society Of Law
                        Enforcement Trainers (nominal defendant)