05-344

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
PHILIP MESSINA,
GEORGE DEMTRIOU, individually
and on behalf of all others similarly
situated, and derivatively on behalf of
AMERICAN SOCIETY OF LAW
ENFORCEMENT TRAINERS, INC.,

                Plaintiffs,

  - against -

CV-04-0170
**MEMORANDUM
AND ORDER**

FRANK A. HACKETT, JR.,
ANDREW CASAVANT,
GREG MEYER,
GARY T. KLUGIEWICZ,
TIMOTHY DEES,
LISA KONRATH,
MARY GIFFORD,
DAVID SMITH,
DAVID GROSSI,
JULIE LINKINS,
WILLIAM WESTFALL,
DANIEL WATSON,
GLENN YOUNG,
JOHN DOES 1-10,

                Defendants.

and AMERICAN SOCIETY OF LAW
ENFORCEMENT TRAINERS, INC.,
Nominal Defendant.
-------------------------------------------------X
PLATT, District Judge.





1

Defendants Frank A. Hackett, et al. ("Defendants") move pursuant to Fed. R. Civ. P. (b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) to dismiss Plaintiffs' Philip Messina, et al. ( "Plaintiffs" "Mr. Messina" or) complaint alleging claims under common law and the civil provisions of 18 U.S.C. §§ 1961 *et seq.* Dismissal is sought on several grounds, including that this Court lacks personal jurisdiction over Defendants and that the complaint should be dismissed pursuant to the doctrine of *forum non conveniens*. This Court heard oral argument on November 5, 2004.

For the following reasons, the Defendants' motion is **GRANTED** and Mr. Messina's complaint is **DISMISSED** in this forum **WITHOUT PREJUDICE** to its transfer to the U.S. District Court in Delaware.

*Background*

Plaintiffs are either current or former members of the American Society of Law Enforcement Trainers, Inc. ("ASLET"), a tax exempt charity whose mission is to assist law enforcement agencies train and educate their personnel. (Compl. ¶¶ 2, 25). Mr. Messina is a member of ASLET's board of directors and a resident of Lindenhurst, New York. (Compl. ¶ 15).

Individually named Defendants are all former or current members of ASLET's board of directors. (Compl. ¶¶ 26-38). The Defendants reside in

several states but none reside in the State of New York. (Id.). ASLET is also named in Mr. Messina's complaint as a nominal Defendant "solely in its derivative capacity." (Compl. ¶ 39). ASLET is a Delaware non-profit corporation, with its corporate office located in Lewes, Delaware. (Compl. ¶ 65).

Mr. Messina brings this action pursuant to the civil provisions of 18 U.S.C. §§ 1961 *et seq.* and common law. Mr. Messina alleges in his unverified complaint that ASLET's board of directors committed, and colluded to hide, various financial improprieties which has had a detrimental effect on ASLET's financial health. (Compl. ¶¶ 54-56, 138-182). Furthermore, Mr. Messina alleges he suffered injury by incurring attorney's fees and retaliatory action because of his efforts to uncover the Defendants' alleged wrongdoing. (Compl. ¶¶ 10, 216-244).

In addition to the case at bar, Plaintiffs commenced three suits against the Defendants for various and related claims in the Delaware Court of Chancery. (Compl. ¶ 8).

Plaintiffs posit jurisdiction in this case based on 28 U.S.C. § 1331 and 18 U.S.C. §§ 1964(a) and (c), and claim subject matter jurisdiction under

3

diversity.[1] Plaintiffs also assert that this Court has supplemental jurisdiction over Mr. Messina's state claims. (Compl. ¶ 14).

## Discussion

I. <u>Personal Jurisdiction.</u>

Defendants move to dismiss Mr. Messina's complaint for lack of personal jurisdiction, *inter alia,* under Fed. R. Civ. P. 12(b)(2).

A District Court has "broad discretion" in deciding a motion to dismiss for lack of personal jurisdiction, including the discretion to conduct an evidentiary hearing if the Court believes one is warranted. *CutCo Indus. Inc. v. Naughton,* 806 F.2d 361, 364 (2d Cir. 1986). *See also Clarendon Nat.'l Ins. Co. v. Lan,* 152 F. Supp. 2d 506, 515 (S.D.N.Y. 2001). When, as in this case, the Court relies solely on the pleadings and supporting materials, the plaintiff need only make a *prima facie* case that the defendants are subject to the Court's personal jurisdiction in order to prevail on a motion to dismiss. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981). The Court must construe the pleadings and supporting affidavits in the light most favorable to the plaintiff.

---

[1] Plaintiffs also assert jurisdiction over Defendant Glenn Young, a federal employee, pursuant to 18 U.S.C. Section 1962(b) and (c). Defendant Young has since been terminated as a party to this action as of October 25, 2004 by Order of this Court.

4

*PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997).

Where, as here (at least in part), the basis of federal jurisdiction is diversity of citizenship, this Court applies the law of the forum state to determine whether jurisdiction over the defendant may be exercised. *Cutco Indus., Inc.*, 806 F.2d at 365; *Arrowsmith v. United Press, Internat'l*, 320 F.2d 219, 222-25 (2d Cir. 1963)(en banc); *CES Industries, Inc. v. Minnesota Transition Charter School*, 287 F. Supp. 2d. 162, 166 (E.D.N.Y. 2003)

New York State provides for both general and specific personal jurisdiction over a defendant. The general provision is found in N.Y. C.P.L.R. ("CPLR") § 301. CPLR 301 empowers a court to "exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." CPLR 301 also codifies the common law principle that a non-domiciliary is deemed to be present within the forum state if the non-domiciliary is "doing business" in the state when the action is commenced. *See Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 34, 565 N.E.2d 488, 490, 563 N.Y.S.2d 739, 741 (1990). Such conduct will be found only if the business conducted by the defendant is "not occasionally or casually, but with a fair measure of permanence and continuity." *Hinsch v. Outrigger Hotels Haw.*, 153 F. Supp. 2d 209, 211 (E.D.N.Y. 2001) quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985); *see also U. S. Titan, Inc. v. Guangzhou Zhen Hua*

5

*Shipping Co., Ltd.*, 241 F.3d 135, 152 (2d Cir. 2001)(Cases involving general jurisdiction require a finding of "continuous and systematic" contacts.). Factors to consider in a "doing business" inquiry include whether the defendant maintains offices and bank accounts, employs agents, and regularly solicits business in New York. *See, e.g., Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426, 431-32, 208 N.E.2d 439, 441-42, 260 N.Y.S.2d 625, 627-29 (1965).

Plaintiffs do not allege any facts whatsoever that any of the individually named Defendants regularly do business in New York in accordance with CPLR 301. Plaintiffs instead insist that they satisfy the "doing business" inquiry on the grounds that Mr. Messina is ASLET's largest recruiter and ASLET's agent in New York. (Pls.' Opp. Mem. at 11). In other words, rather than demonstrating that this Court has personal jurisdiction over any of the moving Defendants, Mr. Messina creates a phantom defendant to satisfy this Court's jurisdictional requirements.

Defendants accurately point out that ASLET is mentioned in Mr. Messina's complaint as a nominal defendant only, "solely in a derivative capacity." (Defs.' Reply Mem. at 3).[2] ASLET is therefore a beneficiary of the Plaintiffs' suit and may not be considered an adverse party:

---

[2] Also note, Mr. Messina curiously drops ASLET's name from the case caption on the Opposition Memorandum.

6

> In the context of the due process requirements of the Constitution in asserting personal jurisdiction, it is clear that the "beneficiary" corporation ought not be considered adverse to the plaintiff. Unlike the truly adverse claims stated against the "real" defendants, *see, e. g., Shaffer v. Heitner*, 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977), the naming of the derivative corporation as a party defendant raises no potentially harmful consequences for the corporation, because plaintiff is acting solely for the corporation's benefit.

*Messinger v. United Canso Oil and Gas Ltd.*, 80 F.R.D. 730, 733-34 (D. Conn. 1978).

Defendants assert, and this Court agrees, that despite Plaintiffs' sleight of hand, as a nominal defendant, ASLET may not be used by Mr. Messina to gain jurisdictional leverage into this Court.

Plaintiffs also fail to demonstrate that this Court has specific personal jurisdiction over Defendants under CPLR 302(a)(1) other than to state that Mr. Messina suffered injury in New York. (Compl. ¶ 10).

CPLR 302(a)(1) requires an "articulable nexus" between the business transacted by Defendants and the cause of action asserted. *Henderson v. I.N.S.*, 157 F.3d 106, 123 (2d Cir. 1998) *citing Kronisch v. United States*, 150 F.3d 112, 130 (2d Cir. 1998). "A nondomiciliary 'transacts business' under CPLR 302(a)(1) when he purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *CutCo Indus. Inc.*, 806 F.2d at 365 (alterations in original), quoting *McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y. 2d 377, 382, 229 N.E.2d 604, 283

7

N.Y.S.2d 34 (1967). "Whether or not the contacts are of the appropriate nature must be determined by an analysis of the totality of the circumstances." *United States Theatre Corp. v. Gunwyn/Lansburgh Ltd. P'ship*, 825 F. Supp. 594, 596 (S.D.N.Y. 1993)(citations omitted).

Plaintiffs' Opposition Memorandum does not address the jurisdictional requirements under CPLR 302. Instead Plaintiffs insist that they do not have to satisfy this burden because 18 U.S.C. § 1965 authorizes nationwide service of process. (Pls.' Opp. Mem. at 7-13).

Again, Mr. Messina tries to use ASLET, a nominal defendant, to gain personal jurisdiction over the moving Defendants. Defendants counter that Mr. Messina is misreading the RICO statute and that 18 U.S.C. § 1965 does not empower Plaintiffs to circumvent New York's long-arm statute for establishing personal jurisdiction over all Defendants. (Defs.' Reply Mem. at 5-6). This Court agrees.

The Court of Appeals for the Second Circuit held that in a RICO suit the plaintiffs must first establish personal jurisdiction over at least one defendant before invoking the nationwide service of process provision of 18 U.S.C. § 1965:

> Reading all of the subsections of § 1965 together, the court finds that § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where

8

> the defendant is found. First, § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, <u>a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant</u>.

*PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998)(emphasis added). *See also Zito v. Leasecomm Corp.*, 2004 U.S. Dist. LEXIS 19778, at *62 (S.D.N.Y. September 30, 2004).

Mr. Messina may not invoke, therefore, the expanded service of process provisions of 18 U.S.C. § 1965(b) because Mr. Messina has not demonstrated that this Court has personal jurisdiction over any of the Defendants.

Interestingly enough, even if ASLET was a moving Defendant, the expanded RICO venue provision would not apply. *See, e.g., Rashid v. Reidel*, 1990 U.S. Dist. LEXIS 6965 (S.D.N.Y. 1990)(The term "has an agent" in the RICO venue provision does not to apply to corporate defendants.).

Even though Mr. Messina alleges that he suffered injury in New York, he has not shown a nexus between the alleged injury and any business transacted by the individual Defendants in New York. None of the moving Defendants "resides, has an agent or transacts his or her affairs" in New York. This Court, therefore, finds little evidence that any of the Defendants are conducting any business in New York for which this Court may sink its

9

jurisdictional teeth.

II. *Forum Non Conveniens.*

Alternatively Defendants urge this Court to dismiss this case pursuant to the doctrine of *forum non conveniens*.

Resolution of a motion to dismiss based on *forum non conveniens* requires a three step analysis: (i) determination of the degree of deference to be afforded to the plaintiff's choice of forum; (ii) analysis of whether an adequate alternative forum exists; and (iii) consideration of private and public factors. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73-74 (2d Cir. 2001) (en banc).

Courts should grant great deference to a plaintiff's choice of fourm particularly if the forum chosen is where the plaintiff resides, however, such deference is not entirely dispositive and may be overcome by a showing of inconvenience by the defendants. *Iragorri*, 274 F.3d at 71 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n.23, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981).

Mr. Messina's choice of forum is reasonable as Mr. Messina is a resident of the nearby Village of Lindenhurst, New York.[3] Although great deference should be given to the plaintiff's choice of forum, Mr. Messina's

---

[3] During oral argument both parties reminded this Court that Mr. Messina owns and operates a martial-arts equipment store named "Modern Warrior" which is also located in the Village of Lindenhurst.

10

commitment to his choice of forum is questionable. For example, the Plaintiffs' Opposition Memorandum does not respond to the Defendants' invocation of *forum non conveniens*. Also, during oral argument Plaintiffs' attorney stated that "[Plaintiffs have] no objection to transfer to Delaware." Any deference owed to Mr. Messina's choice of forum is belied by his own actions.

The next factor to consider is whether an alternative forum exists. Defendants' claim Delaware is an appropriate alternative forum. (Defs.' Reply Mem. at 17). "Ordinarily, the requirement of an adequate alternative forum 'will be satisfied when the defendant is 'amenable to process' in the other jurisdiction. In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative. . . . " *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 476-77 (2d Cir. 2002)(quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.22, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981). Defendants are not only amenable to transferring this case to Delaware, they insist this Court do so.

A quick perusal of the complaint yields a number of reasons why Delaware is an adequate and satisfactory alternative forum. The Defendants are all doing business in Delaware, as they are either former or current members of the ASLET Board of Directors. Any documentation related to Mr. Messina's allegations are more likely to be found at the ASLET offices in Delaware than

11

anywhere in New York, where no corporate office exists. Most importantly, Mr. Messina has a greater chance at demonstrating personal jurisdiction over Defendants in Delaware than here in the Eastern District of New York.

The final step in the *forum non conveniens* analysis is consideration of the private and public interests specified by the U. S. Supreme Court. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947); *Iragorri*, 274 F.3d. at 73-74. The private interest factors include (i) the relative ease of access to sources of proof; (ii) the availability of compulsory process for attendance of unwilling; and (iii) any other issues that facilitate the trial process and that make the trial easy, expeditious and inexpensive. *Id.*

The facts of this case support each of these private factors. None of the Defendants reside in New York. All of the Defendants, however, are connected to the State of Delaware through their ASLET membership or position on the ASLET board of directors. Delaware courts can properly serve and acquire jurisdiction over the Defendants, as opposed to this Court. Delaware courts already have cognizance over Plaintiffs' allegations in three lawsuits involving the same Defendants (pending at the time the Defendants submitted their motion and dismissed since then). (Compl. ¶ 8).

The public factors to consider include (i) the administrative difficulties flowing from court congestion; (ii) the "local interest in having

localized controversies decided at home;" (iii) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (iv) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty. *Iragorri,* 274 F.3d. at 73-74.

The public interest factors are also strongly aligned in favor of moving the case to Delaware. Delaware has a strong interest in deciding controversies involving a Delaware corporation. *See Sternberg v. O'Neill,* 550 A.2d 1105, 1123 (Del. 1998)("Delaware has an interest in holding accountable those responsible for the operation of a Delaware corporation"). Furthermore, the common law causes of action Plaintiffs allege, such as breach of fiduciary duty and duty of loyalty, and breach of contract, are governed by Delaware law. (Defs.' Mem. Mot. Dismiss at 17-18).

Together the private and public interest factors clearly support Defendants' request that this case should be moved to Delaware pursuant to the doctrine of *forum non conveniens.*

### Conclusion

This Court is primarily concerned that Mr. Messina cannot get in the door of personal jurisdiction in this District. Delaware, on the other hand,

provides Mr. Messina a more favorable position from which he may properly assert jurisdiction over all, or some, of the Defendants. Given that neither party objects to transfer of this case to the District Court of Delaware, this Court directs the Clerk to transfer Plaintiffs' case to the Clerk of the District Court of Delaware, pursuant to 28 U.S.C. § 1406(a).

Defendants' motion to dismiss is **GRANTED** but **WITHOUT PREJUDICE** to the transfer of this case to the U.S. District Court in Delaware.

**SO ORDERED.**

/S/
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
November 30, 2004

A TRUE COPY ATTEST
DATED 5/23 20 05
ROBERT C. HEINEMANN
BY [signature] CLERK
DEPUTY CLERK

14