

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 0 8 2004 ★

LONG ISLAND OFFICE

4 4

PHILIP MESSINA, GEORGE DEMETRIOU §
Individually and on behalf of all other §
Similarly situated, and derivatively §
On behalf of the AMERICAN SOCIETY §
OF LAW ENFORCEMENT TRAINERS, §
INC. §
§
§          Docket No.  CV-04-0170 (TCP)
§
§          **ORDER TO SHOW CAUSE FOR**
§          **PRELIMINARY INJUNCTION**
§
Plaintiffs,          §
§
v.          §
§
FRANK A. HACKETT, JR., ANDREW §
CASAVANT, GREG MEYER, et al. §
§
§
§
§
§
§
Defendants.          §

---------------------------------------------------------X



Upon the Complaint of Philip Messina, George Demetriou, individually and on

behalf of all other similarly situated, and derivatively on behalf of American Society of

Law Enforcement Trainers, Inc, and the sworn Declarations of Philip Messina, Elizabeth

Kennedy, Dr. Fabrice Czarnecki, Edward Mandelbaum, and Lawrence Nadeau, attached

hereto, and the accompanying memorandum of law, in support of the within motion; it is

ORDERED, that the defendants Greg Meyer and Glenn Young show cause before

this Court, at the United States Courthouse, 100 Federal Plaza, Central Islip, New York

11722-4438, in Courtroom __i o 40__ on April _/ 6_, 2004 at __/ o : 3 o Am__, or as

soon thereafter as counsel may be heard, why a preliminary injunction pursuant to Rule

65(a) of the Federal Rules of Civil Procedure, should not issue herein restraining and

enjoining the defendants Greg Meyer and Glenn Young from harassing and/or

intimidating witnesses in this action in violation of 18 U.S.C. § 1512(b), and for such

other and further relief as this Court deems just and proper, including the costs,

disbursements and reasonable attorneys' fees in making this application; and it is further

ORDERED that a copy of this order, together with the declarations and

memorandum of law in support thereof, be served upon the attorneys for defendant Greg

Meyer, McCarter English LLP, Suite 1800, 919 N. Market Street, P.O. Box 111,

Wilmington, Delaware 19899, and the attorney for Glenn Young, United States Assistant

Attorney Catherine Mirabile, 1 Pierrepont Plaza, Brooklyn, New York 11201 on or

before April 04, 2004 shall be deemed good and sufficient service.

Dated: Central Islip, New York
　　　April _8_*, 2004

_____
　　　　　　　　　U.S.D.J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------X

PHILIP MESSINA, GEORGE DEMETRIOU §
Individually and on behalf of all other §
Similarly situated, and derivatively §
On behalf of the AMERICAN SOCIETY §
OF LAW ENFORCEMENT TRAINERS, §
INC. §
§
§         Docket No.  CV-04-0170 (TCP)
§
§         **DECLARATION OF**
§         **PHILIP MESSINA**
            Plaintiffs,       §
v.                            §
§
FRANK A. HACKETT, JR., ANDREW §
CASAVANT, GREG MEYER, et al.  §
§
§
§
§
§
§
            Defendants.       §

--------------------------------------------------------X

I, Phil Messina, hereby state:

1.  I am a retired New York City Police Sergeant, honorably discharged from the

United States Marine Corps, and currently the President of a Police and Civilian Self

Defense School that trains and certifies law enforcement officers from all over the U.S.

and abroad. I have trained thousands of officers, agents and military personel since my

retirement from the New York City Police Department, have written numerous articles on

both police and civilian judicial use of force, and have served as both an Expert Witness and Consultant on several important criminal and civil litigations involving the use of force. I have been a member of ASLET (American Society of Law Enforcement Trainers) since 1987, have served as New York Director, U.S. Regional Director, Ethics Committee Member, and have been elected to the board of directors in 1996 and again in 2001. I have taught classes at almost all of ASLET'S past sixteen seminars, have brought more participants to ASLET seminars than any other member, have received numerous recruitment awards, and last year (2003) received ASLET'S highest recruitment award, being the association's top recruiter for the year, and its second highest recruiter of all time. In May of 2000, I received the National Institute of Ethics "Award for Moral Courage" for uncovering and exposing financial and management improprieties within the organization, which led to the forced administrative leave of the previous Executive Director and the non-renewal of his employment contract.

2. On or about January 21, 2004, at approximately 6PM (Central Time) in the Lounge area of the Adam's Mark Hotel in St. Louis, my wife and I were approached by Larry Nadeau and Kathy Wright, who own and operate a competing training institution. They stated that they had just spoken to ASLET Directors Robert Bragg and Tim Dees, and had been told that certain directors were going to retaliate against me and my school for filing federal litigation against them, and that I should be very careful, because they were going to use their contacts with federal agencies to get back at me. I do not believe they were using direct quotes, but they gave every impression that they were generally concerned, and that it was intended that I receive their message.

2

3.  On January 24, 2004, at approximately 3:30, my wife and I were getting ready to get on the elevator on the fifteenth floor of the Adam's Mark Hotel in St. Louis, when Robert Bragg walked over to us, and said "Run, the Feds are after you." I initially started to laugh and he said, "You'd better run, the Feds are coming after you. I believe Liz only heard the second warning, because she repeated it to me almost word for word, and I confirmed it for her.

4.  On January 26th, and again on January 27th, I received phone calls from Dr. Fabrice Czarnecki, whom I met through ASLET, and who has since helped me with several projects concerning officer safety, research methodology and medical implications connected with police use of force. He told me on both occasions that he had spoken to Robert Bragg, and that Bragg had confirmed to him that because I had angered the "Feds" by filing my federal suit against the ASLET directors, and at one person involved in a federal agency, that a "Task Force" had been put together consisting of members of the FBI, CIA and IRS, to investigate me, my colleagues and my business. After the first conversation, I asked Fabrice if he could confirm where this originated, because I had heard similar statements from Bragg and two seminar participants whom I trusted. When he called me the next day, he confirmed that the threats originated from one Glen Young, who works for the National Geo-Spatial Agency.

5.  Upon the completion of my call with Dr. Czarnecki, I tried to call Larry Nadeau, but instead Kathy Wright answered the phone. I asked her if she could confirm

3

that she and Larry were told that a federal task force had been put together and if she was certain that that they were given the information with the intention of it getting to me. She told me "yes" on both counts.

I declare that the information contained in the above paragraphs is true to the best of my recollection.

Phil Messina

Phil Messina

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

PHILIP MESSINA, GEORGE DEMETRIOU       §
Individually and on behalf of all other       §
Similarly situated, and derivatively       §
On behalf of the AMERICAN SOCIETY       §
OF LAW ENFORCEMENT TRAINERS,       §
INC.       §
§
§       Docket No.  CV-04-0170 (TCP)
§
§       **DECLARATION OF**
§       **ELIZABETH A. KENNEDY**
Plaintiffs,       §
v.       §
§
FRANK A. HACKETT, JR., ANDREW       §
CASAVANT, GREG MEYER, et al.       §
§
§
§
§
§
Defendants.       §

-------------------------------------------------------X


I, Elizabeth A. Kennedy, hereby state:


1.      I am the Vice President of Modern Warrior® Inc., a law enforcement and

civilian self defense training organization, headquartered in New York.   I am a certified

Defensive Tactics Instructor, and have been teaching Police Defensive Tactics since

1987, to members of local, state and federal law enforcement and military agencies from

the United States (such as the Suffolk County Police Department, New York State

Division of Parole, the F.B.I., and the U.S. Marine Corps.) and many foreign countries. I

have been a member of the American Society of Law Enforcement Trainers ("ASLET")

since 1987 and have been selected to teach at several ASLET International Training

Seminars held throughout the United States. I have also taught for the International

Association of Women Police and many local, state, federal, and private agencies and

organizations. Additionally, I am a founding Director of the American Women's Self

Defense Association, an international, non-profit organization, dedicated to educating

women about self-defense and rape prevention. I am 38 years of age and currently

residing in Suffolk County, New York. I have been married to Plaintiff Philip Messina

for 13 years.

      2.      On or about January 21, 2004, Phil Messina and I were standing in the

lobby of the Adam's Mark Hotel, located at Fourth Street and Chestnut Street, St. Louis,

Missouri. Larry Nadeau ("Nadeau"), a former police officer in the State of Virginia (who

is a nationally recognized police and civilian defensive tactics instructor), and Kathy

Wright, a former police officer in Buffalo, New York and Virginia Beach, Virginia (who

is also a nationally recognized police and civilian defensive tactics instructor), walked

over to speak with us. Larry Nadeau had just spoken, in person, to ASLET Board

Members Tim Dees and Robert Bragg (after some Board Members were personally

served with a Summons and Complaint from the United States District Court, Eastern

District of New York). Nadeau related that Mr. Dees and Mr. Bragg wanted Phil Messina

to know that the Board was making a concerted effort to destroy Phil and Modern

Warrior® (Phil's business) and that they were sending a team of "Feds" after us. I do not

recall the exact wording, but it was very clear that Larry was saying the Board was "out

2

to get us" and that they were going to use their contacts within Federal Law Enforcement Agencies to do it.

    3.    On January 24, 2004, Phil Messina and I were standing by the elevator banks on the fifteenth floor of the Adam's Mark Hotel in St. Louis.  We again met Robert Bragg, who said to Phil Messina and me, in a low voice with an urgent tone, "You'd better run.  The Feds are coming after you!"  I turned to Phil and said, "What did he say? Did he say the Feds are coming after us?"  Phil responded in the affirmative.

    4.    I have provided this declaration to Plaintiff Messina in connection with the above styled action. I am aware my declaration will be submitted to the Court by Plaintiff Messina.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on *Feb. 11*, 2004 at Lindenhurst, New York.

Elizabeth A. Kennedy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

PHILIP MESSINA, GEORGE DEMETRIOU        §
Individually and on behalf of all other        §
Similarly situated, and derivatively        §
On behalf of the AMERICAN SOCIETY        §
OF LAW ENFORCEMENT TRAINERS,        §
INC.        §
        §
        §        Docket No.  CV-04-0170 (TCP)
        §
        §        **DECLARATION OF**
        §        **FABRICE CZARNECKI**
        §
                        Plaintiffs,        §
v.        §
        §
FRANK A. HACKETT, JR., ANDREW        §
CASAVANT, GREG MEYER, et al.        §
        §
        §
        §
        §
        §
        §
                        Defendants.        §

--------------------------------------------------------X


        I, Fabrice Czarnecki, hereby depose and say:

        1. I am a Medical Doctor, 32 years of age, and currently reside in Baltimore

County, Maryland.

        2. I hold Medical Doctor and Master of Arts degrees from Necker Medical

School in Paris, France, and a Master of Public Health from Paris University – Denis

Diderot.

3. I am an associate member of the International Association of Chiefs of Police, and sit on the Police Physicians Section. I recently co-authored a book on Occupational Medicine for Law Enforcement. I am a certified Defensive Tactics and Firearms Instructor. I have trained law enforcement and military agencies for several years including New York State Division of Parole, U.S. Marshals Service and the U.S. Marine Corps.

4. I am the former Medical Advisor for the American Society of Law Enforcement Trainers (ASLET). In late June 2003, I was advised by Robert Bragg (Bragg), who is currently a corporate director of ASLET, that the Medical Director position was abolished. The position was abolished under suspicious circumstances, by the ASLET Executive Board in late June 2003. I believe it was abolished simply to discharge me because of my association with certain persons who have filed legal actions against ASLET directors.

5. During the evening of January 26, 2004, I received a phone call from Bragg. In that call, Bragg stated that he was told an "Advanced Tactical Team" made up of about 15 lawyers from the "FBI, CIA and IRS" was being sent to investigate Modern Warrior, Inc. and the Gables Group, Inc. Bragg further told me that he was unwilling to call Phil Messina because he could not state on the record that he had talked to him, and he asked me if I understood what he meant. It was clear to me that Bragg wanted me to relate the information to Phil Messina. Bragg is aware of the fact that I am friendly with Phil Messina and we have frequent contact regarding police research and training issues.

6. On the morning of January 27, 2004, I e-mailed Bragg to obtain clarification regarding the prior evening's conversation, as it was not clear to me who had related the

2

information to Bragg. Bragg left a message on my voice mail to call him back. I called him on or about the same day. Bragg told me that he could not answer my email in writing because it would become public record. Bragg stated that Glenn Young had made the original statement about the federal investigation (of the Gables Group and Modern Warrior) by the "Advanced Tactical Team". I am informed that Glenn Young is a defendant in the above-styled action, and he is known to me to be an employee of a federal intelligence agency. In face-to-face conversations held in late July 2003 said Glenn Young told me he had affiliations with the FBI and CIA.

7. Bragg reiterated the information related the prior day during our first telephone conversation. Bragg stated that he did not want to see anything happen to me (because of my relationship with the plaintiffs). Based upon my education and life experience, and the fact that Bragg, a full time police trainer for a state agency, seemed genuinely timid and concerned, I took his information as a veiled threat to me, to Messina, and to my professional associates (i.e., The Gables Group).

8. I have provided this declaration to Plaintiff Messina in connection with the above styled action. I am aware my declaration will be submitted to the Court by Plaintiff Messina.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2004 at Baltimore, Maryland.


Fabrice Czarnecki

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------X

PHILIP MESSINA, GEORGE DEMETRIOU §
Individually and on behalf of all other §
Similarly situated, and derivatively §
On behalf of the AMERICAN SOCIETY §
OF LAW ENFORCEMENT TRAINERS, §
INC. §
§
§    Docket No.  CV-04-0170 (TCP)
§
§    **DECLARATION OF**
§    **ED MANDELBAUM**
                    Plaintiffs, §
v. §
§
FRANK A. HACKETT, JR., ANDREW §
CASAVANT, GREG MEYER, et al. §
§
§
§
§
§
§
                    Defendants. §

--------------------------------------------------------X


I, Ed Mandelbaum, hereby depose and say:


1.        I am a private investigator, licensed in the State of Florida (where I am a

corporate director of The Gables Group, Inc., a licensed investigative firm) and in the

State of New York (where I am the sole officer and director of Gables Group

Investigations, Inc., a licensed investigative firm). I also currently serve (pro bono) the

Director of Operations of Center For Homeland Security Studies, Inc., a Florida non-

profit corporation that has provided no cost or low cost training seminars to federal, state and local law enforcement officers since the spring of 2002. I have been a member of the American Society of Law Enforcement Trainers ("ASLET") for approximately eight years and have attended several ASLET International Training Seminars held throughout the United States. I am 42 years of age and am a resident of Dade County, Florida and Nassau County, New York.

2.     On or about January 21, 2004, while in Nassau County, New York, I received a telephone call from Dr. Fabrice Czarnecki. Dr. Czarnecki serves *pro bono*, as Director of Medical-Legal Research for The Gables Group. In that role, the doctor has either directly provided, or aided in providing, life saving training for hundreds of federal, state and local law enforcement officers, at no cost, or nearly no cost to the officers and agencies attending.

3.     Dr. Czarnecki related to me that he was upset and concerned about his livelihood, and the future success of The Gables Group, Inc., after receiving a telephone call from a highly respected ASLET member, who advised him that certain defendants, including but not limited to Defendants Greg Meyer and Glenn Young, were making a concerted effort to destroy The Gables Group, Inc. and Modern Warrior, Inc. (Plaintiff Messina's business). Dr. Czarnecki also related that her had been told that the defendants were using Defendant Young's federal agency "contacts" to send a team of "Feds" after these entities and individuals associated with them, because Phil Messina had sued "a couple of feds" and had filed a complaint alleging the possible commission of federal offenses against Mr. Young with the Office of Inspector General of the Department of Defense.

2

4.      On February 9, 2004, at 2:00 P.M., E.S.T., while in Nassau County, New

York, I received a telephone call from Michele Bimson, an attorney at the Wilmington,

Delaware office of Reed Smith, a large national law firm that has provided legal

representation to ASLET and to several directors of ASLET. Ms. Bimson asked if I

would take the time to "review" a "draft" letter that "her client", ASLET, had asked her

to send to my firm, The Gables Group, Inc. of Miami, Florida. Ms. Bimson emphasized

that Reed Smith's commitment to ethics and accuracy required that the firm carefully

research any material that might be forwarded on the firm's letterhead on behalf of their

client. My dealings with Reed Smith, in connection to ASLET business, and in

connection with Civil Action 2244-S, currently pending in the Delaware Court of

Chancery, lead me to believe that the firm's attorneys have conducted themselves

ethically and properly during my extensive (over one year) adversarial relationship with

the firm.

5.      At 4:19 P.M., E.S.T., on February 9, Ms. Bimson forwarded the "draft"

letter to me, which contained an attachment in Microsoft Word format. After opening the

letter and reviewing it, I notified Ms. Bimson, via telephone, that the "draft" letter

contained numerous inaccuracies and falsehoods. After Ms. Bimson appeared to carefully

note my concerns and stated that she would research these points, and advise me upon

completion. I later used Microsoft Word's toolbar to check the "Properties" of the draft

letter document. As a result, I discovered that (although the author was listed as

"MABIMSON"), the "Organization" that created the document was listed as "Los

Angeles Police Department" ("LAPD").

3

6.      Through my investigation into the workings of ASLET, I know that Greg Meyer, the Vice-Chair of ASLET is a Captain in the LAPD. I know of no connection between Michelle Bimson and the LAPD, and know of no other defendant in this action with current connections to the LAPD.

7.      I have been previously warned, by the same highly respected ASLET member who related the threats to Dr. Czarnecki, that Greg Meyer has stated, to others, that he has a "hit list" of individuals who have assisted Plaintiff Messina in his efforts to obtain corporate records from ASLET, and who have aided him in his civil litigation, and in communicating information concerning the commission of, and possible commission of, federal offenses to law enforcement officers of the United States. I have been told that my name and Dr. Czarnecki's name were verbally mentioned as being on that list.

8.      In addition to reciting factually inaccurate information, the LAPD originated letter, addressed to the firm's president

"…solicits your assistance in ceasing Mr. Mandelbaum and Dr. Czarnecki's harmful and unwarranted attacks on the ASLET association, particularly because such acts appear to third-parties to be endorsed by your organization."

The letter, in its conclusion, further attempted to warn that

"If such cooperation is not achieved, however, ASLET must aggressively defend itself against false, reckless and malicious actions brought forth by any party. Accordingly, ASLET trusts that you will take immediate action to cease the Gables Group's apparent support of the actions promoted by two of your directors."

9.      In connection with my investigation practice, I have been previously harassed and threatened, both indirectly and directly, for my investigative activities. As a result of this professional experience, which includes initiating a successful state prosecution of a career criminal for threatening a prospective witness, I believe that the

aforementioned LAPD document was designed to harass and intimidate us, by attempting

to threaten our employment or livelihood, so as to influence or prevent my testifying

against the named defendants in this case, and to dissuade me from, or retaliate against

me for, providing additional truthful information regarding the possible commission of

federal offenses to federal law enforcement officers. I further believe that only the

professional ethics and diligence of the Reed Smith attorneys in checking the LAPD

document for accuracy prevented the document from being mailed to the president of The

Gables Group, Inc.

8.    On February 29, 2004, and again on March 4, 2004, I spoke by telephone

with the aforementioned highly respected ASLET member who has first hand knowledge

of the aforementioned activities, and who related to me that he personally fears

harassment and retaliation from defendants in this case if he voluntarily submits a

Declaration to this Court. This individual further related that he would testify fully and

truthfully, under a Subpoena, in a hearing before this Court, as to threats, as well as to

harassing and intimidating communications that have been made subsequent to the filing

of this action in this Court. This individual confirmed to me Defendant Young's threat to

utilize federal law enforcement resources to retaliate against plaintiffs and those

associated with plaintiffs in this case, and also advised me that Defendant Greg Meyer

appeared to be the ringleader of the harassment and intimidation, having gone so far as to

warn the other defendants not to speak about the planned retaliation so that it could be

effective.

9.     I have provided this declaration to Plaintiff Messina in connection with the
above styled action. I am aware my declaration will be submitted to the Court by Plaintiff
Messina.

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.


Executed on ꓕ𝗎Ꞓꞓꓐ ꓲ ᴑ ___ , 2004 at East Meadow, New York.


Ed Mandelbaum

6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**


PHILIP MESSINA, GEORGE DEMETRIOU
Individually and on behalf of all others
Similarly situated, and derivatively
On behalf of the AMERICAN SOCIETY
OF LAW ENFORCEMENT TRAINERS, INC.

Plaintiffs,

                                        Docket No.  CV-04-0170 (TCP)

v.                                      **DECLARATION OF**
                                        **LAWRENCE N. NADEAU**


FRANK A. HACKETT, JR., ANDREW
CASAVANT, GREG MEYER, et al.

Defendants.


I, Lawrence N. Nadeau, hereby depose and say:

1. I am 42 years of age, and currently reside in Livingston Parish, Louisiana.

2. I am an honorably discharged United States Marine, who served as a military
   police officer from July 4, 1980 to July 4, 1984.  Upon leaving the Marine
   Corps, I entered civilian law enforcement, working for a small department in
   northern Virginia for three years, then to the Virginia state university police
   system for five years, and finally serving for six years as a sworn police
   officer for the city of Poquoson, Virginia.  From 1989 to 2001, I was one of
   relatively few law enforcement trainers responsible for teaching Instructor
   Level Certification for the Commonwealth of Virginia in Police Defensive
   Tactics.

3. In 1989, I founded Rape Aggression Defense Systems (R.A.D.) and served as
   the organization's Executive Director until June of 1998, when I turned the
   organization's management over to my senior female Staff Instructors.
   Today, R.A.D. is a nationally recognized alliance of self-defense educators
   and the largest organization of its kind.  I currently serve the Executive Board
   of R.A.D. Systems as the Director of Instructional Development.

4. I am currently a member of the American Society of Law Enforcement Trainers (LET #3923), and served as an ASLET Regional Director from 1993-2000.

5. On January 24, 2004, around the lunch break that training day, while at the Adams Mark Hotel in St. Louis, Missouri, I spoke with Bob Bragg, who is currently serving on the Executive Board of ASLET. Also present during our conversation was Kathy Wright, an ASLET Member in good standing. During our conversation, which began with exchange of pleasantries, Bob mentioned that Phil Messina may be in some trouble, because he had filed a civil case against ASLET and named two Federal Agents in the complaint which questioned the integrity of all involved. He also said the employers of said Federal Agents were very upset with Phil and that they were going to come after Phil and that they had the resources to do so pretty hard. Bob seemed genuinely concerned for Phil, and when I suggested that someone needs to give Phil a "heads up", he suggested that I do so because he knew that Phil and I have had many professional contacts over the years. I told Bob that I intended to speak with Phil about the matter.

6. Later that same day, January 24, 2004 in the lobby area of the Adams Mark Hotel in St. Louis, Missouri, I spoke with Phil about my concerns and that I had conversation with Bob Bragg, who also seemed concerned.

7. I have provided this declaration to Plaintiff Messina in connection with the above styled action. I am aware my declaration will be submitted to the United States District Court for the Eastern District of New York, by Plaintiff Messina. I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on February 23, 2004 in Livingston Parish, Louisiana.

Lawrence N. Nadeau

SEE

D.I. # 1