SLR:CMI
USAO#: 2004V00300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PHILIP MESSINA, GEORGE DEMTRIOU,
individually and on behalf of all others similarly
situated, and derivatively on behalf of the
AMERICAN SOCIETY OF LAW ENFORCEMENT
TRAINERS, INC.,

                              Plaintiffs,

                  v.

FRANK HACKETT, JR., et. al.

                              Defendants.

and AMERICAN SOCIETY OF LAW
ENFORCEMENT TRAINERS, INC.

                         Nominal Defendant.

Civil Action No.
CV 04-170

(Platt, J.)
(Lindsay, M.J.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' ORDER TO SHOW CAUSE
FOR A PRELIMINARY INJUNCTION

                                      ROSLYNN R. MAUSKOPF
                                      United States Attorney
                                      Eastern District of New York
                                      Attorney for Defendant Young
                                      One Pierrepont Plaza, 14th Floor
                                      Brooklyn, New York 11201
                                      (718) 254-6055

CATHERINE M. MIRABILE
Assistant United States Attorney
    (Of Counsel)

## **PRELIMINARY STATEMENT**

Defendant Glenn Young respectfully submits this supplemental memorandum of law in further support of his opposition to the Order to Show Cause for Preliminary Injunction by plaintiffs Philip Messina and George Demtriou. On Friday, May 14, 2004, after oral argument on plaintiffs' application for injunctive relief, this Court noted that plaintiffs had failed to provide a declaration for non-party witness, Robert Bragg. This Court adjourned the argument and granted leave for plaintiffs to submit a declaration of Bragg. On Monday, May 17, 2004, plaintiffs provided defendants with the Declaration of Robert Bragg, dated May 14, 2004 ("Bragg Decl."). The within supplemental memorandum of law is submitted in response to the Bragg Decl.

For the reasons set forth below, as well as in defendant Young's Memorandum of Law in Opposition to Plaintiffs' Order to Show Cause for Preliminary Injunction, dated May 13, 2004, this Court should deny plaintiffs' request for injunctive relief in its entirety. Plaintiffs, still, have failed to make any showing of irreparable harm, to wit, witness tampering, destruction of evidence or violations of plaintiffs' constitutional rights. Indeed, the Bragg Decl., as with all of plaintiffs' declarations, consists of nothing more than unfounded allegations and speculation, which fails to identify any witnesses allegedly subjected to tampering, any evidence subjected to destruction, or any constitutional right allegedly violated. Plaintiffs have not carried their burden of showing irreparable harm that would justify injunctive relief.

Further, as plaintiffs' request for a preliminary injunction can be fully evaluated upon the written submissions, defendant Young maintains his objection to plaintiffs' request for an evidentiary hearing. See McKenna v. Wright, 2002 U.S. Dist. LEXIS 3489 (S.D.N.Y. Mar. 4, 2002) (quoting Larouche v. Webster, 566 F. Supp. 415 n.5 (S.D.N.Y. 1983)).

Accordingly, plaintiffs' application should be denied in its entirety.

## STATEMENT OF FACTS

**The Bragg Declaration.**[1]

In further support of the within application, plaintiffs have submitted the Bragg Decl. According to this declaration, Bragg asserts that, on January 23, 2004, during a conversation with defendant Young at the Adams Mark Hotel, defendant Young told Bragg the following: "that an internal investigation had cleared [Young] from charges of wrongdoing; that the supervisors involved were upset with the nature of the accusations; and that they were going to call their 'Advanced Tactics Team' together and go after Messina and . . . [Messina's] business." See Bragg Decl., ¶ 4. According to Bragg, defendant Young indicated that this "Advanced Tactics Team" consisted of "attorneys and investigators from the CIA, IRS and FBI." Id.

Bragg states he then attended a Board meeting which "heightened" his concerns. Id., ¶ 6. Bragg fails, however, to state what he was actually concerned about and or what caused his "heightened" concern. Id.

Bragg further states that he then sought to relay this information, either directly or indirectly, to plaintiff Messina because he believed the "proposed actions" were "improper." Id., ¶ 7. Bragg does not identify any allegedly intimidating or harassing actions by Young. Id. In fact, Bragg does not even characterize defendant Young's actions as intimidating or harassing. Id. Bragg, rather, states his belief that a possible investigation was "improper." Id.

Lastly, Bragg affirms his commitment and "willingness to testify in this matter." Id., ¶ 8.

---

[1] Defendant Young does not concede the truth of any of the facts set forth in the Bragg Decl. The facts, as outlined, are merely summarized herein for the Court's convenience.

There is nothing in the Bragg Decl. that identifies, let alone evidences, any alleged witness tampering or evidence destruction. Id., ¶¶ 1-8. The Bragg Decl. contains no statement that defendant Young attempted to intimidate Bragg or any other potentially relevant witness. Id. It is clear from the Bragg Decl. that defendant Young had no personal threatening contact with Bragg pertaining to plaintiffs' allegations of witness tampering and destruction of evidence. Moreover, the Bragg Decl. makes no allegations of any witness' unwillingness to testify in this action or that Bragg is aware of any witness who has been silenced in connection with this matter. Id.

## ARGUMENT

### POINT I

### THIS COURT SHOULD DENY PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION

**A.   Plaintiffs Have Failed To Demonstrate Any Irreparable Harm.**

Plaintiffs' application for injunctive relief should be denied as plaintiffs have utterly failed to meet their burden of establishing irreparable harm. While this Court permitted plaintiffs time to submit additional declarations in support of their request for a preliminary injunction, plaintiffs have, still, failed to submit any documentation supporting their allegations of witness tampering, destruction of evidence and violations of constitutional rights. Nothing in the Bragg Decl. demonstrates any injury, let alone irreparable injury, to plaintiffs.

It is clear from the Bragg Decl. that defendant Young has not "silenced" any witness, particularly Bragg. See Bragg Decl. Indeed, Bragg fails to characterize defendant Young's alleged conduct as intimidating or harassing. Rather, Bragg states that he believed that the "proposed action[s]" of defendant Young and the ASLET Board were "improper." Id., ¶ 7. In fact, contrary to plaintiffs' allegations of witness tampering, Bragg affirmatively states his commitment and willingness to testify in connection with this action. Id., ¶ 8. Bragg has further affirmed this commitment by flying from Seattle to New York both last week and this week in connection with the within application. See transcript of oral argument held on May 14, 2004. Bragg's unwavering willingness to testify undermines any argument plaintiffs assert pertaining to witness tampering. It is perfectly clear from the Bragg Decl., that defendant Young has not, in any way, intimidated Bragg. See Bragg Decl.

Moreover, it is clear from the Bragg Decl. that defendant Young's alleged actions have not intimidated any witness. Id. Neither Bragg nor any plaintiff or declarant have identified a single witness who is unwilling to testify. See plaintiffs' supporting declarations. Further, no one has identified any facts supporting the contention that defendant Young's alleged actions have pressured or inhibited the testimony of any identifiable witness. Id.

In addition to failing to identify any actual injury, the Bragg Decl., like all of plaintiffs' declarations, also fails to identify any immediate harm, an essential element of proving irreparable injury. See NAACP v. Town of East Haven, 70 F.3d 219, 224 (2d Cir. 1995) (movant must show "injury it will suffer is likely and imminent, not remote or speculative"); Reuters Ltd. v. United Press Int'l Inc., 903 F.2d 904 (2d Cir. 1990). The Bragg Decl. merely refers to a conversation in January 2004 regarding "proposed actions." See Bragg Decl. Plaintiffs have offered no evidence of any action taken against them or their interests. It is apparent from the Bragg Decl., that Bragg has not had any contact, let alone harassing or even intimidating contact, with defendant Young since, at the latest, January 2004. See Bragg Decl. This, in and of itself, demonstrates a lack of imminent harm.

Importantly, even assuming, for argument's sake, that all of plaintiffs' allegations are true with respect to defendant Young's actions, plaintiffs still have not demonstrated any irreparable harm. Plaintiffs have repeatedly failed to identify what, if any, evidence would be lost by this alleged witness tampering or how any such evidence bears on the underlying case. Thus, plaintiffs have offered no evidence of an actual, let alone irreparable, injury from witness tampering.

Further, while plaintiffs' Order to Show Cause states that defendants are destroying evidence, not one declaration, including the late submission by non-party witness Bragg, identifies a single document that has allegedly been destroyed. In fact, the Bragg Decl., like all of plaintiffs' supporting

5

declarations, is completely silent on the issue of alleged evidence destruction.

Lastly, while plaintiffs assert defendant Young has violated their First and Seventh Amendment rights, there is nothing in the Bragg Decl. that supports plaintiffs' contention. In fact, throughout this litigation, plaintiffs' First Amendment rights have remained uninhibited. Plaintiffs have repeatedly published scathing comments about defendant Young and the ASLET Board on the internet. See Exhibit A to the Declaration of AUSA Catherine M. Mirabile, dated May 12, 2004.

Plaintiffs have failed to identify any injury. Plaintiffs have repeatedly failed to identify any witness who has allegedly been tampered with, any document that has allegedly been destroyed, or any constitutional right that has allegedly been violated. The issuance of a preliminary injunction is a drastic remedy that should not be granted lightly. Because plaintiffs have utterly failed to meet their burden of proving that a preliminary injunctive should be issued, this Court should deny plaintiffs' application in its entirety.

**B.      Plaintiffs Have Failed To Demonstrate A Likelihood Of Success On The Merits.**

As set forth in defendant Young's opening memorandum of law, in order to establish a right to injunctive relief, plaintiffs must establish irreparable harm and a likelihood of success on the merits. Defendant Young respectfully refers the Court to Defendant's Memorandum of Law in Opposition to Plaintiffs' Order to Show Cause for Preliminary Injunction, dated May 13, 2004, pp. 17-19.

The Bragg Decl. does not address the second prong for injunctive relief. The Bragg Decl. offers no facts pertaining to a likelihood of success on the merits or a serious question going to the merits of the underlying action, combined with a balance of hardships tipping decidedly in plaintiffs' favor. Importantly, plaintiffs' allegations of witness tampering, destruction of evidence and

constitutional violations are wholly unrelated to the merits of the racketeering allegations of the underlying complaint. In the federal context, these claims sound like Bivens claims. Plaintiffs do not, however, assert any constitutional violations against defendant Young and plaintiffs cannot use the within application as an attempt to convert this matter into a Bivens action.

### POINT II

### THIS COURT SHOULD DENY PLAINTIFFS' REQUEST FOR AN EVIDENTIARY HEARING

Defendant Young renews his objection to plaintiffs' request for an evidentiary hearing. There is overwhelming evidence before this Court, based upon the parties' written submissions, establishing that plaintiffs are not entitled to injunctive relief. See McKenna, 2002 U.S. Dist. LEXIS at 3489 (citations omitted) (preliminary injunction may be denied without a hearing "when the written evidence shows the lack of a right so clearly that receiving further evidence would be manifestly pointless"); Johnson v. Newport Lorillard, 2003 U.S. Dist. LEXIS 939 (S.D.N.Y. Jan. 23, 2003) (request for preliminary injunction may be decided upon parties' submissions); Drywall Tapers and Pointers of Greater N.Y. v. Local 530 of Operative Plasterers and Cement Masons Int'l Ass'n, 954 F.2d 69. 76 (2d Cir. 1992) (accord).

While this Court gave plaintiffs additional time to submit declarations in further support of their application, nothing in the Bragg Decl. supports plaintiffs' request for a preliminary injunction or their request for an evidentiary hearing. Rather, the Bragg Decl. further demonstrates that plaintiffs are not entitled to injunctive relief. Conducting an evidentiary hearing and receiving further evidence would be "manifestly pointless." See McKenna, 2002 U.S. Dist. LEXIS at 3489. Moreover, because plaintiffs have failed to identify facts to support irreparable harm, and, thus,

7

failed to put defendant Young on notice of a grounded basis for this injunction application, defendant Young submits that he would be prejudiced if plaintiffs were permitted to profer a basis for their application through an evidentiary hearing. Accordingly, this Court should deny plaintiffs' request for an evidentiary hearing.

## CONCLUSION

For these reasons and those set forth in defendant's Memorandum of Law in Opposition to Plaintiffs' Order to Show Cause for Preliminary Injunction, dated May 13, 2004, defendant Young respectfully requests that this Court deny plaintiffs' Order to Show Cause in its entirety together with such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
      May 19, 2004

                              Respectfully submitted,

                              ROSLYNN R. MAUSKOPF
                              United States Attorney
                              Eastern District of New York
                              Attorney for Defendant Young
                              One Pierrepont Plaza, 14th Floor
                              Brooklyn, New York 11201

By: _____
       CATHERINE M. MIRABILE (CM 1290)
       Assistant U.S. Attorney
       (718) 254-6055

Case 1:05-cv-00344-JJF    Document 56    Filed 05/31/2005    Page 10 of 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

PHILIP MESSINA, GEORGE DEMETRIOU §
Individually and on behalf of all other §
Similarly situated, and derivatively §
On behalf of the AMERICAN SOCIETY §
OF LAW ENFORCEMENT TRAINERS, §
INC. §
 §
 § Docket No. CV-04-0170 (TCP)
 §
 § **DECLARATION OF**
 § **ROBERT BRAGG**
          Plaintiffs, §
v. §
 §
FRANK A. HACKETT, JR., ANDREW §
CASAVANT, GREG MEYER, et al. §
 §
 §
 §
 §
          Defendants. §

------------------------------------------------X

I, Robert Bragg, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I serve as Program Supervisor of Fitness and Force Instructor Training for the Washington State Criminal Justice Training Commission, located in Seattle, Washington. I have held this position for 23 years.

2. I am a duly elected Board Member of the Board of Directors of the American Society of Law Enforcement Trainers (ASLET). I have been a member of ASLET since 1988. ASLET is a non-profit corporation, recognized as a 501-(c)-(3) charity by the Internal Revenue Service.

3. In addition to my employment with the State of Washington, I have a private consulting business which provides expert witness testimony in law enforcement use of force cases nationwide, and train law enforcement officers in physical arrest tactics.

4. During the ASLET Annual Training Convention, on or about January 23, 2004, I had a conversation with Glenn Young on the second floor landing of the Adams Mark Hotel, in St. Louis, Missouri. During that conversation he related to me: that an internal investigation had cleared him from charges of wrongdoing; that the supervisors involved were upset with the nature of the accusations; and that they were going to call their "Advanced Tactics Team" together and go after Messina and look in "every orifice" of his business. Young explained to me that the "Advanced Tactics Team" consisted of "attorneys and investigators from the CIA, IRS and FBI."

5. Subsequent to the Young meeting, I attended a previously unscheduled ASLET Board meeting. During that meeting I relayed the information I received from Young to those who were present. Attendees included Board Members and non-Board members, and ASLET's legal counsel, present via speakerphone.

6. Events took place during Executive Session at that meeting which heightened my concern about the information provided to me by Mr. Young which caused me to believe that Mr. Young's statements were more serious and valid than I had initially considered. Even though I was the one that initially brought this information, I was admonished not to discuss the details of these events as these events occurred during Executive Session.

7. Despite this admonishment from a corporate officer to the contrary, and knowing that this could adversely affect a potentially lucrative contract with Mr. Young's agency, I felt that it was in the best interest of ASLET that I inform Mr. Messina either directly or indirectly with the information regarding the proposed actions, actions which I believe to be improper.

8. Subsequent to the filing of the application for the Order to Show Cause, I received a phone call from Tim Dees, a corporate director and ASLET corporate secretary, in which Dees relayed to me his amazement at my involvement in this action and that Vice Chair Greg Meyer was concerned that I may be an "information leak" in the Defendants' plan surrounding this case. This attitude, compounded by the past advice by the Vice Chair given at the June Mid Year Meeting, solidified my willingness to testify in this matter.

I declare that the information contained in the above paragraphs is true to the best of my recollection.

_(signed)_ Robert Bragg    date: 5-14-04

## AFFIRMATION OF SERVICE BY FIRST CLASS MAIL AND FACSIMILE

**STEVEN M. LESTER,** an attorney admitted to practice in the Courts of the State of New York, affirms under penalty of perjury that on May 19, 2004, I served a true and correct copy of the annexed **DECLARATION OF ROBERT BRAGG** upon the following attorneys at the address designated by them, by delivering a true copy of the same enclosed in a properly addressed envelope, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York and by facsimile on May 17, 2004.

| **NAME AND PARTY** | **ADDRESS** |
|---|---|
| McCARTER ENGLISH, LLP<br>Attn.: Paul A. Bradley, Esq. | 919 N. Market Street<br>Suite 1800, P.O. Box 111<br>Wilmington, Delaware 19899<br>Fax No. (302) 984-6399 |
| CATHERINE M. MIRABILE, ESQ.<br>Assistant United States Attorney | 147 Pierrepont Street<br>Brooklyn, New York 11201<br>Fax No. (718) 254-7489 |

Dated: East Meadow, New York
       May 19, 2004

_____
STEVEN M. LESTER