

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and on<br>behalf of all others similarly situated, and<br>derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Plaintiffs,<br><br>           v.<br><br>FRANK A. HACKETT, JR.,<br>ANDREW CASAVANT,<br>GREG MEYER,<br>GARY T. KLUGIEWICZ,<br>TIMOTHY DEES,<br>LISA KONRATH,<br>MARY GIFFORD,<br>DAVID SMITH,<br>DAVID GROSSI,<br>JULIE LINKINS,<br>WILLIAM WESTFALL,<br>DANIEL WATSON,<br>GLENN YOUNG,<br>JOHN DOES 1-10,<br>    Defendants,<br><br>And AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Nominal Defendant.<br><br>STATE OF NEW YORK<br><br>COUNTY OF NASSAU | Civil Action No: CV-040170 (TCP)<br><br>**MEMORANDUM OF LAW IN**<br>**OPPOSITION TO ISSUANCE OF**<br>**PRELIMINARY INJUNCTION**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>ss.: |

Defendant Greg Meyer ("Meyer" and/or "Answering Defendant"), being duly sworn,

deposes and says, by and through his counsel, Paul A. Bradley:

Answering Defendant is a Defendant in the above-entitled action and, without waiver of

any defense asserted in Defendants' Motion to Dismiss, but rather expressly preserving all such

WL1: 90562.01

defenses, including the defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, insufficient service of process, lack of standing, failure to state a claim, improper venue, the doctrine of *forum non conveniens*, and that the Plaintiffs' claims are time barred, respectfully presents the following reasons why a preliminary injunction is not appropriate and should not issue: (1) the Court lacks personal jurisdiction over Defendant Meyer; (2) the delay in requesting this injunction demonstrates that there is no imminent threat of harm; (3) Plaintiffs have shown no serious questions going to the merits; (4) Plaintiffs cannot show irreparable harm; (5) Plaintiffs' allegations are based entirely on unpersuasive hearsay; and (6) a preliminary injunction may not issue for the sole benefit of one of the Plaintiffs.

**TABLE OF CONTENTS**

Page

INTRODUCTION.................................................................................................. 1

I.     THE COURT LACKS PERSONAL JURISDICTION OVER
       THE ANSWERING DEFENDANT, AND THEREFORE A
       PRELIMINARY INJUNCTION ENJOINING DEFENDANT
       MEYER CANNOT ISSUE.................................................................... 4

       a.     The Court lacks general jurisdiction over the Answering Defendant..... 4

       b.     The Court lacks specific jurisdiction over the Answering Defendant.... 6

       c.     The RICO statutes do not authorize nationwide personal jurisdiction
              over the Answering Defendant or any Defendant........................... 8

       d.     The co-conspirator theory does not apply to confer jurisdiction over
              the Answering Defendant or any Defendant............................... 9

II.    PLAINTIFFS' DELAY IN BRINGING THEIR MOTION
       FOR A PRELIMINARY INJUNCTION UNDERCUTS ANY
       CLAIM OF URGENCY, AND THUS, AN INJUNCTION IS
       UNNECESSARY AND INAPPROPRIATE........................................... 11

III.   PLAINTIFFS HAVE NOT SHOWN ANY SERIOUS QUESTIONS
       GOING TO THE MERITS.................................................................. 13

IV.    PLAINTIFFS CANNOT SHOW IRREPARABLE HARM....................... 14

V.     PLAINTIFFS' ALLEGATIONS ARE BASED ENTIRELY
       ON HEARSAY, AND THUS CANNOT BE THE BASIS
       FOR THE EXTRAORDINARY REMEDY OF A
       PRELIMINARY INJUNCTION........................................................... 16

VI.    BECAUSE A PRELIMINARY INJUNCTION MAY NOT
       ISSUE FOR THE BENEFIT OF ONLY ONE PART OF THE
       PLAINTIFF CLASS, THE COURT SHOULD NOT GRANT
       THE EXTRAORDINARY REMEDY OF A
       PRELIMINARY INJUNCTION........................................................... 18

i

## INTRODUCTION

The American Society of Law Enforcement Trainers ("ASLET") is a Delaware corporation and a non-profit association of those who train law enforcement officials. The organization is dedicated to enhancing and promoting excellence in law enforcement training. *See* Complaint at ¶¶ 2, 25, 55. ASLET is named as a Nominal Defendant solely in a derivative capacity, not as an actual Defendant. *See* Complaint at ¶ 39 & caption.

ASLET's contacts with New York are not substantial or frequent. Although ASLET has some authorized representatives throughout the country, it has no authorized representative or office in New York. These volunteer representatives are authorized to be a resource for information relating to the organization, but are not authorized to accept service of process or to set up an "ASLET office." There is no ASLET office in any state except Maryland.

Plaintiff Philip Messina ("Messina") resides in New York is a current director and former member of ASLET. He was elected to the ASLET Board ("the Board") of Directors on January 18, 1996, then resigned in January 23, 1998. He was elected again in February 14, 2001, and his term expires January 5, 2005. Messina has stated he is upset with the members of the Board because they have refused to endorse his suggestions. *See* Complaint, ¶ 7. Messina apparently cannot tolerate certain Board decisions and cannot comprehend (*see id.* at ¶ 6) why the Board supported its non-voting member Executive Director Frank A. Hackett's ("Hackett") ideas rather than Messina's own. *See id.* at ¶ 7. Messina now is trying to characterize the Board members' disagreement with his views as alleged corruption, conspiracy, fraud, and even federal violations. As a natural consequence of his belligerent and quarrelsome dealings with fellow Board members, he has alienated them. Although Plaintiff Messina is a director, he has not been a member of ASLET since December 20, 2003, when his membership was terminated by the Board after a hearing. *See* Complaint at ¶¶ 109-10.

Plaintiff George Demetriou ("Demetriou") resides in New York and is a current member of ASLET.

Answering Defendant Greg Meyer ("Meyer") is a current ASLET director and member, and is a resident of California. He has conducted no business in New York.

Defendant Glenn Young ("Young") is a member of ASLET, resides in Missouri, and works for the National Geospatial-Intelligence Agency.

In this suit, Plaintiffs have challenged the manner in which ASLET has been governed and managed over at least the last 10 years. In their unverified complaint ("Complaint"), Plaintiffs asserted various Delaware corporate causes of action – alleged fiduciary breaches and fiscal improprieties supposedly supported by board conference calls, corporate mailings and correspondence – in the guise of federal RICO crimes. Now, in their Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction ("Plaintiffs' Brief on the Motion"), Plaintiffs offer hearsay upon hearsay in support of a bizarre and unfounded claim that Board members, in particular Answering Defendant Meyer, and non-Board member Defendant Young, planned retaliation on, or threatened, Plaintiff Messina and other witnesses. *See, generally,* Declarations attached to Plaintiffs' Brief on the Motion ("Declarations"). Among Plaintiffs' absurd allegations is that Answering Defendant has a "hit list" of individuals who have assisted Plaintiff Messina. *See, e.g.,* Declaration of Edward Mandelbaum, ¶ 7. Notably, neither the Plaintiffs nor the declarants state that the alleged threats were made in New York, or that they were to be carried out in New York.

According to Plaintiff Messina's Declaration, on January 26, 2004 and January 27, 2004, Messina was informed by someone who had spoken to another person, who in turn had said that a "Task Force" had been put together to investigate Messina. *See* Declaration of Philip Messina,

¶ 4. Despite the alleged "impending retaliation" (*see* Plaintiffs' Brief on the Motion at 6),

Plaintiff Messina waited until April 8, 2004 to file a motion for a preliminary injunction in this

Court. Plaintiffs offer no evidence of any steps taken against them to effectuate the alleged plan

of reprisal.

Remarkably, Plaintiffs allege no threats against Plaintiff Demetriou. Demetriou is never

mentioned as a witness or as a potential witness. He did not submit a Declaration. Plaintiffs do

not allege that Demetriou is on the purported "hit list." Demetriou is not mentioned as playing a

key role in this action. *See* Plaintiffs' Brief on the Motion, at 2. In fact, Demetriou is mentioned

only once in the main text of Plaintiffs' Brief on the Motion, and not at all in the text of the

attached Declarations. *See generally* Plaintiffs' Brief on the Motion; *see id.* at 2 (simply stating

that Demetriou is a Plaintiff). In contrast, the name Messina appears 28 times in the Plaintiffs'

Brief on the Motion alone. The remainder of the brief states, for example, that because of

*Messina's* participation on the Executive Board, and the evidence *he* can supposedly produce,

Defendants Greg Meyer, Glenn Young and likely others, have allegedly conspired together to

intimidate *Messina* and witnesses in the case. *See id.* at 3. This difference makes evident, whom

the proposed preliminary injunction would benefit.

Without mentioning one credible incident of retaliation or threat, Plaintiffs allege that

they are entitled to a preliminary injunction as protection from supposed "retaliation and threats

against Messina, his business, and witnesses in this case" which allegedly "continue unabated."

*See* Plaintiffs' Brief on the Motion, Conclusion. Plaintiffs are simply wrong on several grounds,

as shown below. The extraordinary remedy of a preliminary injunction, with assertions of

multiple hearsay as its only support, should not issue.

I.    THE COURT LACKS PERSONAL JURISDICTION OVER THE ANSWERING
DEFENDANT, AND THEREFORE A PRELIMINARY INJUNCTION ENJOINING
DEFENDANT MEYER CANNOT ISSUE.

A court must have personal jurisdiction over each separate defendant.  *See Calder v.*

*Jones*, 465 U.S. 783 (1984).  This requirement is particularly important where injunctive relief,

which operates *in personam*, is requested.  *See Do the Hustle, LLC v. Rogovich*, No. 03 Civ.

3870(VM), 2003 WL 21436215 (S.D.N.Y. June 19, 2003)") (citing to *Visual Science Inc. v.*

*Integrated Communications, Inc.*, 660 F.2d 56, 59 (2d Cir.1981), *accord 601 West 26 Corp. v.*

*Solitron Devices, Inc.*, 291 F. Supp. 882, 895 (S.D.N.Y.1968), *aff'd*, 420 F.2d 293 (2d

Cir.1969)).  "[U]pon a plaintiff's request for a preliminary injunction, *'[a] prima facie showing*

*of jurisdiction will not suffice.* A court must have in personam jurisdiction over a party before it

can validly enter even an interlocutory injunction against him.'"  *Id.* (emphasis added).  The

Court thus may not issue an injunction without first conducting an evidentiary hearing to resolve

the dispute over whether the Court has personal jurisdiction over the Defendants.  *See In re*

*Rationis Enters., Inc. of Panama*, 261 F.3d 264, 269-271 (2d Cir. 2001).

Under New York law, a plaintiff must demonstrate that the court has general jurisdiction

over the defendant, *see* N.Y. C.P.L.R. § 301, or specific jurisdiction over the defendant with

respect to each claim, *see* N.Y. C.P.L.R. § 302.  "If the exercise of jurisdiction is appropriate

under [either] statute, the court must decide whether such exercise comports with the requisites

of due process."  *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997).

a.    The Court lacks general jurisdiction over the Answering Defendant.

Section 301 codifies the common law principle that a non-domiciliary is deemed to be

"present" in the state if the non-domiciliary is "doing business" in the state when the action is

commenced.  *See Hinsch v. Outrigger Hotels Hawaii*, 153 F. Supp.2d 209, 212 (E.D.N.Y. 2001);

4

*Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439, 440 (1965);

*Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 581 N.Y.S.2d 283, 286 (1st

Dep't 1992). A plaintiff must allege that the defendant was engaging in business "not

occasionally or casually, but with a fair measure of permanence and continuity." *Lancaster*, 177

A.D.2d at 156. The traditional indicia of general jurisdiction are "a home base, an agent for the

service of process, a local office, or the pursuance of a business from a tangible locale within the

state." Mary Twitchell, *The Myth of General Jurisdiction*, 101 Harv. L. Rev. 610, 635 n.36

(1988).

Answering Defendant Meyer is a California resident. *See* Complaint at ¶ 29. He does

not do regular business in New York, if at all. In fact, none of the Defendants reside, work, or do

regular business in New York. *See* Complaint at ¶¶ 25 – 38. Therefore, there is no basis for

personal jurisdiction over Meyer.

ASLET's presence as a Defendant does not alter this conclusion. Nominal Defendant

ASLET is not an Actual Defendant. *See* Complaint at ¶ 39 & Caption. Plaintiffs Messina and

Demetriou expressly state that "ASLET is named as a nominal defendant solely in a derivative

capacity." Complaint at ¶ 39. Plaintiffs list ASLET separately as a "Nominal Defendant" in the

caption of their Complaint. *See* Complaint at caption. ASLET is not listed with the other

individual Defendants. *See id.* Plaintiffs allege that they are bringing the present suit

"derivatively in the right of and for the benefit of ASLET." *See* Complaint at ¶ 39. As

"beneficiary" corporation, ASLET is not adverse to the Plaintiffs. As a result, its inclusion in the

Complaint does not confer jurisdiction over Meyer.

Even if ASLET, as Nominal Defendant, had contacts with New York, such contacts

would not confer, or even impact, personal jurisdiction over Answering Defendant Meyer,



because Plaintiffs make no allegation of ASLET's RICO action in furtherance of the alleged

conspiracy.

> Although the "beneficiary" corporation is named as a defendant, it
> is a nominal defendant only, and it is actually the real party in
> interest on the plaintiff's side.
>
> ***
>
> In the context of the due process requirements of the Constitution
> in asserting personal jurisdiction, *it is clear that the "beneficiary"*
> *corporation ought not be considered adverse to the plaintiff.*
> Unlike the truly adverse claims stated against "real" defendants,
> See, e. g., Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53
> L.Ed.2d 683 (1977), the naming of the derivative corporation as a
> party defendant raises no potentially harmful consequences for the
> corporation, because plaintiff is acting solely for the corporation's
> benefit.

*Messinger v. United Canso Oil and Gas Ltd.*, 80 F.R.D. 730, 733-34 (D. Conn. 1978) (emphasis

added).

Finally, Plaintiffs have alleged no indicia of general jurisdiction. ASLET has no "home

base" in New York. It has not designated a New York agent for service of process because it

does not conduct regular business in New York. There is no local ASLET office of any sort in

New York and no locale from which any ASLET agent actively pursues business. Thus, there

are no substantial, continuous, and systematic contacts between any Defendant, actual or

nominal, and New York.

For all of the foregoing reasons, there is no general jurisdiction over the Answering

Defendant.

b.    The Court lacks specific jurisdiction over the Answering Defendant.

N.Y. C.P.L.R. §302, which governs specific jurisdiction, provides:

> (a)    As to a cause of action arising from any of the acts
> enumerated in this section, a court may exercise personal



jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1.    transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2.    commits a tortuous act within the state, except as to a cause of action for defamation of character arising from the act; or

3.    commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

    (i)    regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

    (ii)    expects or should reasonably expects the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4.    owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. §302.

Plaintiffs do not allege that Answering Defendant Meyer conducts any business within New York State or that he contracts anywhere to supply goods or services in the state of New York. Plaintiffs appear to allege only that Meyer committed tortious acts outside the state causing injury to Plaintiff Messina's person or property within the state. *See* Complaint at ¶ 12. However, in order to claim this basis of personal jurisdiction, Plaintiffs must also allege facts showing that Meyer regularly did or solicited business in New York, or engaged in another persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in New York State. Plaintiffs' failure to meet this burden is manifest – they

have not alleged such conduct, nor have they alleged that Meyer derives substantial revenue from interstate or international commerce.[1]

Because Plaintiffs have failed to show that Meyer or the other individual Defendants had either sufficient contacts or continuous contacts with New York, they have not made even a *prima facie* showing of personal jurisdiction over Meyer. On this ground alone, Plaintiffs' extraordinary request for a preliminary injunction must be denied.

      c.     <u>The RICO statutes do not authorize nationwide personal jurisdiction over the Answering Defendant or any Defendant.</u>

Plaintiffs' Complaint invokes the expanded service of process provisions of 18 U.S.C. § 1965(b). See Complaint at ¶ 12. Section 1965(b) provides:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b). Even if applicable, § 1965(b) does not remedy the lack of personal jurisdiction over Meyer.

In *PT United Can Co., Ltd. v. Crown, Cork & Seal Co., Inc.*, 138 F.3d 65 (2d Cir. 1998), the Second Circuit Court held:

> Reading all of the subsections of § 1965 together, the court finds that [18 U.S.C.] § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. First, § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, a civil RICO case can only be brought in a district court where personal

---

[1] Jurisdiction over ASLET, a nominal Defendant, even if it exists, does not confer jurisdiction over the individual Defendants. *Supra* at 7-8.



jurisdiction based on minimum contacts is established as to at least one defendant.

Second, § 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that the "ends of justice" so require.

*PT United Can Co., Ltd.,* 138 F.3d 65, 71-72 (2d Cir. 1998). "'[T]he ends of justice' … refer[s] to a case in which there is no district with personal jurisdiction over all defendants." *Id.* at 72 n.5.

As demonstrated above, there is no individual defendant in this case, over which the Court has personal jurisdiction. None of the individual Defendants have minimum contacts with New York, and ASLET is not an actual defendant for purposes of personal jurisdiction. Because there is no jurisdiction over any individual defendant in this case, as the Second Circuit requires, the RICO statute does not permit jurisdiction over Defendant Meyer. Additionally, Plaintiffs have failed to show or even allege that there is no district with personal jurisdiction over all Defendants.

For the foregoing reasons, jurisdiction in New York is simply not appropriate, and despite Plaintiffs' claims to the contrary, the ends of justice cannot require this Court's jurisdiction over any of the Defendants, including Defendant Meyer.

d.    <u>The co-conspirator theory does not apply to confer jurisdiction over the Answering Defendant or any Defendant.</u>

Under New York law, the acts of a co-conspirator *within the state* may be attributed to an out-of-state defendant for the purposes of obtaining jurisdiction. *See Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 581 (E.D.N.Y. 1998). To establish jurisdiction on a conspiracy theory, a plaintiff must: (1) make a *prima facie* factual showing of a conspiracy; (2)

allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in this jurisdiction. *See Allstate Life Ins. Co. v. Linter Group Ltd.*, 782 F. Supp. 215, 221 (S.D.N.Y. 1992).

Plaintiffs have failed to identify a co-conspirator within New York state, with whom Meyer allegedly conspired. Plaintiffs have not described the acts of such a co-conspirator. Plaintiffs have also not identified a New York co-conspirator whose acts were either tortious, pursuant to the supposed conspiracy, or committed within New York, as required to establish jurisdiction in New York under a conspiracy theory. In fact, Plaintiffs have not named even one New York defendant. Thus, despite Plaintiffs' convoluted conspiracy theories, the absence of even one New York defendant is fatal to Plaintiffs' motion for a preliminary injunction, as Plaintiffs have not shown that this Court has personal jurisdiction over any of the Defendants.

In sum, because Plaintiffs fail to aver that Defendant Meyer had either sufficient contacts or continuous contacts with New York, because the RICO statute does not confer personal jurisdiction on the present facts, and because Plaintiffs have not identified a co-conspirator in New York, Plaintiffs have not shown that this Court has personal jurisdiction over Meyer or any other Defendant. Accordingly, a preliminary injunction should not issue against Meyer and, in fact, this case should be dismissed.

II.    PLAINTIFFS' DELAY IN BRINGING THEIR MOTION FOR A PRELIMINARY
       INJUNCTION UNDERCUTS ANY CLAIM OF URGENCY, AND THUS, AN
       INJUNCTION IS UNNECESSARY AND INAPPROPRIATE.

The standard in the Second Circuit for injunctive relief clearly calls for a showing of (a)

irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious

questions going to the merits to make them a fair ground for litigation and a balance of hardships

tipping decidedly toward the party requesting the preliminary relief. *See Waldman Publishing

Corp. v. Landoll, Inc.*, 43 F.3d 775, 779-80 (2d Cir. 1994). A preliminary injunction is an

extraordinary remedy (*see Connecticut v. Massachusetts*, 282 U.S. 660 (1931)) that should be

used sparingly and only in a clear case. *See Massachusetts State Grange v. Benton*, 272 U.S. 525

(1926).

An action for a preliminary injunction should be commenced without unreasonable delay.

*See Central Point Software, Inc. v. Global Software & Accessories, Inc.*, 859 F. Supp. 640, 645

(E.D.N.Y. 1994). "Plaintiffs' extensive delay in bringing this motion for a preliminary

injunction undercuts any claim of urgency to the preliminary relief now sought." *Id.*

In their motion, Plaintiffs claim that "this matter must be heard immediately," *see*

Plaintiffs' Brief on the Motion at 3, and that Plaintiffs are "forced to request immediate relief."

*See id.* at 8. Yet, they have failed to explain why they have delayed in moving for immediate

relief. According to the Declarations, the seminal hearsay statements that triggered Plaintiffs'

claims were allegedly spoken sometime in January 2004. *See generally* Declarations. However,

Plaintiffs waited until April 2004 to request injunctive relief from this Court. Such delay

undercuts any claim of urgency to Plaintiffs' request.

Additionally, Messina attended a deposition in his Delaware cases after the alleged

intimidating threats, but he did not file a motion for preliminary injunction because of alleged

harassment or intimidation in those three cases. This omission is particularly odd because the Delaware Chancery Court's personal jurisdiction over the Answering Defendant is uncontested.

Plaintiffs' delay strongly contradicts Plaintiffs' own claims of urgency. For this same reason, it cannot be said that the balance of hardships tips decidedly in Plaintiffs' favor. The Court has no reason to award Plaintiffs the extraordinary relief of a preliminary injunction.

III.  PLAINTIFFS HAVE NOT SHOWN ANY SERIOUS QUESTIONS GOING TO THE MERITS.

Plaintiffs mistakenly allege that their unverified Complaint and the hearsay statements accompanying their motion raise substantial and serious issues requiring adjudication. *See* Brief on the Motion, 9.  Allegations contained in an unverified complaint may not be considered as support for a preliminary injunction. *See* 13 James Wm. Moore et al., *Moore's Federal Practice* ¶ 65.23[1] (3d ed. 2003) (citing to *Gaylor v. Reagan*, 553 F. Supp. 356, 358 (W.D. Wis. 1982) (motion for preliminary injunction was denied when movant submitted unverified complaint)). Therefore, the only questions that Plaintiffs demonstrate are those concerning the veracity of the self-contradicting hearsay statements in their declarations.  And any questions raised by such declaration certainly cannot be characterized as serious.  These statements do not address the merits of this action, as Second Circuit courts require for preliminary injunctions.  For these reasons as well, a preliminary injunction should not issue.

13

IV.    PLAINTIFFS CANNOT SHOW IRREPARABLE HARM.

Plaintiffs rely on *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976), and *Henry v. Greenville Airport Commission*, 284 F.2d 631, 633 (4th Cir. 1960) for the proposition that a deprivation of a constitutional right constitutes irreparable harm.  However, Plaintiffs' collection of outlandish, contradictory Declarations containing hearsay upon hearsay without any evidence of harm or threat of harm to Plaintiffs does not constitute proof of the deprivation of any right, let alone proof of irreparable harm.  Injunctive relief may not be granted merely to allay Plaintiffs' unfounded fears and apprehensions or to soothe irrational anxieties.  *See Township of South Fayette v. Allegheny County Housing Authority*, 27 F. Supp. 2d 582 (W.D. Pa. 1998), *aff'd*, 185 F.3d 863 (3d Cir. 1999), *aff'd*, 185 F.3d 863 (3d Cir. 1999).

Moreover, the cases Plaintiffs cite are inapposite.  The *Elrod* case involved violations of certain plaintiffs' First Amendment *rights of association* with a political party and the applicability of injunctive relief in an employment situation.  *See Elrod* at 373.  Plaintiffs Messina and Demetriou have not alleged that their rights of association, or those of the witnesses or "key role" players have been violated.  Therefore, the *Elrod* case has no applicability here.

The *Greenville* case dealt with racial segregation and civil rights, and has no parallel to the present facts.  *See Greenville* at 632.  Furthermore, the *Greenville* court required the clear establishment of undisputed evidence that plaintiffs were being denied a constitutional right in order for a preliminary injunction to issue.  *See id.* at 633.  The evidence in the Declarations is neither clear nor undisputed, as Defendant Tim Dees' ("Dees") affidavit illustrates.  Dees' affidavit is attached hereto as Exhibit A.  Because Dees has attended all relevant Board meetings and has conversed extensively with other Board members, he has personal knowledge of Board conversations, unlike Plaintiffs and their Declarants.  Dees' affidavit makes evident that no one,

14

including Answering Defendant Meyer, had spoken of plans for retribution or intimidation, or had threatened such actions against Messina, the witnesses in this or any case, or anyone – during or after Board meetings.

Because Plaintiffs' "evidence" is disputed, because Plaintiffs have not clearly established facts supporting a denial of constitutional right, and because *Greenville* deals with racial segregation and civil rights, the ruling in *Greenville* is not applicable to our facts. Plaintiffs, thus, fail to show that there is any threat of irreparable harm, and their request for a preliminary injunction must be denied.

V.    PLAINTIFFS' ALLEGATIONS ARE BASED ENTIRELY ON HEARSAY, AND
      THUS CANNOT BE THE BASIS FOR THE EXTRAORDINARY REMEDY OF A
      PRELIMINARY INJUNCTION.

A party moving for injunctive relief must show "that there exists some cognizable danger

of recurrent violation, something more than the mere possibility" of recurrence. *See United*

*States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). Under the well-settled law of the Second

Circuit, the plaintiffs must make an extraordinary showing for a preliminary injunction to issue.

*See Wolf v. Torres*, No. 87 Civ. 1795(JFK), 1987 WL 10033, at *2 (S.D.N.Y. April 21, 1987).

The preliminary injunction, which is one of the most drastic tools in the arsenal of judicial

remedies must be used with great care. *See id.* (citing to *Hanson Trust PLC v. SCM Corp.*, 774

F.2d 47, 60 (2d Cir. 1985)).

As a general rule, a preliminary injunction should not issue on the basis of affidavits

alone. *See Atari Games Corp. v. Nintendo of Americ*a, 897 F.2d 1572, 1575 (Fed. Cir. 1990)

(citing to *Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp.*, 443 F.2d 867 (2d Cir. 1971);

*People ex rel. Hartigan v. Peters*, 871 F.2d 1336 (7th Cir.1989); *Medeco Sec. Locks, Inc. v.*

*Swiderek*, 680 F.2d 37 (7th Cir. 1981)). Moreover, a district court should be wary of issuing an

injunction based solely upon allegations and conclusory affidavits submitted by plaintiffs. *See*

*Atari Games at 1575* (citing to *American Passage Media Corp. v. Cass Communications,* 750

F.2d 1470 (9th Cir.1985) (reversing grant of preliminary injunction of alleged antitrust violations

based on conclusory affidavits)).

In the Declarations attached to the Plaintiffs' Brief on the Motion, Plaintiff Messina and

other declarants support their outlandish claims with multiple layers of hearsay. Such evidence

is not only inadmissible; it is also patently conclusory. Plaintiff Messina and the declarants

provide no first hand account of a credible threat; they provide no evidence of intimidation or

retribution. Plaintiff Demetriou has written no Declaration and has provided no account of harm to, intimidation of, or retribution against, himself or any other witness. Such meager unsupported evidence cannot amount to the required extraordinary showing necessary for the issuance of a preliminary injunction.

Finally, Plaintiffs have not given sufficient guidance as to the scope of their proposed injunction. A court cannot issue an injunction whose scope and meaning are unclear. *See Metropolitan Opera Assoc., Inc. v. Local 100*, 239 F.3d 172, 175-76 (2d Cir. 2001). Because Plaintiffs have not defined or named their witnesses, or even presented a reasonable example of the sort of behavior or speech they wish to enjoin, Plaintiffs are requesting a vague injunction. For instance, by enjoining the intimidation of Messina and undefined "witnesses," this Court would be referring to anyone Messina himself deems a key role-player in this action. Such an order would stifle even good faith negotiations, as well as regular business discussion between Board members Messina and Meyer. *See id.*

Overall, Plaintiffs have not met their high burden of persuasion because they have failed to provide even a shred of first-hand evidence of actual intimidation or retribution, or the threat of intimidation or retribution. Therefore, Plaintiffs' motion for a preliminary injunction against Meyer must be denied.

VI.    BECAUSE A PRELIMINARY INJUNCTION MAY NOT ISSUE FOR THE
       BENEFIT OF ONLY ONE PORTION OF THE PLAINTIFF CLASS, THE COURT
       SHOULD NOT GRANT THE EXTRAORDINARY REMEDY OF A PRELIMINARY
       INJUNCTION.

In a motion for a preliminary injunction, it is *not sufficient* for movants "to show that

[irreparable] harms might be experienced by a very few [members of the class]. One cannot

infer from the fact that a few members with unique problems might be able to meet the standard

that the impact is class wide." *Cooper v. TWA Airlines*, LLC, 274 F. Supp. 2d 231, 242

(E.D.N.Y. 2003). *See also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487-89 (3d Cir. 2000)

(reversing the grant of a preliminary injunction protecting all plaintiffs because evidence

presented to the district court established only that *some* plaintiffs would suffer irreparable harm

in the absence of preliminary injunctive relief.)

Plaintiffs allege that they are bringing a class action. *See* Complaint, ¶¶ 17-24. Yet, the

Court need not look beyond the four corners of the Plaintiffs' Brief on the Motion to discover

which one of the Plaintiffs the preliminary injunction is intended to protect. It is intended to

protect and benefit only Messina.

Specifically, Plaintiffs do not allege that the entire class of Plaintiffs is being denied its

First Amendment or Fourteenth Amendment rights. Plaintiffs also allege no threats against

Plaintiff Demetriou. Demetriou is never mentioned as a witness or as a potential witness.

Plaintiffs allege no violation of his First Amendment rights. He did not submit a Declaration.

Plaintiffs do not allege that Demetriou is on the purported hit list. Demetriou is not mentioned as

playing a key role in this action. *See* Plaintiffs' Brief on the Motion, at 2. In fact, Demetriou is

mentioned only once in the main text of Plaintiffs' Brief on the Motion, and not at all in the text

18

of the attached Declarations. *See generally* Plaintiffs' Brief on the Motion; *see id.* at 2 (simply stating that Demetriou is a Plaintiff).

In contrast, the name Messina appears approximately 28 times in the Plaintiffs' Brief on the Motion alone. This discrepancy makes evident, whom the proposed preliminary injunction would benefit. The remainder of the brief states, for example, that because of *Messina's* participation on the Executive Board, and the evidence *he* can supposedly produce, Defendants Greg Meyer, Glenn Young and likely others, have allegedly conspired together to intimidate *Messina* and witnesses in the case. *See id.* at 3.

Thus, even if Messina had presented credible evidence that Answering Defendant planned intimidation or retribution, a preliminary injunction cannot issue for the sole benefit of Messina – one of the two actual Plaintiffs in this case – or even for the benefit of a portion of the Plaintiff class. Plaintiffs must make an extraordinary showing, supported by credible evidence, that they are both intimidated and threatened by Meyer, and that Plaintiffs and the Plaintiff class will suffer some irreparable harm. Plaintiffs' failure to do so is fatal to their motion.

WHEREFORE, Answering Defendant respectfully requests that the Court deny Plaintiffs' extraordinary request for a preliminary injunction, and dismiss the Plaintiffs' Complaint for lack of jurisdiction, as well as such other and further relief as may be just and proper.

Dated: <u>Wilmington, Delaware, May 11, 2004</u>

**McCARTER & ENGLISH, LLP**

BY: _____

PAUL A. BRADLEY
A. RICHARD WINCHESTER
JAMES J. FREEBERY
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MESSINA, ) | |
| GEORGE DEMTRIOU, individually and on ) | |
| behalf of all others similarly situated, and ) | Civil Action No:  CV-040170 (TCP) |
| derivatively on behalf of ) | |
| AMERICAN SOCIETY OF LAW ) | |
| ENFORCEMENT TRAINERS, INC., ) | |
| Plaintiffs, ) | AFFIDAVIT OF SERVICE |
| ) | |
| v. ) | |
| ) | |
| FRANK A. HACKETT, JR., ) | |
| ANDREW CASAVANT, ) | |
| GREG MEYER, ) | |
| GARY T. KLUGIEWICZ, ) | |
| TIMOTHY DEES, ) | |
| LISA KONRATH, ) | |
| MARY GIFFORD, ) | |
| DAVID SMITH, ) | |
| DAVID GROSSI, ) | |
| JULIE LINKINS, ) | |
| WILLIAM WESTFALL, ) | |
| DANIEL WATSON, ) | |
| GLENN YOUNG, ) | |
| JOHN DOES 1-10, ) | |
| Defendants, ) | |
| ) | |
| And AMERICAN SOCIETY OF LAW ) | |
| ENFORCEMENT TRAINERS, INC., ) | |
| Nominal Defendant. ) | |

I, Paul A. Bradley, declare under penalty of perjury that I have served a copy of the

attached Memorandum in Opposition to Issuance of Preliminary Injunction by Federal Express

upon the following:

Steven M. Lester, Esq.
Law Offices of Steven M. Lester
325 Merrick Avenue
East Meadow, NY 11554
Attorneys for the Plaintiffs

Catherine Mirabile, Esq.,
Assistant U.S. Attorney
U.S. Attorney's Office
1 PierrePont Plaza, 14th Floor
Brooklyn, NY 11201
Attorneys for Defendant Glenn Young

Dated: May 11, 2004

**McCARTER & ENGLISH, LLP**

**BY:**  _Paul A. Bradley_

PAUL A. BRADLEY
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Defendants Frank A. Hackett
Jr., Andrew Casavant, Greg Meyer, Gary T.
Klugiewicz, Timothy Dees, Lisa Konrath,
Mary Gifford, David Smith, David Grossi,
Julie Linkins, William Westfall, Daniel
Watson, and American Society Of Law
Enforcement Trainers (nominal defendant)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PHILIP MESSINA, | ) | |
| GEORGE DEMTRIOU, individually and | ) | |
| on behalf of all others similarly situated, | ) | Civil Action No:  CV-040170 (TCP) |
| and derivatively on behalf of | ) | |
| AMERICAN SOCIETY OF LAW | ) | |
| ENFORCEMENT TRAINERS, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | **AFFIDAVIT OF** |
| v. | ) | **TIMOTHY M. DEES** |
| | ) | |
| FRANK A. HACKETT, JR., | ) | |
| ANDREW CASAVANT, | ) | |
| GREG MEYER, | ) | |
| GARY T. KLUGIEWICZ, | ) | |
| TIMOTHY DEES, | ) | |
| LISA KONRATH, | ) | |
| MARY GIFFORD, | ) | |
| DAVID SMITH, | ) | |
| DAVID GROSSI, | ) | |
| JULIE LINKINS, | ) | |
| WILLIAM WESTFALL, | ) | |
| DANIEL WATSON, | ) | |
| GLENN YOUNG, | ) | |
| JOHN DOES 1-10, | ) | |
| Defendants, | ) | |
| | ) | |
| And AMERICAN SOCIETY OF LAW | ) | |
| ENFORCEMENT TRAINERS, INC., | ) | |
| Nominal Defendant. | ) | |
| | ) | |
| STATE OF NEW YORK | ) | |
| | ) | ss.: |
| COUNTY OF NASSAU | ) | |

I, Timothy M. Dees, hereby depose and state:

1.     I am a director of the American Society of Law Enforcement Trainers, Inc.

("ASLET"), and hold the position of secretary on ASLET's board of directors ("Board").

I am also the principal of Police Technology Consulting, an organization that advises and provides services related to law enforcement on technology. Before becoming a consultant, I was a law enforcement officer for the City of Reno, Nevada for fourteen years until 1993.

2.    I attended the annual meeting of ASLET in St. Louis, Missouri in January 2004, as well as Board meetings. I never heard any director state that he or she was going to retaliate against Philip Messina or his school or that anyone was going to use contacts with federal agencies to retaliate against Philip Messina or his school. I heard nothing about a scheme or concerted effort by the ASLET Board or any Board member to destroy Messina and his business, Modern Warrior. I also heard nothing about a "team of feds," an "Advanced Tactical Team," or a "Task Force" pursuing Messina and/or Kennedy.

3.    I did hear a statement that Glenn Young, a defendant in this case, was to be represented by federal attorneys, rather than by counsel for ASLET, and that these government attorneys would aggressively defend Young in light of the allegations. I heard nothing about a plan to ruin Messina or his business, either by using government resources or by other means.

4.    I do recall conversations that the allegations of the complaint were frivolous and that an aggressive defense of the lawsuit was necessary in light of Messina's apparent efforts to destroy ASLET and the others he sued.

5.    Although I did speak to Lawrence Nadeau and Kathy Wright at some point, Robert Bragg was not present at our conversation.  I did not state that certain directors were going to retaliate against Mr. Messina or his school, that anyone was going to use their contacts at federal agencies to get back at Messina, that anyone was sending a team of "Feds" after Messina, his wife or their school, or any words to that effect.  I did state that Messina should prepare a defense against several countersuits that might be filed against him by those he sued.

6.    I have never mentioned, nor have I heard mention of, nor seen, a "hit list" of individuals that the ASLET Board of Directors wishes to investigate, threaten, and/or intimidate.

I declare that the information contained in the above paragraphs is true to the best of my recollection.

**Timothy M. Dees**
ASLET Board Member and
Secretary

**NOTARY VERIFICATION**

Sworn to before me this 5ᵗʰ
day of May , 2004.

Notary Public



OFFICIAL SEAL
SHANNON L FRANKLIN
NOTARY PUBLIC - OREGON
COMMISSION NO. 378941
MY COMMISSION EXPIRES MAR. 25, 2008