By their Complaint, Plaintiffs, neither as individuals nor derivatively, have standing to sue under RICO. If plaintiffs assert individual injury, then they have failed to allege injury to their individual businesses[2] or property, as required by the statute. Moreover, they have failed to also allege a causal relationship between the defendants' alleged violations and any injury that this Court has recognized as conferring RICO standing.

The allegations with respect to Plaintiff Messina make clear this conclusion. Plaintiff Messina has alleged the loss of a right to vote, as well as retaliatory measures and even monetary loss due to his investigations of the defendants' purported violations. None of these, under the statute or under the ruling in *Donohue*, confer RICO standing on him. Messina cannot claim that his alleged disenfranchisement confers standing because the Delaware General Corporations law, and common law, apply here and provide remedies for such a violation. A suit on this issue, in fact, is pending in the Delaware Chancery Court. *See* Supplemental and Amended Complaint in *Messina v. ASLET et al.*, attached hereto as Exhibit A. The costs of investigating this suit cannot constitute loss or injury to Messina's property because such costs do not flow directly from and are not proximately caused by Defendants' actions. Neither can Messina claim that retaliatory measures confer standing under RICO. There are state and common law remedies for all such injuries, if indeed they exist. The Court of Appeals for the Second Circuit and this Court consistently have refused to confer RICO standing upon such tenuous connections to alleged RICO violations. *See Burdick v. American Express Co.*, 865 F.2d 527, 529 (2d Cir. 1989) (the purpose of civil RICO liability does not extend to deterring any illegal act such as retaliatory firings for which there are state and common law remedies); *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 24 (2d Cir. 1990) ("Although [plaintiff's] loss of employment may

---

[2] Injury to ASLET cannot be the injury to the individual plaintiff's business, because such a claim is a derivative claim and belongs exclusively to the corporation. *See Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 849 (2d Cir. 1986).

have been factually caused by defendants' RICO violations, it was not a foreseeable natural consequence sufficient for proximate causation."); *Donohue* at 277-78 ("This Court agrees with the Fifth and Ninth Circuits, which hold that an '[i]njury to mere expectancy interests or to an "intangible property interest" is not sufficient to confer RICO standing'").

Thus, even if all of the plaintiffs' allegations are accepted as true, plaintiffs can prove no damage to their business or property as required by RICO. Since no set of facts before this Court supports the plaintiffs' RICO standing, their Complaint must be dismissed.

### 2. There is no derivative standing

Plaintiffs as individuals also lack standing to sue under RICO for injuries incurred by ASLET. If ASLET incurred legal injury covered by RICO, then shareholders' or members' rights to sue are derivative and must be asserted through the corporation. *See Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 849 (2d Cir. 1986). For this reason, plaintiffs must fulfill all the requirements for derivative actions, as set forth in F.R.C.P. 23.1.

Plaintiffs, however, have failed to fulfill those requirements in both form and in substance. First, Plaintiffs did not verify their Complaint. *See* F.R.C.P. 23.1. Second, they have failed to allege that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. *See id.* Third, the Plaintiffs have failed to allege how Defendants' use of mail or wires, or Defendants' alleged conspiracy, have directly injured ASLET at all – let alone in the amount of hundreds of thousands of dollars. *See* 18 U.S.C. § 1964(c). Plaintiffs do not claim that the Defendants mailed or wired money away from the ASLET; there is no direct injury of this sort even alleged. Although Plaintiffs allege a scheme or conspiracy, they do not and cannot connect the scheme directly or proximately to specific and genuine injuries of ASLET.

For all these reasons, the Complaint is insufficient and should be dismissed.

B. <u>Plaintiffs fail to state a claim upon which relief under RICO may be granted.</u>

    1.    <u>Plaintiffs' failure to allege reliance and causation dooms their Complaint.</u>

In the Second Circuit, a RICO plaintiff who alleges mail fraud must plead both reliance and injury caused by such reliance. *See Burke v. Dowling*, 944 F. Supp. 1036, 1053 (E.D.N.Y. 1995) (citing *Metromedia Co. v. Fugazy*, 983 F.2d 350, 368 (2d Cir. 1992), *cert. denied*, 508 U.S. 952 (1993)). Plaintiffs have failed to allege that they relied to their detriment on the alleged fraudulent misrepresentations, promulgated through mail or wire fraud. Plaintiffs also have failed to allege clear injury to themselves caused by such reliance. Thus, Plaintiffs' Complaint fails to state a RICO claim for mail fraud, and therefore should be dismissed.

    2.    <u>Plaintiffs have not alleged facts which satisfy RICO's requirement of an "Enterprise."</u>

Plaintiffs have failed to allege any distinction between the "enterprise" and the "persons" conducting the affairs of that enterprise in the prohibited manner, as required in the Second Circuit. This omission is a fatal flaw in their Complaint. *See Bennett v. United States Trust Co. of New York*, 770 F.2d 308, 315 (2d Cir. 1985) (citing to *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384, 400 (7th Cir. 1984) ("section 1962(c) requires separate entities as the liable person and the enterprise"), *aff'd on other grounds*, 473 U.S. 479 (1985) (*per curiam*); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) ("If Union Bank is the enterprise, it cannot also be the RICO defendant."); *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190 (4th Cir. 1982) ("'enterprise' was meant to refer to a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit"), *cert. denied*,

459 U.S. 1105 (1983); *Kaufman v. Chase Manhattan Bank, N.A.*, 581 F. Supp. 350, 357-58 (S.D.N.Y. 1984) (complaint must distinguish the enterprise from the person)).

The Complaint does not distinguish the enterprise from the liable persons. On the contrary, Plaintiffs allege that the individual perpetrators, the defendants, <u>are</u> the enterprise. *See* Complaint at ¶ 128. On Plaintiffs' allegations, the "enterprise" refers to an entity that is the same as the persons whose behavior the RICO act was designed to prohibit. Plaintiffs, thus, have created a fictional entity that cannot exist under RICO jurisprudence.

Even if the plaintiffs' allegations are accepted as true, and the Defendants actually comprise the victimized passive entity – the enterprise, *see Bennett* at 315 – the only logical conclusion is that plaintiffs are suing the *individual* defendants for harming themselves. In addition to the problem of standing inherent in this arrangement, such allegations cannot support the RICO claims advanced in Plaintiffs' Complaint.

For these reasons, the Plaintiffs' Complaint does not state a claim for which relief can be granted. Their Complaint therefore must be dismissed.

V. <u>THIS DISTRICT IS THE IMPROPER VENUE FOR PLAINTIFFS' ACTION.</u>

Plaintiffs assert that venue for their action is predicated upon 18 U.S.C. § 1965 and 28 U.S.C. §§ 1391(b), (c), and (e). *See* Complaint ¶ 12. 18 U.S.C. § 1965(a) sets forth the laying of venue:

> Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965(a).

Plaintiffs have conceded that the individual defendants do not reside in New York. *See* Complaint ¶¶26-38. Plaintiffs have failed to allege that defendants are either found, have an agent, or transact business in New York. Venue, thus, is not proper in New York.

28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). On the facts alleged, subsection (1) does not apply because Plaintiffs concede that Defendants do not reside in the same state. Likewise, subsection (2) does not support venue in New York because Plaintiffs do not allege that a substantial part of the events or omissions giving rise to the claim occurred in New York; those events purportedly took place elsewhere. Subsection (3) cannot support venue in New York, because the Plaintiffs' action can be brought in the District of Delaware, if at all, because ASLET is a Delaware corporation, and the actions of it and its officers and directors are governed by the Delaware General Corporations Law. In fact, Plaintiff Messina already has instituted three suits in the Delaware Court of Chancery. Clearly, 28 U.S.C. § 1391(b) does not support venue in New York.

28 U.S.C. § 1391(c) provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district,

>the corporation shall be deemed to reside in the district within
>which it has the most significant contacts.

28 U.S.C. § 1391(c). ASLET is subject to personal jurisdiction in Delaware, its place of incorporation, as well as in Maryland, its principal place of business. These facts support venue outside of New York. Moreover, Delaware and Maryland each have one judicial district; thus, the balance of the statute is inapplicable. 28 U.S.C. § 1391(c) cannot support venue in New York.

28 U.S.C. § 1391(e) states:

>A civil action in which a defendant is an officer or employee of the
>United States or any agency thereof acting in his official capacity
>or under color of legal authority, or an agency of the United States,
>or the United States, may, except as otherwise provided by law, be
>brought in any judicial district....

28 U.S.C. § 1391(e). Plaintiffs do not allege that Defendant officers or employees of the United States or any United States agency were acting in their official capacity or under color of legal authority when they supposedly committed violations. Thus, this section is not relevant here.

For these reasons, venue in New York is improper, and Plaintiffs' Complaint, by its own allegations, should be dismissed.

7. THIS CASE SHOULD BE DISMISSED UNDER THE DOCTRINE OF FORUM NON CONVENIENS.

Plaintiffs have commenced this action in the Eastern District of New York. For the reasons discussed below, Defendants respectfully request that this Court dismiss Plaintiffs' complaint based on the doctrine of forum non conveniens. See *Piper Aircraft Co. v. Reno*, 454 U.S. 235 (1981). In *Piper*, the Supreme Court held:

>When an alternative forum has jurisdiction to hear the case, and
>when trial in the chosen forum would establish . . . the
>oppressiveness and vexation to a defendant . . . out of all

15



> proportion to plaintiff's convenience or when the chosen forum [is] inappropriate because of considerations affecting the Court's own administrative and legal problems, the Court may in the exercise of its sound decision, dismiss the case.

Id. at 241 (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

The United States Supreme Court has provided a list of factors, which serve as a guide in determining whether an action should be dismissed on the ground of forum non conveniens. These factors include both the private interests of the litigants and public interest factors:

### PRIVATE INTERESTS

- Relative ease of access to sources of proof;

- Availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses;

- Possibility of view of premises, if view of premises would be appropriate to the action;

- Other practical problems that make trial of a case easy, expeditious and inexpensive.

### PUBLIC INTERESTS

- The administrative difficulties flowing from court congestion;

- The local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;

- The avoidance of unnecessary problems in conflict of laws, or in the application of foreign law;

- The unfairness of burdening citizens in an unrelated forum with jury duty.

*See Piper*, at 241 n.6 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

16

Plaintiffs' allegations as well as other considerations demonstrate that the Eastern District of New York is not the most convenient forum. The private factors clearly come down on the side of the Delaware forum. First, all of the Defendants, though diverse in residency, are connected through ASLET, a Delaware corporation. Delaware courts can properly serve and acquire jurisdiction over ASLET, as well as its Directors and officers. *See* 10 Del. C. § 3114; 8 Del. C. § 321. Second, three cases, filed by Plaintiff Messina and arising from some of the same facts as are alleged in the Complaint, have been pending in Delaware for as long as 13 months. Messina will be indeed hard pressed to argue that Delaware is not an appropriate forum in which to air his complaints.

The public interest factors also favor dismissing this case under the doctrine of forum non conveniens. Delaware has a powerful and unique interest in having the relevant controversies decided in Delaware because they are, at their core, issues involving governance or control of a Delaware corporation. *See* Complaint at ¶ 197-244. *See Sternberg v. O'Neill*, 550 A.2d 1105, 1123 (Del. 1998) ("Delaware has an interest in holding accountable those responsible for the operation of a Delaware corporation"); *E.M. Armstrong et al., v. Pomerance*, 423 A.2d 174, 179 n. 8 (Del. 1980) (referring to *Shaffer v. Heitner*, 433 U.S. 186, where the Supreme Court implicitly approved 10 Del. C. § 3114. The legislative synopsis of the statute states: "Delaware has a substantial interest in defining, regulating and enforcing the fiduciary obligations which directors of Delaware corporations owe to such corporations and the shareholders who elected them"); *In re USACafes, LP. Litig.*, 600 A.2d 43, 51 (Del. Ch. 1991) (noting forum state interest in resolving issues of corporate governance). New York, on the other hand, has only minimal interest in such issues.

17

A brief glance at the claims for relief also reveals the pervasive extent to which Delaware law would decide the substantive claims. Most of the claims for relief in the complaint, besides the bogus RICO claims, are governed by Delaware law: breach of fiduciary duty and duty of loyalty; waste of corporate assets; aiding and abetting; common law fraud; and breach of contract. Delaware's strong and legitimate interest in resolving such claims involving Delaware law, and the internal affairs, governance or management of its domestic corporations, has been reaffirmed time and again. The applicable laws, moreover, both federal and state, may be most efficiently applied in Delaware, where conflict of laws would be avoided, and jurors in an unrelated forum would not be burdened.

## CONCLUSION

Defendants respectfully submit that Plaintiffs have attempted to make mountains out of molehills, to dress up state law causes of action in the raiments of federal claims, and to inappropriately seek jurisdiction and a remedy in this Court. Plaintiffs' Complaint is facially insufficient and should be dismissed. This matter clearly should be addressed (if at all) in a Delaware forum.

WHEREFORE, Moving Defendants respectfully request that the Court grant the within motion, dismissing the Plaintiffs' Complaint, as well as such other and further relief as may be just and proper.

Dated: Wilmington, Delaware, February 20, 2004

McCARTER & ENGLISH, LLP

BY: _____
PAUL A. BRADLEY
A. RICHARD WINCHESTER
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Defendants
