EXHIBIT A

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

PHILIP MESSINA, in his official capacity §
as a Director of the American Society §
of Law Enforcement Trainers, Inc., §
EDWARD MANDELBAUM, §
as a member of the American Society §
of Law Enforcement Trainers, Inc., §
a Delaware nonstock corporation, §
                                      §          Civil Action No.  2247-S
                                      §
                                      §      **SUPPLEMENTAL AND**
                                      §      **AMENDED COMPLAINT**
                                      §
                    Plaintiffs,       §
v.                                    §
                                      §
                                      §
AMERICAN SOCIETY OF LAW               §
ENFORCEMENT TRAINERS, INC., and       §
GREG MEYER, DAVID GROSSI,             §
DAVID SMITH, LISA KONRATH,            §
in their official capacities as  Directors of  §
American Society of Law Enforcement   §
Trainers, Inc.,                       §
                    Defendants.       §

For their Complaint against defendants, Greg Meyer, David Grossi, David Smith,

and Lisa Konrath, herein, Plaintiffs Philip Messina ("Director Messina") and Edward

Mandelbaum ("Mandelbaum"), appearing pro se, bring this action, in Director Messina's

official capacity as a Director of American Society of Law Enforcement Trainers, Inc.

("ASLET" or the "corporation") and in Mandelbaum's capacity as a member of the

corporation (collectively "Plaintiffs") and state:

## I.

## INTRODUCTION

1.      This is a Complaint seeking summary declarations pursuant to Sections

111 and 225 (a) of the Delaware General Corporation Law ("DGCL"): that

(a)  the provisions for electing directors of the corporation, contained within the

Certificate of Incorporation (attached as Exhibit A), conflict with the current

Bylaws of the corporation (attached as Exhibit B), and therefore, the Bylaw

provisions are a "nullity" and the only legal term of office for a corporate

director of the corporation is a one-year term. Specifically, Article Seven of

the Certificate of Incorporation states that

> [t]he Board of Directors shall be elected by the members at the
> annual meeting of the corporation to be held on such date as the
> Bylaws may provide,...

Furthermore, Article Seven also states that

> [t]he directors of the corporation may, if the Bylaws so provide, be
> classified as to term of office.

The Bylaws of the corporation state that

> [m]embers of the Executive Board shall be elected by the
> Corporation's regular members for a period of four years...

The aforementioned Bylaw provision allowing directors to serve four-year

terms, appears, therefore, to conflict with the mandatory annual election with

an option for a "classified board" contained within the Certificate of

Incorporation.

(b)  "elections" held for directors of the corporation prior to January 8, 2003,

which did not allow members to vote in person, or by proxy, at the Annual

2

Meeting of Members, and which in no other way attempted to comply with Section 215 of the DGCL, were not legal elections for directors of a Delaware corporation (corporate admission of same attached as Exhibit C).

(c) pursuant to Article Seven of the Certificate of Incorporation and Section 141(c) (1) of the DGCL, committees are to be created by resolution passed by a majority of the whole board, not by the "prerogative" of the Board Chair, as claimed by Defendant Meyer and others acting in concert with him (conflicting descriptions of this committee, provided by Defendant Meyer and others acting in concert with him, are attached as Exhibits D and E.)

(d) Defendants, and others acting in concert with defendants, including the Executive Director of the corporation, Frank A. Hackett, Jr., improperly tampered with and manipulated the election for directors of the corporation, held on January 8, 2003, and a new election must be held, where all candidates seeking to solicit proxies shall, upon request made pursuant to Section 220(b) of the DGCL, be granted access to the list of corporate members.

(e) the Defendants' purported suspension of Plaintiff Messina from the corporation, at the last meeting of the Executive Board of the corporation, held on June 20, 2003, is invalid and ineffective, the Motion having "fallen to the ground" in accordance with Robert's Rules of Order, which, according to Article V, Section 5(a) of the Bylaws of the corporation, govern the procedures at the meetings of the corporation. RONR (10th ed.) p. 350, l. 13-27.

## II.

## THE PARTIES

2.      Plaintiff Philip Messina is a member, and putative director of, the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation. Mr. Messina is a resident of New York.

3.      Plaintiff Edward Mandelbaum is a member of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation. Mr. Mandelbaum is a resident of Florida, and of New York.

4.      Defendant Greg Meyer is a putative director of the corporation, and is a resident of Downey, California.

5.      Defendant David Grossi is a putative director of the corporation, and is a resident of Naples, Florida

6.      Defendant Lisa Konrath is a putative director of the corporation, and is a resident of Tucson, Arizona.

7.      Defendant David Smith is a putative director of the corporation, and a resident of Illinois.

8.      Defendant American Society of Law Enforcement Trainers, Inc., d/b/a American Society for Law Enforcement Training, is a Delaware nonstock, non profit, corporation, with a principal office of 121 N. Court Street, Frederick, MD 21701, and having a registered agent at 140 Highway One, Lewes, DE 19958, within the County of Sussex. According to its Certificate of Incorporation, ASLET "is a public charity, organized exclusively for charitable, educational, and literary purposes..."

4

9.      Party in interest Robert Bragg, is a putative director of the corporation, and a resident of Washington.

10.     Party in interest Timothy Dees is a putative director of the corporation, and a resident of Washington.

11.     Party in interest Andrew Casavant is a putative director of the corporation, and a resident of Illinois.

12.     Party in interest Mary Gifford is a putative director of the corporation, and a resident of Indiana.

## III.

## JURISDICTION

13.     This Court has jurisdiction over this matter as it arises under 8 Del. C. §§ 111 and 225 (a).

## IV.

## BACKGROUND

14.     At all times hereinafter mentioned, Plaintiff Messina was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Orlando, Florida in February 2001.

15.     At all times hereinafter mentioned, Plaintiff Edward Mandelbaum was and is a member in good standing of ASLET

16.     At all times hereinafter mentioned, Defendant Greg Meyer was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Orlando, Florida in February 2001.

17.    At all times hereinafter mentioned, Defendant David Grossi was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Orlando, Florida in February 2001.

18.    At all times hereinafter mentioned, Defendant Lisa Konrath was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

19.    At all times hereinafter mentioned, Defendant David Smith was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Orlando, Florida in February 2001.

20.    Party in interest Robert Bragg was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

21.    Party in interest Timothy Dees was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

22.    Party in interest Andrew Casavant was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

23.    Party in interest Mary Gifford was and is a putative Director of ASLET, "elected" by the membership at the Annual Meeting of the Members held in Ontario, California in January 2003.

24.     Plaintiffs, in their preparation of, and as a result of filing, their "Section 220" Complaint currently pending before this Court (C.A. No. 2244-S), have uncovered credible evidence that, upon information and belief:

(a)     Defendant Greg Meyer worked alongside ASLET Executive Director Frank Hackett ("Hackett"), the chief operating officer of the corporation, to tamper with and manipulate the election for directors of the corporation held on January 8, 2003, by receiving from Hackett **secret and exclusive** access to a list of all members of the corporation (after access to the list was denied by the Defendants and Hackett to Plaintiff Messina and independent candidates for election to the Board). Upon information and belief, this denial of access and granting of exclusive access was done so that Defendant Meyer could solicit votes via electronic mail for candidates of the Defendants' choosing (including incumbent candidate Konrath);

(b)     Defendants actively and affirmatively concealed (from members of the corporation) Director Messina's complaint that directors elected in 2001 might be in office illegally (in violation of Article Seven of ASLET's Certificate of Incorporation) so that certain Defendants might continue to hold office and not face a required vote of the members of the corporation at the Annual Meeting that was held on January 8, 2003. Upon information and belief, this was concealed based upon (then) Board Chairman Gary Klugiewicz's direction to other directors to "ignore Phil's complaints;"

(c)     Defendants Meyer, Grossi and Konrath spearheaded, or participated in, acts designed to silence or retaliate against Messina and other directors who questioned the propriety of elections or the conduct of corporate business. These acts include, but are not limited to, planning and holding "secret board meetings" where certain directors of

7

the corporation were not invited (as noted in a telephonic conference before this Court on January 2, 2002) and a "secret vote to expel Messina" that was left off of the minutes of the directors' meeting of December 19th, 2002 by Defendant Grossi (the former corporate secretary).

(d)     Defendants have also schemed to maintain their entrenched offices in order to make certain that physical evidence previously in the possession of corporate officers continued to be concealed from the membership, or could be secretly destroyed. Said physical evidence, included several "Ethics Committee" reports that covered the allegations of members of the corporation, that the corporation and its members had been victimized by unethical patterns and practices that deprived its members of the honest right of intangible services, and a subsequent series of affidavits and petitions (signed by dozens of members of the corporation), that alleged specific wrongdoing and demanded an investigation (that was never ordered).

(e)     The Defendants' continuing improper hold on corporate office has successfully aided and abetted a long running pattern of concealing records from directors, and apparent tampering with physical evidence.    These schemes were conceived and implemented by former Board Chair Gary Klugiewicz so that he (Klugiewicz) could prevent (via suppressing and actually altering corporate documents that alleged and found wrongdoing) the production of documents to any prosecutor or outside counsel, or the use of said documents by any prosecutor or outside counsel (to investigate the allegations of "double dipping" leveled against a former director, that are alleged to have taken place in Sussex County, Delaware up to, and including

early 1999; and the "unethical" taping of phone conversations, in apparent violation of Delaware and Florida statutes, that may have been used by former directors to gain commercial advantage against a highly respected law enforcement trainer who competed for government contracts against the former Board Chair..

(f)    Defendants named (then) Board Chair Gary Klugiewicz as the "independent proxy" on the corporation's official proxy solicitation card distributed for members use in the elections for directors held on January 8, 2003, in defiance of any logical definition of the term "independent."

(g)    Defendants stated on the corporation's website and in the minutes of the board meeting of December 19th, 2002, that

> previous e-mail messages by board member Phil Messina, whereby he alleges numerous incidents of misconduct, wrongdoing, or election tampering regarding the 2003 ASLET Board of Directors elections, have been found to be totally false, and without merit…

when, in fact, outside legal counsel had advised the board in October that Messina's charges that "the corporation's election process violated Section 215 of the DGCL" were accurate. The board only sought advice from legal counsel after Messina threatened, in writing, to seek injunctive relief from this Court. The board, however, never conducted any investigation into the more serious charges made by Messina regarding the improper denial of access to the list of members. Instead, Plaintiffs believe the Defendants banded together shortly thereafter to make certain that Director Messina (and any member or candidate for election as a director) did not receive access to the list of members, in violation of Section 220 of the DGCL, and that a way be found to expel Messina from the

9