corporation in order to silence his questions and criticisms of past and ongoing actions of other Board members.

(h) Defendants, on June 20, 2003 voted to suspend Plaintiff Messina from membership in the corporation[1] in retaliation for Messina's exercising his clear right under Section 220 of the DGCL to demand records and books of the corporation; for Messina's conducting an independent investigation pursuant to his fiduciary duties under Delaware law (this investigation is expected, at the time of this filing, to result in the future filing of breach of duty and fraud actions against several current and former directors of the corporation); and for Messina's prosecuting this action and Civil Action 2244-S to enforce his rights as a director under Delaware law (currently before this Court).

25. Specifically, Plaintiff Messina has received information that Defendant Meyer had spearheaded an effort (noted by this Court in the aforementioned telephone conference before this court on January 2, 2003) to "ambush" Messina by holding a secret board meeting to which he was not invited, at which time the Defendant, and those aiding and abetting him, were to invoke a never used portion of the ASLET Bylaws to summarily suspend or expel Messina from membership, and thus, in their scheme, prevent him from performing his fiduciary duties as a Director by barring him from attending the Annual Meeting of members of the corporation held on January 8, 2003 in Ontario, California, and, as a result, barring him from voting on January 9 for officers of the corporation, thereby allowing Meyer to be elected Chairman after his participation in the improper practices allowed candidates of his choice to be elected as directors.

---

[1] See Affidavit of Philip Messina, attached hereto as Exhibit F

26.  Upon information and belief, Defendant Meyer had intended to use his contacts with the local police and/or sheriff's department, attained under the color of law in his capacity as a Los Angeles Police Officer, to have local police officers or sheriff's deputies remove Director Messina, by force if necessary, from the Annual Meeting of Members once the Defendant's "ambush" was sprung.

27.  Accordingly, Plaintiffs respectfully seek expedited summary declarations to restore Director Messina's membership rights in the corporation, and to prevent the corporation from being immobilized by controversies as to who are its proper officers and directors, and to allow the Plaintiffs to be properly informed of the status of putative directors, so that they may file appropriate actions in this Court, if necessary, to protect the corporation from the ongoing breaches of fiduciary duties being committed by Defendants and others.

### COUNT 1

28.  Plaintiffs incorporate paragraphs 1 through 27 hereof as if fully set forth herein.

29.  Plaintiffs have stated a proper basis under 8 Del. C. § 111 for a judicial interpretation of the Certificate of Incorporation of the corporation.

30.  Pursuant to 8 Del. C. § 111, Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration of the legal term of office for directors of ASLET provided for by the corporation's Certificate of Incorporation.

### COUNT 2

31. Plaintiffs incorporate paragraphs 1 through 30 hereof as if fully set forth herein.

32. Plaintiffs have stated a proper basis under 8 Del. C. § 111 for a judicial interpretation of the Certificate of Incorporation of the corporation.

33. Pursuant to 8 Del. C. § 111, Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration of the legality, or lack of same, of the creation of a committee by the Board Chair without the majority vote of the whole Board, as directed in the Certificate of Incorporation and in 8 Del. C. § 141 (c) (1).

## COUNT 3

34. Plaintiffs incorporate paragraphs 1 through 33 hereof as if fully set forth herein.

35. Pursuant to 8 Del. C. § 225 (a) and 8 Del. C. § 111, Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration that: (a) Defendants and Frank A. Hackett, Jr. tampered with and manipulated the January 8, 2003 election of directors, in knowing and brazen violation of Section 220 of the DGCL, by denying access to the list of corporate members to Director Messina and candidate Robert Bragg, and attempting to "sanction" candidate James Smith for his attempts to solicit proxies on his own behalf; (b) knowingly breached the terms of election and office set forth in Article Seven of the Certificate of Incorporation; and, (c) conducted elections that violated Section 215 of the DGCL by denying members the right to vote in person or by proxy, until notified by Director Messina in October, 2002 (Exhibit C).

## COUNT 4

36. Plaintiffs incorporate paragraphs 1 through 35 hereof as if fully set forth herein.

37. Pursuant to 8 Del. C. § 225 (a), Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration that the entire Board of Directors of ASLET should have been elected at the Annual Meeting of members held on January 8, 2003, and accordingly, the nine candidates who received the most votes at said election (not merely the top five vote recipients, as the Defendants and others had set forth) constitute the current Board of Directors of ASLET.

## COUNT 5

38. Plaintiffs incorporate paragraphs 1 through 38 hereof as if fully set forth herein.

39. Pursuant to 8 Del. C. § 225 (a), Plaintiffs, as director and members of ASLET, are entitled to a judicial declaration that Defendant Meyer's motion to expel/suspend Plaintiff Messina, introduced via Motion by Defendant Meyer at the last meeting of the previous Board of the corporation (held on January 6, 2003), is null and void, having "fallen to the ground" in accordance with Robert's Rules of Order (RONR (10th ed.) p. 350, l. 13-27), which, according to Article V, Section 5(a) of the Bylaws of the corporation, governs the procedures at the meetings of the corporation..

**WHEREFORE**, the Plaintiffs pray that the Court enter an Order that:

(1) Declares, pursuant to 8 Del. C. § 111 that the Certificate of Incorporation of ASLET mandates that all directors be elected annually, until and unless

13

the corporation amends its Bylaws to classify its directors as to terms of office;

(1) Declares, pursuant to 8 Del. C. § 225 (a), that the entire Board of Directors of ASLET should have been elected in the election for directors held at the Annual Meeting of Members of January 8, 2003, and, therefore, the nine candidates who received the most votes at said election properly constitute the current directors of the corporation;

(2) Declares that Defendant Greg Meyer and Executive Director Frank Hackett, Jr., tampered with the election of directors held on January 8, 2003 by improperly refusing to grant access to the list of members of the corporation to Director Messina and secretly working together to provide access solely to Defendant Meyer, so that he could work to defeat Messina's professional associate who was also a candidate for the board; and

(3) Declares, pursuant to 8 Del. C. § 111, that a majority vote of the whole Board is needed for the creation of any committee, and, accordingly, the creation of the "Executive Committee" by "prerogative" of the Board Chair is contrary to both the Certificate of Incorporation and to 8 Del. C. § 141 (c) (1).

(4) Declares, pursuant to 8 Del. C. § 111, that the suspension of Plaintiff Messina from membership in ASLET, passed by the Board on June 20, 2003, is invalid and ineffective, being contrary to the bylaws of the corporation, contrary to public policy, and representing bad faith

14

retaliation for the actions of a Director taken in accordance with Sections 220 and 225 of the DGCL.

By: *Philip Messina*
Philip Messina
Plaintiff Pro Se
711 N. Wellwood Avenue
Lindenhurst, New York 11757
(631) 226-8308

By: _____
Edward Mandelbaum
Plaintiff Pro Se
711 N. Wellwood Avenue
Lindenhurst, New York 11757
(631) 226-8308

Dated: June 23, 2003

## VERIFICATION

Philip Messina hereby certifies that he is the plaintiff herein, that he has read the foregoing Complaint and knows the contents thereof, and that the allegations contained in the Complaint are, of his own personal knowledge, true and correct, except as to those matters alleged upon information and belief, he believes them to be true.

*Philip Messina*
Philip Messina

SWORN TO AND SUBSCRIBED before me this 23rd day of June, 2003

*[signature]*
Notary Public

Linda Winkler
Notary Public State of N.Y.
No. 01WI6073834
Qualified in Suffolk Cty.
Commission Expires April 1, 2004

## VERIFICATION

Edward Mandelbaum hereby certifies that he is the plaintiff herein, that he has read the foregoing Complaint and knows the contents thereof, and that the allegations contained in the Complaint are, of his own personal knowledge, true and correct, except as to those matters alleged upon information and belief, he believes them to be true.

*[signature]*

Edward Mandelbaum

SWORN TO AND SUBSCRIBED before me this 23rd day of June, 2003.

*[signature]*

Notary Public

Linda Winkler
Notary Public State of N.Y.
No. 01WI6073834
Qualified in Suffolk Cty
Commission Expires April 1, 2004

17

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| PHILIP MESSINA, in his official capacity as a Director of the American Society of Law Enforcement Trainers, Inc., EDWARD MANDELBAUM, as a member of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., and GREG MEYER, DAVID GROSSI, DAVID SMITH, LISA KONRATH, in their official capacities as Directors of American Society of Law Enforcement Trainers, Inc.,<br><br>Defendants. | Civil Action No. 2247-S<br><br>**STATEMENT PURSUANT TO DEL. CH. CT. R. 4(dc)** |

COME NOW, Plaintiffs Philip J. Messina and Edward Mandelbaum, and state the following, pursuant to Del. Ch. Ct. R. 4(dc):

The name of the corporation upon whose governing body the defendants in the above styled action serve is "American Society of Law Enforcement Trainers, Inc.

The principal business address of the corporation is 121 N. Court Street, Frederick, MD 21701.

The registered agent in Delaware of said corporation is Harvard Business Services, Inc., 140 Highway One, Lewes, County of Sussex, DE 19958.

The last residence addresses known for the defendants are:

Greg Meyer
7204 Coolgrove Drive
Downey, Ca. 90240

Lisa Konrath
PO Box 12502
Tucson, Az. 85732-0502

David Grossi
3420 Donoso Court
Naples, FL 34109

David Smith
223 Wellmington Drive
Oswego, IL 60543

Applicants hereby state, pursuant to Del. Ch. Ct. R. 4(dc)(iii), that they conclude that the addresses listed above are the most recent residence addresses of each nonresident, said addresses having been recently provided by the corporation to Plaintiff Messina (a current director of the corporation) for internal director correspondence.

Dated: June 23, 2003
Lindenhurst, N.Y.

Philip J. Messina
711 N. Wellwood Avenue
Lindenhurst, N.Y. 11757
Plaintiff Pro Se
(631) 226-8308

Edward Mandelbaum
711 N. Wellwood Avenue
Lindenhurst, N.Y. 11757
Plaintiff Pro Se
(631) 226-8308

2

Case 1:05-cv-00344-JJF   Document 64-4   Filed 05/31/2005   Page 11 of 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MESSINA, ) | |
| GEORGE DEMTRIOU, individually and on ) | |
| behalf of all others similarly situated, and ) | Civil Action No: CV-040170 (TCP) |
| derivatively on behalf of ) | |
| AMERICAN SOCIETY OF LAW ) | |
| ENFORCEMENT TRAINERS, INC., ) | |
| Plaintiffs, ) | AFFIDAVIT OF SERVICE |
| ) | |
| v. ) | |
| ) | |
| FRANK A. HACKETT, JR., ) | |
| ANDREW CASAVANT, ) | |
| GREG MEYER, ) | |
| GARY T. KLUGIEWICZ, ) | |
| TIMOTHY DEES, ) | |
| LISA KONRATH, ) | |
| MARY GIFFORD, ) | |
| DAVID SMITH, ) | |
| DAVID GROSSI, ) | |
| JULIE LINKINS, ) | |
| WILLIAM WESTFALL, ) | |
| DANIEL WATSON, ) | |
| GLENN YOUNG, ) | |
| JOHN DOES 1-10, ) | |
| Defendants, ) | |
| ) | |
| And AMERICAN SOCIETY OF LAW ) | |
| ENFORCEMENT TRAINERS, INC., ) | |
| Nominal Defendant. ) | |

I, Paul A. Bradley, declare under penalty of perjury that I have served a copy of the attached Memorandum in Support of Motion to Dismiss upon Plaintiffs' counsel, by Federal Express to Steven M. Lester, Esq., whose address is: 325 Merrick Avenue, East Meadow, NY 11554.

Dated: February 20, 2004

McCARTER & ENGLISH, LLP

BY: _____
PAUL A. BRADLEY
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Defendants Frank A. Hackett Jr., Andrew Casavant, Greg Meyer, Gary T. Klugiewicz, Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie Linkins, William Westfall, Daniel Watson, and American Society Of Law Enforcement Trainers (nominal defendant)

ii