**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and on behalf of all others similarly situated, and derivatively on behalf of AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC.,<br>Plaintiffs,<br><br>v.<br><br>FRANK A. HACKETT, JR.,<br>ANDREW CASAVANT,<br>GREG MEYER,<br>GARY T. KLUGIEWICZ,<br>TIMOTHY DEES,<br>LISA KONRATH,<br>MARY GIFFORD,<br>DAVID SMITH,<br>DAVID GROSSI,<br>JULIE LINKINS,<br>WILLIAM WESTFALL,<br>DANIEL WATSON,<br>GLENN YOUNG,<br>JOHN DOES 1-10,<br>Defendants,<br><br>And AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC.,<br>Nominal Defendant. | ) | Civil Action No: CV-040170 (TCP)<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| STATE OF NEW YORK<br><br>COUNTY OF NASSAU | ) | ss.: |

344
FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 MAY 31 PM 12: 06

Defendants, Frank A. Hackett Jr. Andrew Casavant, Greg Meyer, Gary T. Klugiewicz, Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie Linkins, William Westfall, Daniel Watson, and American Society Of Law Enforcement Trainers ("ASLET")

40

(nominal defendant) (collectively "Moving Defendants"), being duly sworn, depose and say, by and through their counsel, Paul A. Bradley:

Moving Defendants are Defendants in the above-entitled action, and respectfully move this Court to issue an order dismissing the Plaintiffs' Complaint for the reasons detailed below.

**TABLE OF CONTENTS**

INTRODUCTION..........................................................................1

I. PLAINTIFFS HAVE NOT DEMONSTRATED THAT THE COURT HAS PERSONAL JURISDICTION OVER ANY DEFENDANT, AND THEREFORE THE COMPLAINT MUST BE DISMISSED..........................................2

a. The Court lacks general jurisdiction over any Defendant..................2

b. The Court lacks specific jurisdiction over the Moving Defendants and all other Defendants..........................................................4

c. The RICO statutes do not authorize nationwide personal jurisdiction over the Moving Defendants or any Defendant....................................5

d. The co–conspirator theory does not apply to confer jurisdiction over the Moving Defendants or any Defendant.......................................7

II. MESSINA'S EXPENSES IN INVESTIGATING ALLEGED RICO VIOLATIONS DO NOT CONSTITUTE RICO INJURY..........................................................................8

III. BECAUSE PLAINTIFFS HAVE ERRONEOUSLY EQUATED THE BOARD ENTERPRISE WITH THE ACTUAL DEFENDANTS , THEIR COMPLAINT SHOULD BE DISMISSED.........................................................10

IV. PLAINTIFFS' ALLEGATIONS IN THE COMPLAINT ILLUSTRATE THAT PLAINTIFFS' CLAIMS ARE TIME-BARRED.................................12

V. PLAINTIFFS HAVE NOT SHOWN THAT THE COMPLAINT ALLEGES RELIANCE OR CAUSATION OF INJURY.....................................14

VI. PLAINTIFFS' REMAINING ASSERTIONS ARE MERITLESS..............15

a. Defendants were improperly served with process........................15

b. Plaintiffs have no individual standing to bring a RICO action.........16

c. Plaintiffs have no derivative standing to bring a claim on ASLET's behalf..........................................................................16

d. Plaintiffs' case, if any, belongs in Delaware under the doctrine of *forum non-conveniens*..............................................................16

CONCLUSION..........................................................................17

## INTRODUCTION

In their unverified complaint ("Complaint"), Plaintiffs Philip Messina ("Messina") and George Demetriou ("Demetriou") present Delaware corporate causes of action – alleged fiduciary breaches and fiscal improprieties supposedly supported by board conference calls, corporate mailings and correspondence – in the guise of federal RICO violations. Moving Defendants stipulated to a briefing schedule for a motion to dismiss ("Motion") on February 12, 2004, pursuant to this honorable Court's rules. Defendants served their opening brief on the Motion, on or around February 20, 2004. After counsel for Moving Defendants granted Plaintiffs two extensions on deadlines to submit their Answering Brief, Plaintiffs submitted their Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Answering Brief") on or around April 5, 2004.

Soon thereafter, on or around April 8, 2004, Plaintiffs served their Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction ("Plaintiffs' Injunction Brief"). Plaintiffs' Injunction Brief offers hearsay upon hearsay in support of a bizarre and unfounded claim that Board member(s) planned retaliation on, or threatened, Plaintiff Messina and other witnesses. *See generally* Declarations attached to Plaintiffs' Injunction Brief ("Declarations"). Defendant Meyer will oppose the injunction because (1) the Court lacks personal jurisdiction over him; (2) the delay in requesting this injunction demonstrates that there is no imminent threat of harm; (3) Plaintiffs have not shown a likelihood they will prevail on the merits; (4) Plaintiffs' allegations are based entirely on unpersuasive hearsay; and (5) a preliminary injunction may not issue for the sole benefit of one of the Plaintiffs.

On April 30, 2004, Chancellor Chandler of the Delaware Chancery Court dismissed all three Delaware cases that Plaintiff Messina and his associates had brought against ASLET and/or

its directors. Attached hereto as Exhibit A are Chancellor Chandler's opinions in those cases. Two of the cases were dismissed without prejudice. In the third case, *Messina, et al. v. Klugiewicz, et al.*, Civil Action No. 2244-S, Plaintiff Messina and his associates had sued ASLET Board members for their alleged refusal to produce corporate records. Plaintiffs in *Klugiewicz* had also requested costs for that litigation. The court dismissed plaintiffs' case on summary judgment. With regard to the requested costs, the court held:

> To the extent that plaintiffs' motion for partial summary judgment could be interpreted as a request to require the costs of this litigation to be shifted to defendants due to their bad faith refusal to make ASLET's books and records available for inspection, *I find that such an award of costs is not warranted in the circumstances.* Plaintiffs have not demonstrated that defendants acted in subjective bad faith.... A party's resistance to overly broad requests for open-ended inspections of records is not indicative of bad faith. *See Shapiro v. Healthcare Acquisition, Inc.*, Del. Ch., C.A. No. 030-N, Lamb, V.C. (letter op. Apr. 12, 2004).

*Messina, et al. v. Klugiewicz, et al.*, C.A. No. 2244-S, slip op. at 2 n.4 (Del. Ch. Apr. 30, 2004) (emphasis added). Thus, the issue regarding the award of costs for Messina's investigation into ASLET has been decided against Messina.

Plaintiffs approach this issue erroneously in their Answering Brief. In fact, Plaintiffs' Answering Brief contains many critical errors of law coupled with revisions and amendments of facts. As shown below, Plaintiffs' misplaced arguments doom their Complaint to dismissal.

## I. PLAINTIFFS HAVE NOT DEMONSTRATED THAT THE COURT HAS PERSONAL JURISDICTION OVER ANY DEFENDANT, AND THEREFORE THE COMPLAINT MUST BE DISMISSED.

### a. The Court lacks general jurisdiction over any Defendant.

Under New York law, a plaintiff must demonstrate that the court has general jurisdiction over the defendant, *see* N.Y. C.P.L.R. § 301, or specific jurisdiction over the defendant with

respect to each claim, *see* N.Y. C.P.L.R. § 302. Section 301 codifies the common law principle that a non-domiciliary is deemed to be "present" in the state if the non-domiciliary is "doing business" in the state when the action is commenced. *See Hinsch v. Outrigger Hotels Hawaii*, 153 F.Supp.2d 209, 212 (E.D.N.Y.2001); *Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439, 440 (1965); *Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 581 N.Y.S.2d 283, 286 (1st Dep't 1992). A plaintiff must allege that the defendant was engaging in business "not occasionally or casually, but with a fair measure of permanence and continuity." *Lancaster*, 177 A.D.2d at 156. The traditional indicia of general jurisdiction are "a home base, an agent for the service of process, a local office, or the pursuance of a business from a tangible locale within the state." Mary Twitchell, *The Myth of General Jurisdiction*, 101 Harv. L. Rev. 610, 635 n.36 (1988). None of the Defendants reside, work, or do regular business in New York. *See* Complaint at ¶¶ 25 – 38. There is, therefore, no basis for the exercise of personal jurisdiction over them.

ASLET's presence as a Defendant does not alter this conclusion. Nominal Defendant ASLET is not an Actual Defendant. *See* Complaint at ¶ 39 & Caption; *see also* Plaintiffs' Answering Brief, Caption (omitting any mention of ASLET as a Defendant). Plaintiffs Messina and Demetriou expressly state that "ASLET is named as a nominal defendant solely in a derivative capacity." Complaint at ¶ 39. Plaintiffs list ASLET separately as a "Nominal Defendant" in the caption of their Complaint. *See* Complaint at caption. ASLET is not listed with the other individual Defendants. *See id.* In fact, ASLET is not listed as a Defendant at all on the caption of Plaintiffs' Answering Brief. *See* Plaintiffs' Answering Brief, Caption. Plaintiffs allege that they are bringing the present suit "derivatively in the right of and for the benefit of ASLET." Complaint at ¶ 39. Thus, as "beneficiary" corporation, ASLET should not

be considered adverse to the Plaintiffs. For this reason, even if ASLET, as Nominal Defendant, had some contacts with New York, such contacts would not confer, or even impact, personal jurisdiction over the individual Defendants:

> Although the "beneficiary" corporation is named as a defendant, it is a nominal defendant only, and it is actually the real party in interest on the plaintiff's side.
>
> ***
>
> In the context of the due process requirements of the Constitution in asserting personal jurisdiction, *it is clear that the "beneficiary" corporation ought not be considered adverse to the plaintiff.* Unlike the truly adverse claims stated against "real" defendants, See, e. g., Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the naming of the derivative corporation as a party defendant raises no potentially harmful consequences for the corporation, because plaintiff is acting solely for the corporation's benefit.

*Messinger v. United Canso Oil and Gas Ltd.*, 80 F.R.D. 730, 733-34 (D. Conn. 1978) (emphasis added).

Finally, Plaintiffs have alleged no indicia of general jurisdiction over ASLET. ASLET has no "home base" in New York. It has not designated a New York agent for service of process because it does not conduct regular business in New York. There is no local ASLET office of any sort in New York and no locale from which any ASLET agent actively pursues business. Thus, there are no substantial, continuous, and systematic contacts between any Defendant, actual or nominal, and New York.

For all of the foregoing reasons, there is no general jurisdiction over any Defendant in this case.

b. <u>The Court lacks specific jurisdiction over the Moving Defendants and all other Defendants.</u>.

N.Y. C.P.L.R. §302 governs specific jurisdiction over defendants. *See* N.Y. C.P.L.R. §302. Plaintiffs do not allege that any individual Defendant conducts business within New York State, or contracts anywhere to supply goods or services in the state of New York. Plaintiffs appear to allege only that Defendants committed tortious acts outside the state causing injury to Plaintiff Messina's person or property within the state. *See* Complaint at ¶ 12. However, Plaintiffs have not supplemented this allegation, as required under N.Y. C.P.L.R. §302, with a showing that the individual Defendants regularly do or solicit business in New York, engage in another persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in New York State. *See* N.Y. C.P.L.R. §302. Because Plaintiffs fail to aver that the Moving Defendants or any Defendant had either sufficient contacts or continuous contacts with New York, they have not made even a *prima facie* showing of personal jurisdiction over any Defendant.

c. The RICO statutes do not authorize nationwide personal jurisdiction over the Moving Defendants or any Defendant.

Plaintiffs' Complaint does purport to invoke the expanded service of process provisions of 18 U.S.C. § 1965(b). *See* Complaint at ¶ 12. Section 1965(b) provides:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b). Even if properly invoked, however, 18 U.S.C. § 1965(b) does not confer personal jurisdiction over Moving Defendants.

In *PT United Can Co., Ltd. v. Crown, Cork & Seal Co., Inc.*, 138 F.3d 65 (2d Cir. 1998), the Second Circuit Court held:

> Reading all of the subsections of § 1965 together, the court finds that [18 U.S.C.] § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. First, § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, a civil RICO case can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.
>
> Second, § 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that the "ends of justice" so require.

*PT United Can Co., Ltd.*, 138 F.3d 65, 71-72 (2d Cir. 1998). "'[T]he ends of justice' ... refer[s] to a case in which there is no district with personal jurisdiction over all defendants." *Id.* at 72 n.5.

As demonstrated above, there is no individual defendant in this case, over which the Court has personal jurisdiction. None of the individual Defendants have the required minimum contacts with New York, and ASLET is not an actual defendant for purposes of personal jurisdiction. Because there is no jurisdiction over at least one individual defendant in this case, as the Second Circuit requires, the RICO statute does not permit jurisdiction over any Defendant in this case.

Furthermore, "the ends of justice" do not require jurisdiction over the other individual Defendants in New York, because there is an alternative, more appropriate jurisdiction in which Plaintiffs' claims could be pursued – the District of Delaware. ASLET is a Delaware corporation. All of the parties are former or current members or directors of a Delaware corporation. Plaintiffs' claims relate to governance of a Delaware corporation. If the Plaintiffs actually have a viable case, Delaware provides the most suitable forum.

For the foregoing reasons, jurisdiction in New York is simply not appropriate, and despite Plaintiffs' claims to the contrary, the ends of justice do not require this Court's jurisdiction over the Defendants.

d. The co-conspirator theory does not apply to confer jurisdiction over the Moving Defendants or any Defendant.

Under New York law, *the acts of a co-conspirator within the state* may be attributed to an out-of-state defendant for the purposes of obtaining jurisdiction. *See Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 581 (E.D.N.Y. 1998). To establish jurisdiction on a conspiracy theory, a plaintiff must: (1) make a *prima facie* factual showing of a conspiracy; (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in this jurisdiction. *See Allstate Life Ins. Co. v. Linter Group Ltd.*, 782 F. Supp. 215, 221 (S.D.N.Y. 1992). Plaintiffs' Complaint does not satisfy these elements.

Plaintiffs have expressly admitted that all Defendants are non-residents of New York. They also have failed to identify a co-conspirator within New York state, let alone the acts of such a co-conspirator. Plaintiffs have not alleged that a New York co-conspirator's act was either tortious, pursuant to the supposed conspiracy, or committed within New York, as required to establish jurisdiction in New York under a conspiracy theory. In fact, Plaintiffs have not named even one New York Defendant. Plaintiffs' conclusory allegations fail to identify with any specificity the alleged acts of the conspiracy as to any particular Defendant. Finally, as shown above, ASLET's presence in New York cannot satisfy the "co-conspirator" requirement, since ASLET is only a "Nominal," non-conspiring Defendant.

Thus, despite Plaintiffs' convoluted conspiracy theories, the absence of even one New York Defendant is fatal to Plaintiffs' Complaint, as Plaintiffs have not shown that this Court has

personal jurisdiction over any of the Defendants. In sum, because Plaintiffs fail to aver that any Defendant had either sufficient contacts or continuous contacts with New York, Plaintiffs have not shown that this Court has personal jurisdiction over any Defendant. Accordingly, this case should be dismissed.

## II. MESSINA'S EXPENSES IN INVESTIGATING ALLEGED RICO VIOLATIONS DO NOT CONSTITUTE RICO INJURY.

The Plaintiffs cite to *Philatelic Foundation v. Kaplan,* No. 85 Civ. 8571 (RWS), 1986 WL 5629 (S.D.N.Y. May 9, 1986), *dismissing all RICO claims*, 647 F. Supp. 1344, 1345 (S.D.N.Y. 1986), in a futile attempt to paint Messina's costs for investigating RICO violations as a RICO injury. *See* Plaintiffs' Brief on the Motion at 20. However, *Philatelic Foundation* actually stands for the opposite proposition:

> [The plaintiff] has adequately plead the loss of income which it alleges to have been the *result of the diversion of expert committee efforts to re-examining and correcting the records and certificates which it suspected were tainted by the fraudulent scheme.* At the same time, it is necessary to distinguish between injuries and expenses incurred due to the detrimental effects of the fraudulent activities and expenses incurred *simply to explore the existence of and the participants in a RICO violation.* Thus, while the expenses of an investigation to prevent business injury or to rectify it is recoverable damage, the expenses of an investigation to determine whether a RICO violation has occurred would not be an injury caused by the racketeering activity. Thus, while it would be premature to dismiss these allegations at this stage of the proceedings [the Court dismissed them later, when it dismissed all RICO claims in *Philatelic Foundation v. Kaplan*, 647 F. Supp. 1344, 1348], it is *unlikely that the investigatory expenses paid to the [plaintiff's] attorney and private investigatory firm are recoverable damages under RICO.*

*Philatelic Foundation* at *11 (emphasis added). Plainly, the court considered the investigatory expenses mentioned in *Philatelic Foundation* as neither injuries nor recoverable damage.

The distinction between investigatory expenses that are recoverable and those which are not, lies in the purpose of the investigation. *See id.* If the investigation was to determine whether a RICO violation has occurred, the costs would not be an injury caused by the racketeering activity. *See id.* Plaintiffs' Complaint makes clear what purpose Messina's investigation served. Plaintiffs contend that through the investigations a "virtual mountain of evidence was collected." Complaint, ¶ 81. Plaintiffs further allege that Messina incurred expenses in bringing his Delaware lawsuit to compel production of concealed documents. *See* Plaintiffs' Answering Brief, 3. Allegedly, "these records serve as clear and convincing evidence of fraudulent acts, utilizing the mails and interstate wires." *Id.* Thus, as a result of Messina's investigations, he now supposedly possesses information regarding RICO violations. Purportedly, "Messina has spent thousands of dollars *investigating and subsequently discovering*" Defendants' supposedly fraudulent activities. *See* Plaintiffs' Brief on the Motion at 17 (emphasis added).

Significantly, Messina has not alleged that he or any of his associates provided any "corrected" versions of the financial ledgers that he claims are tainted or fraudulent. Hence, the purpose of Messina's investigatory activities cannot be called corrective, or even beneficial to ASLET. Rather, his persistent demands for documents have been a "fishing expedition" for RICO evidence. Thus, even under *Philatelic Foundation*, which Plaintiffs have cited, Messina's expenses in this endeavor constitute neither RICO injury nor damage.

Messina's legal expenses have aided only his self-serving investigatory efforts, and not ASLET, and they were not "caused" by any alleged RICO violation. Plaintiffs' citing to cases involving attorney's fees thus are inapposite.[1] *See* Plaintiffs' Answering Brief, 19. Finally, the

---

[1] Because Messina's expenses do not constitute RICO injury, they are also not relevant to the question of accrual, despite Plaintiffs' assertions to the contrary. *See infra* Section IV.