Delaware Chancery Court found that an award of costs for Messina's investigation was not warranted. *See Klugiewicz* at 2 n.4. For these reasons, Messina's expenses cannot and do not constitute RICO injury.

III. BECAUSE PLAINTIFFS HAVE ERRONEOUSLY EQUATED THE BOARD ENTERPRISE WITH THE ACTUAL DEFENDANTS, THEIR COMPLAINT SHOULD BE DISMISSED.

In RICO terms, the "Enterprise" is the victimized passive entity. *See Bennett v. United States Trust Co. of New York*, 770 F.2d 308, 315 (2d Cir. 1985). If plaintiffs do not allege a clear distinction between the defendant and the Enterprise, their complaint should be dismissed. *See id.* (citing to *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384, 400 (7th Cir. 1984) ("section 1962(c) requires separate entities as the liable person and the enterprise"), *aff'd on other grounds*, 473 U.S. 479 (1985) (*per curiam*); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) ("If Union Bank is the enterprise, it cannot also be the RICO defendant."); *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190 (4th Cir. 1982) ("'enterprise' was meant to refer to a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit"), *cert. denied*, 459 U.S. 1105 (1983); *Kaufman v. Chase Manhattan Bank, N.A.*, 581 F. Supp. 350, 357-58 (S.D.N.Y. 1984) (complaint must distinguish the enterprise from the person)).

The Plaintiffs refer to the RICO enterprise as the "Board Enterprise" in their Complaint. *See* Complaint, ¶ 129 ("At all relevant times, the Board Enterprise was an ongoing association-in-fact enterprise of individuals with a common purpose, a continuity of structure and personnel, and a consensual decision-making structure that was used to effect its scheme…"). Plaintiffs also allege that each Defendant has tried to conceal the existence of the Enterprise. *See id.* at ¶

124. Thus, Plaintiffs are not using the terms "Enterprise" or the "Board Enterprise" to refer to a benign or passive organization.

Paragraph 128 of the Complaint definitively lists the members of the "Board Enterprise":

> The membership in the Board Enterprise is as follows:
> a.    Frank A. Hackett, Jr.
> b.    Andrew Casavant
> c.    Greg Meyer
> d.    Gary T. Klugiewicz
> e.    Tim Dees
> f.    Lisa Konrath
> g.    David Smith
> h.    David Grossi
> i.    Mary Gifford
> j.    William Westfall
> k.    Dan Watson
> l.    Julie Linkins
> m.    Glen Young; and
> n.    Those other officers and executives, managerial and supervisory personnel, and legal counsel of ASLET, who are presently unknown to Plaintiffs, and who participated as officers, directors, lawyers for the Defendants and Participants and assisted in making and implementing decisions relating to the scheme. The identities of those individuals will be revealed in discovery.

Complaint, ¶ 128.

This list is identical to the list of Defendants with the exception of the merely nominal Defendant, ASLET. *See* Complaint, Caption. Remarkably, this paragraph says nothing about additional innocent members of the Enterprise. *See* Complaint, ¶ 128.

Nevertheless, Paragraph 135 of the Complaint indicates that some members listed in paragraph 128 are, in fact, innocent. *See* Plaintiffs' Answering Brief at ¶ 135. It states that the "members of the Board Enterprise [listed definitively in Paragraph 128] included innocent parties unaware of the Defendants' and Participants' scheme or the use of the Enterprise in its execution." *See id.* Yet, Plaintiffs have failed to indicate which of the members listed in Paragraph 128 are, in fact, innocent, and Plaintiffs have indiscriminately sued all of them. *See*

11

Complaint, Caption. Plaintiffs do not make the distinction that the *Bennett* court, and the courts cited in that opinion, consider critical. For this reason, the Complaint must be dismissed.

Plaintiffs attempt to support their error by citing to *Pavlov v. Bank of New York*, 25 Fed. Appx. 70 (2d Cir. 2002). The *Pavlov* opinion, however, is a:

> SUMMARY ORDER [WHICH] WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND **MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT**, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

*Pavlov* at *70 (emphasis added). Despite this conspicuous directive, Plaintiffs claim that *Pavlov* overrules *Bennett,* (*see* Plaintiffs' Answering Brief at 23). *Bennett*, which endorses the majority view that plaintiffs must allege a clear separation between the enterprise and the liable person(s) clearly supplies the governing precedent on this issue. Plaintiffs' argument here, as elsewhere, is meritless.

Because Plaintiffs have defined the liable persons (all of the individual Defendants) as the RICO Enterprise (the Board Enterprise), the Complaint must be dismissed.

IV.  PLAINTIFFS' ALLEGATIONS IN THE COMPLAINT ILLUSTRATE THAT PLAINTIFFS' CLAIMS ARE TIME-BARRED.

Plaintiffs rely on *Old Republic Ins. Comp. v. Hansa World Cargo Service, Inc.*, 170 F.R.D. 361 (S.D.N.Y. 1997), as support for the claim that their claims are timely. In *Old Republic*, the court held that "a RICO injury need not be precisely calculable in order to be sufficiently definite and nonspeculative for a civil RICO cause of action to accrue." *See id.* at 378. The *Old Republic* court also quoted *131 Main St. Assoc. v. Manko*, 897 F. Supp. 1507

12

(S.D.N.Y. 1995): "*Bankers Trust* [a case Plaintiffs cite] does not say that a potential plaintiff must be able to calculate his loss down to the penny before his RICO injury can be said to exist; all that is required is that the injury not be 'speculative.'" *See Old Republic* at 379 (citing to *131 Main* at 1517). In determining when a plaintiff should have discovered an injury, the test is an objective one: when a reasonable person should have discovered the RICO injury. *See id.* (citing to *In re Integrated Resources Real Estate Ltd. Partnerships Sec. Litig.*, 850 F. Supp. 1105, 1117-18 (S.D.N.Y. 1993)).

Plaintiffs allege that they collected a "virtual mountain of evidence" of wrongdoing before the year 2000 (*see* Complaint at ¶ 81). Therefore, they are barred, under the reasonable person standard, from claiming that injury to themselves or to ASLET is speculative before 2000. In fact, paragraphs 65 to 80 of Plaintiffs' Complaint supposedly chronicle the series of wrongdoing "[b]eginning in or about 1994." *See* Complaint at ¶ 56. For instance, Plaintiffs claim that "Messina and other members ... continued to collect evidence of continued 'double dipping' practices" on or about January 1998. *See id.* at ¶ 80. Under the reasonable person standard, Plaintiffs should have discovered injuries well before 2000 if they had evidence of *continued* double dipping practices in 1998. Because Plaintiffs claim to have knowledge of a pattern of alleged wrongdoing and injury that supposedly began long before 2000 and extended to the present, Plaintiffs are time-barred from bringing a RICO action now.

Plaintiffs belatedly contend that the bulk of their 73-page Complaint is mere surplusage, and that their claims do not rest on any pre-2000 acts of Defendants. *See* Plaintiffs' Answering Brief at 3-4. This eleventh hour attempt to recast their claims cannot save their RICO case. First, the Complaint makes clear that the three alleged acts Plaintiffs now contend caused their RICO injury are, in Plaintiffs' view, simply part and parcel of Defendants' claimed scheme to

13

take control and/or mismanage ASLET, a scheme which they say has been ongoing since at least 1994. Second, Plaintiffs' claimed "injuries," such as Messina's investigative costs, do not constitute a cognizable RICO injury. Third, the claimed injuries, such as the allegedly "fraudulent nature of the 'security' check performed by Defendants" (Plaintiffs' Answering Brief at 4), are so vague as to completely fail to meet the RICO standard for an actionable injury.

Plaintiffs' citation to *Butala v. Agashiwala*, No. 95 CIV. 936 JGK, 1997 WL 79845 (S.D.N.Y. Feb. 24, 1997) also is not helpful. In that case, the court did not make a ruling on the proper tolling of a statute of limitations; rather, the *Butala* court held that "because there are issues of fact as to whether the statute of limitations should be tolled…, dismissal of [the *Butala*] action is inappropriate." *See id.* at *8. Plaintiffs' own Complaint makes clear that they believed the alleged "mountain of evidence" constituted injury long before 2000. Thus, there is no issue as to whether the statute of limitations should be tolled, as in the *Butala* case. On the facts alleged in the Complaint, the statute of limitations should not be tolled.

The Plaintiffs' claims thus are time-barred, and the Complaint should be dismissed.

V.   PLAINTIFFS HAVE NOT SHOWN THAT THE COMPLAINT ALLEGES RELIANCE OR CAUSATION OF INJURY.

In the Second Circuit, a RICO plaintiff who alleges mail fraud must plead both reliance and injury caused by such reliance. *See Burke v. Dowling*, 944 F. Supp. 1036, 1053 (E.D.N.Y. 1995). Plaintiffs have directed the Court's attention to Paragraph 182 of their Complaint to illustrate an allegation of reliance or causation. That paragraph alleges:

> ASLET members Jennifer Haas, Elizabeth Kennedy, Barry Culpepper, Nick Brando, Rob Coffman, Fabio Mattiasich, and others, received solicitations for membership and/or membership renewal sent by Defendants and other Participants by U.S. Mail.

14

> These members then used the U.S. Mail and interstate telephone wires to make payments for the memberships purchased from Defendants and other Participants. Plaintiffs, after a review of recent ASLET financial documents, believe that over $200,000 per year has been sent via U.S. Mail and interstate telephone wires, with over 4000 such mailings or wirings occurring each year at an average remittance of approximately forty-five dollars ($45).

Complaint, ¶ 182.

However, there is nothing in Paragraph 182 to indicate an allegation of reliance or causation of injury. In fact, the words "rely," "reliance," "injury," or any forms of those words, simply do not appear in that paragraph and cannot reasonably be inferred. For instance, Plaintiffs' allegation that over $200,000 per year has been sent via U.S. Mail and interstate telephone wires cannot constitute an allegation that this entire amount is "injury." Likewise, there is no allegation that the named ASLET members relied on supposedly false representations in membership solicitations – not even in Paragraphs 180 and 181, which explain the purported deception in the mailings. *See id.* at ¶¶ 180-81.

Because Plaintiffs fail to properly allege reliance or causation of RICO injury, Plaintiffs have failed to state a claim upon which relief under RICO may be granted. Plaintiffs' Complaint is fatally deficient and must be dismissed.

### VI. PLAINTIFFS' REMAINING ASSERTIONS ARE MERITLESS.

a.  Defendants were improperly served with process.

Title 18, section 1965(b) of the United States Code provides:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States *by the marshal thereof.*

15

18 U.S.C. § 1965(b) (emphasis added). Plaintiffs have still not shown that a marshal has served Defendants with process. For this reason, service was insufficient under section 1965(b).

      b.      Plaintiffs have no individual standing to bring a RICO action.

The purpose of civil RICO liability does not extend to deterring any illegal act, such as retaliatory firings, *for which there are state and common law remedies. See Donohue v. Teamsters Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds, et al.*, 12 F. Supp. 2d 273, 277 (E.D.N.Y. 1998) (citing to *In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 399 (2d Cir. 1994)) (emphasis added). Because Delaware state and common law remedies exist for Plaintiffs' claims, RICO does not cover them. In addition, because Plaintiffs have recast their case, omitting events before 2000, no evidence remains with which to allege a long-standing conspiracy and scheme against Messina.

      c.      Plaintiffs have no derivative standing to bring a claim on ASLET's behalf.

First, Plaintiffs did not verify their Complaint. *See* Fed. R. Civ. P. 23.1. Second, they have failed to allege that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. *See id.* In addition, Plaintiffs' recurring conflation of alleged injuries to Messina with alleged injuries to ASLET cannot confer derivative standing. Because Plaintiffs have not complied with formal requirements of derivative actions and have not alleged a clear injury to ASLET, their Complaint should be dismissed.

      d.      Plaintiffs' case, if any, belongs in Delaware under the doctrine of *forum non-conveniens*.

16

Plaintiffs' silence on this point is resounding. Based on points made in Moving Defendants' opening brief, Moving Defendants assert that the present case belongs in Delaware.

## CONCLUSION

Plaintiffs' Complaint defines RICO violators as those who oppose Messina – all the ASLET Board members who do not support his policies, along with the Executive Director, and the ASLET members, and any "officers and executives, managerial and supervisory personnel and legal counsel of ASLET" who stand up against him. Anyone who opposes Messina allegedly joins a conspiracy. Anyone who helps him purportedly is exempted.

Moving Defendants respectfully submit that the RICO statute was not intended to support one disenchanted board member's attacks on a corporation, its policies, its board, or its board's affiliates. There is, moreover, no jurisdiction over Moving Defendants. Plaintiffs' critical errors in pleading require dismissal of the Complaint. Plaintiffs have no standing under RICO to make their claims, for which there are state and common law remedies. Plaintiffs also have no derivative standing because they allege no proximate injury to ASLET in their Complaint.

Finally, as Plaintiffs have not contested Moving Defendants' *forum non conveniens* argument, it is undisputed that Delaware – not New York – is the appropriate forum in which to hear what are essentially state law claims.

WHEREFORE, Moving Defendants respectfully request that this honorable Court grant the within motion, dismissing Plaintiffs' Complaint, as well as such other and further relief as may be just and proper.

Dated: <u>Wilmington, Delaware, May 5, 2004</u>

**McCARTER & ENGLISH, LLP**

BY: _____
PAUL A. BRADLEY
A. RICHARD WINCHESTER
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Moving Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and on behalf of all others similarly situated, and derivatively on behalf of<br>AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC.,<br>Plaintiffs,<br><br>v.<br><br>FRANK A. HACKETT, JR.,<br>ANDREW CASAVANT,<br>GREG MEYER,<br>GARY T. KLUGIEWICZ,<br>TIMOTHY DEES,<br>LISA KONRATH,<br>MARY GIFFORD,<br>DAVID SMITH,<br>DAVID GROSSI,<br>JULIE LINKINS,<br>WILLIAM WESTFALL,<br>DANIEL WATSON,<br>GLENN YOUNG,<br>JOHN DOES 1-10,<br>Defendants,<br><br>And AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC.,<br>Nominal Defendant. | Civil Action No: CV-040170 (TCP)<br><br>AFFIRMATION OF SERVICE |

    I, Artemio C. Aranilla, an attorney admitted to practice in the Courts of the State of New York, affirm under penalty of perjury that I have served a copy of the attached Reply Memorandum in Support of Motion to Dismiss upon the following by Federal Express:

Steven M. Lester, Esq.  
Law Offices of Steven M. Lester  
325 Merrick Avenue  
East Meadow, NY 11554  
Attorneys for the Plaintiffs

Catherine Mirabile, Esq.,  
Assistant U.S. Attorney  
U.S. Attorney's Office  
1 PierrePont Plaza, 14th Floor  
Brooklyn, NY 11201  
Attorneys for Defendant Glenn Young

Dated: May 5, 2004

                            **McCARTER & ENGLISH, LLP**

BY: _____
ARTEMIO C. ARANILLA (NY 4150629)
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Defendants Frank A. Hackett Jr., Andrew Casavant, Greg Meyer, Gary T. Klugiewicz, Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie Linkins, William Westfall, Daniel Watson, and American Society Of Law Enforcement Trainers (nominal defendant)