EXHIBIT A

Case 1:05-cv-00344-JJF   Document 66-3   Filed 05/31/2005   Page 1 of 9

Filed: Apr 30 2004 4:19PM EDT
Filing ID 3508005

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

WILLIAM B. CHANDLER III
CHANCELLOR

P.O. BOX 581
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5424
FACSIMILE (302) 856-5251

Submitted: April 26, 2004
Decided: April 30, 2004

Philip Messina
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Christian Migliore
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Jennifer Haas
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Edward Mandelbaum
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Paul A. Bradley
McCarter & English, L.L.P.
919 N. Market St., Suite 1800
Wilmington, DE 19899

John G. Harris
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

Re: *Messina, et al. v. Klugiewicz, et al.*, C.A. No. 2244-S
*Messina, et al. v. American Society of
Law Enforcement Trainers, Inc., et al.*, C.A. No. 2247-S
*Messina, et al. v. American Society of
Law Enforcement Trainers, Inc.*, C.A. No. 2300-S

Dear Counsel:

This letter, and the attached Orders, address the pending motions in the three above-captioned cases.

*Messina, et al. v. Klugiewicz, et al.*, Civil Action No. 2244-S

This case is brought under 8 *Del. C.* § 220. The parties have fully briefed cross motions for summary judgment. The plaintiffs' motion for summary judgment seeks to establish that plaintiff Philip Messina has standing to inspect the American Society of Law Enforcement Trainers, Inc.'s (ASLET) books and records and that the delay in producing the requested information was a product of bad faith. Defendants' motion for summary judgment argues that ASLET has satisfied the original demand for

books and records and that Count IV of the complaint, which seeks injunctive relief, is moot.[1] Plaintiffs brief answering defendants' motion asserted that three categories of documents have not been produced, but did not address the issue of Count IV. In reply, defendants produced an affidavit from counsel stating that the three categories of documents plaintiffs still believe have not been provided do not exist and/or cannot be located.[2] At oral argument held on April 26, 2004, plaintiffs clarified that the only outstanding demand that may not have been fulfilled was a complete list of ASLET's members with contact information. Defendants' counsel has since satisfied that demand.[3] Separately, defendants have moved to quash a subpoena requesting documents purportedly outside the scope of the demand that originally prompted this action. Also, plaintiffs, on the day of oral argument, moved to amend their complaint.

Based on the record before the Court, it appears that defendants have fully satisfied plaintiffs' original demand for inspection of ASLET's books and records. Additionally, plaintiffs do not contest that Count IV is moot. As such, defendants' motion for summary judgment is granted and this action is dismissed. Because of this ruling, all other pending motions in Civil Action Number 2244-S are irrelevant.[4]

*Messina, et al. v. American Society of Law Enforcement Trainers, Inc., et al.*, Civil Action No. 2247-S

In this action, plaintiffs seek a judicial declaration, pursuant to 8 *Del. C.* §§ 111 and 225, of the following: (1) ASLET's certificate of incorporation calling for annual board elections conflicts with ASLET's

---

[1] Count IV is purportedly moot because it sought to enjoin the use of a misleading proxy that was not actually used for a meeting that has since occurred.

[2] *See* Reply Br. in Supp. of ASLET's Mot. for Summ. J., Ex. A.

[3] *See* Letter from Harris to Chandler, C., *Messina v. Klugiewicz, et al.*, C.A. No. 2244-S (Apr. 30, 2004).

[4] To the extent that plaintiffs' motion for partial summary judgment could be interpreted as a request to require the costs of this litigation to be shifted to defendants due to their bad faith refusal to make ASLET's books and records available for inspection, I find that such an award of costs is not warranted in the circumstances. Plaintiffs have not demonstrated that defendants acted in subjective bad faith, and the record before me indicates most of the dispute between the parties involved the scope of documents requested. A party's resistance to overly broad requests for open-ended inspections of records is not indicative of bad faith. *See Shapiro v. Healthcare Acquisition, Inc.*, Del. Ch., C.A. No. 030-N, Lamb, V.C. (letter op. Apr. 12, 2004).

bylaws which establish four-year terms for board members; (2) that the creation of a board committee without a full vote of the ASLET board was invalid; (3) that elections held prior to January 8, 2003 were invalid because of a defect of process and that those elections were manipulated by Frank A. Hackett, Jr. (ASLET's executive director); (4) that the entire ASLET board should have stood for election on January 8, 2003 and that the top nine vote getters (rather than the top five) at said election are the valid directors of ASLET; and (5) that putative director Greg Meyer's motion to expel Messina from ASLET was invalid.

The complaint has been twice amended, but plaintiffs have recently moved to have the complaint dismissed without prejudice under Court of Chancery Rule 41(a)(2). At oral argument held on April 26, 2004, defendants had no objection to dismissal, but requested that the dismissal be with prejudice. Defendants also suggested that certain information contained in plaintiffs' motion to dismiss without prejudice is inflammatory and should be stricken from the record.

I find that the interests of justice are best served if the dismissal is without prejudice.[5] With regard to defendants' informal request that certain material in plaintiffs' motion to dismiss be stricken, I find that such a measure is unwarranted because this action is being dismissed and I have given the purportedly scandalous material little weight.[6]

*Messina, et al. v. American Society of Law Enforcement Trainers, Inc.*, Civil Action No. 2300-S

In this case, the plaintiffs seek a summary declaration, pursuant to 8 *Del. C.* § 111, that the ASLET bylaws adopted February 20, 2002, are the valid bylaws of the organization and that the purported modification of ASLET's bylaws on October 17, 2002 and June 20, 2003 are invalid.

---

[5] *See Tooley v. Donaldson*, 2004 Del. LEXIS 161, at *24 (Del. 2004); *Brehm v. Eisner*, 746 A.2d 244, 267 (Del. 2000). Plaintiffs, in the three actions before this Court, appear *pro se*.

[6] "Motions to strike allegedly redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." 2A J. MOORE, MOORE'S FEDERAL PRACTICE §12.21[2], at 2317 (2d ed. 1985) (citation omitted).

ASLET has moved to dismiss under Court of Chancery Rules 12(b)(6) and 23.1.

Plaintiffs' complaint alleges that ASLET's executive director, Frank Hackett, submitted changes to ASLET's bylaws to the ASLET board on October 16, 2002, without having notified, in writing, directors Philip Messina and Kathleen Kelley of the proposed changes sixty days before the board meeting.[7] Article VIII(a) of the bylaws provides: "Written notice of the proposed bylaw amendment must have been submitted to each members (sic) of the Executive Board at least 60 days prior to the meeting." Plaintiffs also allege that the board voted on June 30, 2003 to repeal Article VI, Section 4 of the bylaws without notice pursuant to Article VIII(a) of the bylaws. Article VI, Section 4 of the bylaws related to the Assistant Executive Director of ASLET (a position plaintiff Messina held).

Messina attended the October 17, 2002 meeting and the June 20, 2003 meeting, but did not attend for the sole purpose of objecting to lack of notice.[8] Therefore, under 8 *Del. C.* § 229, Messina has no grounds to sue for ASLET's failure to provide him with sixty days notice.[9] Additionally, 8 *Del. C.* § 111 (the provision under which plaintiffs seek relief) does not provide a cause of action for plaintiffs. Section 111 merely states that the Court of Chancery has jurisdiction to determine the validity of bylaws, but does not independently establish the rights and duties of a Delaware corporation and/or its fiduciaries in relation to those bylaws. Plaintiffs having pleaded their claim only under section 111, have not pleaded a cognizable claim.

---

[7] The proposed changes were wide-ranging and appear to be a "revamping" of the bylaws.

[8] *See* Compl., Ex. F (June 20, 2003 meeting minutes); Defs.' Reply Mem. of Law in Supp. of its Mot. To Dismiss Pls.' Compl., Ex. B (Oct. 17, 2002 meeting minutes). Plaintiffs, at oral argument, conceded these facts.

[9] 8 *Del. C.* § 229 provides, in part: "Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened." For purposes of the motion to dismiss, it does not matter whether Kelley attended the relevant meetings because she is not a party to this action. Only Kelley has standing to assert that she was not provided notice according to ASLET's governing documents.

For these reasons, Civil Action Number 2300-S is dismissed, without prejudice, for failure to state a claim.

Orders have been entered in each of these cases, implementing my rulings.

Very truly yours,

*/S/William B. Chandler III*

William B. Chandler III

WBCIII:meg

Attachments

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| PHILIP MESSINA, in his official capacity as a Director of the American Society of Law Enforcement Trainers, Inc., EDWARD MANDELBAUM, as a member of the American Society of Law Enforcement Trainers, Inc., and on behalf of AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., a Delaware nonstock corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>GARY T. KLUGIEWICZ, in his official capacity as Board Chair of the American Society of Law Enforcement Trainers, Inc., FRANK A. HACKETT, JR., in his official capacity as Executive Director of the American Society of Law Enforcement Trainers, Inc.,<br><br>        Defendants. | Civil Action No. 2244-S |

## ORDER

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED; and it is

FURTHER ORDERED, that pending motions to quash and to amend the complaint are DENIED as moot.

                                                                            /S/ William B. Chandler III
                                                                                Chancellor

Dated: April 30, 2004

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| PHILIP MESSINA, in his official capacity as a Director of the American Society of Law Enforcement Trainers, Inc., EDWARD MANDELBAUM, as a member of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2247-S |
| v. | ) ) | |
| AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., and GREG MEYER, DAVID GROSSI, DAVID SMITH, LISA KONRATH, in their official capacities as Directors of American Society of Law Enforcement Trainers, Inc., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED without prejudice pursuant to Court of Chancery Rule 41(a)(2).

/S/ William B. Chandler III
Chancellor

Dated: April 30, 2004

7

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| PHILIP MESSINA, as a member of and as a Director of the American Society of Law Enforcement Trainers, Inc., CHRISTIAN MIGLIORE, JENNIFER HAAS, EDWARD MANDELBAUM, as members of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., <br><br> Defendant. | Civil Action No. 2300-S |

### ORDER

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED without prejudice pursuant to Court of Chancery Rule 12(b)(6).

/S/ William B. Chandler III
Chancellor

Dated: April 30, 2004