IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHILLIP MESSINA, and GEORGE          :
DEMTRIOU, individually and on        :
behalf of all others similarly       :
situated, and derivatively on        :
behalf of American Society of Law    :
Enforcement Trainers, Inc.,          :
                                     :
         Plaintiffs,                 :
                                     :
    v.                               : Civil Action No. 05-344-JJF
                                     :
FRANK A. HACKETT, JR., ANDREW        :
CASAVANT, GREG MEYER, GARY T.        :
KLUGIEWICZ, TIMOTHY DEES, LISA       :
KONRATH, MARY GIFFORD, DAVID SMITH,  :
DAVID GROSSI, JULIE LINKINS,         :
WILLIAM WESTFALL, DANIEL WATSON,     :
GLENN YOUNG, and JOHN DOES 1-10,     :
                                     :
         Defendants.                 :

## MEMORANDUM ORDER

Pending before the Court are American Society of Law Enforcement Trainers Inc.'s ("ASLET") Motion To Stay (D.I. 68) and Defendants' Motion To Dismiss (D.I. 63). For the reasons discussed, ASLET's Motion To Stay (D.I. 68) will be granted and Defendants' Motion To Dismiss (D.I. 63) will be denied with leave to renew upon expiration of the stay.

**I.    Background**

In January 2004, Plaintiffs Messina and Demtriou ("Plaintiffs") filed a complaint individually, on behalf of all others similarly situated, and derivatively on behalf of American Society of Law Enforcement Trainers, Inc. ("ASLET") in the Eastern District of New York, alleging several violations of

federal racketeering laws and common law fraud against all Defendants. Plaintiffs also alleged that Hackett, Klugiewicz, Meyer, Grossi, Konrath, Casavant, Dees, Smith, and Gifford had breached fiduciary duties and the duty of loyalty, and further, that Hackett had breached his employment contract. On May 31, 2005, the case was transferred to this Court. (D.I. 49). All Defendants, with the exception of Young and John Does 1-10, subsequently filed a Motion To Dismiss (D.I. 63). On August 10, 2005, ASLET filed a Motion To Stay (D.I. 68) and Plaintiffs joined ASLET in making that Motion. (D.I. 72). Defendants responded to ASLET's and Plaintiffs' Motion To Stay. (D.I. 71).

## II. Parties' Contentions

ASLET and Plaintiffs request a 90-day stay to conduct "an investigation into [ASLET's] options, including whether or not to appoint a Special Litigation Committee to investigate...or to directly prosecute the allegations made in the Complaint." (D.I. 68 at 2). The request comes following the recent resignation of all but one Defendant that served on ASLET's Board of Directors. Plaintiffs contend that, with the resignations, a stay could result in the narrowing of issues or dismissal of the lawsuit. (D.I. 72 at 2). Defendants are not opposed to a stay, but they object to the length of time requested by ASLET and Plaintiffs. (D.I. 71). Defendants request a decision on their Motion To Dismiss (D.I. 63) even if a stay is granted. (D.I. 71).

**III. Discussion**

The decision to grant or deny a stay is within the court's broad discretion. <u>Bechtel Corp. v. Laborers' Int'l Union</u>, 544 F.2d 1207, 1215 (3d Cir. 1976). In determining whether a stay is appropriate, a court should "weigh the competing interests of the parties and attempt to maintain an even balance." <u>Dentsply Int'l Inc.v. Kerr Mfg. Co.</u>, 734 F.Supp at 656, 658 (D. Del. 1990). In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay will simplify the issues raised by the parties; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice the non-movant. <u>Gioello Enters Ltd. v. Mattel, Inc.</u>, 2001 WL 125340 (D. Del. Jan. 29, 2001); <u>United Sweetener USA, Inc. v. Nutrasweet Co.</u>, 766 F.Supp 212, 217 (D. Del. 1991). In balancing these factors, courts must be particularly mindful of the consequences of the stay on the other parties. <u>Dentsply Int'l Inc.</u>, 734 F.Supp at 658 (recognizing that courts must consider whether "there is 'even a fair possibility' that the stay would work damage on another party") (citations omitted).

The Court concludes that a stay is appropriate and will grant a stay in this case until January 27, 2006. Plaintiffs contend that granting the stay "could limit the issues in this case, or possibly eliminate the need for litigation." (D.I. 72 at 2). When Plaintiffs initiated this lawsuit, ASLET's Board of

Directors included several named Defendants. Plaintiffs determined that making a demand on the corporation to institute this action against Defendants would be futile because Defendants would not be willing to sue themselves. At this time, all but one of the Defendants on the Board have resigned, and ASLET contends it is in a better position to determine how to proceed with the litigation. Additionally, discovery is not complete and a trial date has not been set. Finally, the Court concludes that Defendants will not be prejudiced by the granting of the stay, particularly if ASLET and Plaintiffs can narrow the issues or dispose of the litigation. Defendants have not claimed that they will be prejudiced by the stay and are only opposed to the length of the stay requested. Accordingly, the Court will grant American Society of Law Enforcement Trainers Inc.'s Motion To Stay (D.I. 68) and will deny Defendants' Motion To Dismiss (D.I. 63) with leave to renew.[1]

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. American Society of Law Enforcement Trainers Inc.'s Motion To Stay (D.I. 68) is **GRANTED**.

2. The litigation is **STAYED** until January 27, 2006.

---

[1] The Court will not rule on Defendants' Motion To Dismiss (D.I. 63) at this time because Plaintiffs contend that they may be able to narrow the issues or dispose of the litigation.

4

3. Defendants' Motion To Dismiss (D.I. 63) is **DENIED WITH LEAVE TO RENEW** upon expiration of the stay.

4. ASLET and Plaintiffs are to inform the Court by letter immediately upon expiration of the stay as to how they wish to proceed.

October 25, 2005

/s/ Joseph J. Farnan
UNITED STATES DISTRICT JUDGE