# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHILLIP MESSINA, and GEORGE          :
DEMTRIOU, individually and on        :
behalf of all others similarly       :
situated, and derivatively on        :
behalf of American Society of Law    :
Enforcement Trainers, Inc.,          :
                                     :
            Plaintiffs,              :
                                     :
      v.                             :Civil Action No. 05-344-JJF
                                     :
FRANK A. HACKETT, JR., ANDREW        :
CASAVANT, GREG MEYER, GARY T.        :
KLUGIEWICZ, TIMOTHY DEES, LISA       :
KONRATH, MARY GIFFORD, DAVID SMITH,  :
DAVID GROSSI, JULIE LINKINS,         :
WILLIAM WESTFALL, DANIEL WATSON,     :
GLENN YOUNG, and JOHN DOES 1-10,     :
                                     :
            Defendants.              :

### MEMORANDUM ORDER

Pending before the Court are American Society of Law

Enforcement Trainers Inc.'s ("ASLET") Motion To Stay (D.I. 68)

and Defendants' Motion To Dismiss (D.I. 63).  For the reasons

discussed, ASLET's Motion To Stay (D.I. 68) will be granted and

Defendants' Motion To Dismiss (D.I. 63) will be denied with leave

to renew upon expiration of the stay.

**I.    Background**

In January 2004, Plaintiffs Messina and Demtriou

("Plaintiffs") filed a complaint individually, on behalf of all

others similarly situated, and derivatively on behalf of American

Society of Law Enforcement Trainers, Inc. ("ASLET") in the

Eastern District of New York, alleging several violations of

federal racketeering laws and common law fraud against all
Defendants.  Plaintiffs also alleged that Hackett, Klugiewicz,
Meyer, Grossi, Konrath, Casavant, Dees, Smith, and Gifford had
breached fiduciary duties and the duty of loyalty, and further,
that Hackett had breached his employment contract.  On May 31,
2005, the case was transferred to this Court.  (D.I. 49).  All
Defendants, with the exception of Young and John Does 1-10,
subsequently filed a Motion To Dismiss (D.I. 63).  On August 10,
2005, ASLET filed a Motion To Stay (D.I. 68) and Plaintiffs
joined ASLET in making that Motion.  (D.I. 72).  Defendants
responded to ASLET's and Plaintiffs' Motion To Stay.  (D.I. 71).

## II.  Parties' Contentions

ASLET and Plaintiffs request a 90-day stay to conduct "an
investigation into [ASLET's] options, including whether or not to
appoint a Special Litigation Committee to investigate...or to
directly prosecute the allegations made in the Complaint."  (D.I.
68 at 2).  The request comes following the recent resignation of
all but one Defendant that served on ASLET's Board of Directors.
Plaintiffs contend that, with the resignations, a stay could
result in the narrowing of issues or dismissal of the lawsuit.
(D.I. 72 at 2).  Defendants are not opposed to a stay, but they
object to the length of time requested by ASLET and Plaintiffs.
(D.I. 71).  Defendants request a decision on their Motion To
Dismiss (D.I. 63) even if a stay is granted.  (D.I. 71).

2

**III. Discussion**

The decision to grant or deny a stay is within the court's broad discretion. <u>Bechtel Corp. v. Laborers' Int'l Union</u>, 544 F.2d 1207, 1215 (3d Cir. 1976). In determining whether a stay is appropriate, a court should "weigh the competing interests of the parties and attempt to maintain an even balance." <u>Dentsply Int'l Inc. v. Kerr Mfg. Co.</u>, 734 F.Supp at 656, 658 (D. Del. 1990). In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay will simplify the issues raised by the parties; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice the non-movant. <u>Gioello Enters Ltd. v. Mattel, Inc.</u>, 2001 WL 125340 (D. Del. Jan. 29, 2001); <u>United Sweetener USA, Inc. v. Nutrasweet Co.</u>, 766 F.Supp 212, 217 (D. Del. 1991). In balancing these factors, courts must be particularly mindful of the consequences of the stay on the other parties. <u>Dentsply Int'l Inc.</u>, 734 F.Supp at 658 (recognizing that courts must consider whether "there is 'even a fair possibility' that the stay would work damage on another party") (citations omitted).

The Court concludes that a stay is appropriate and will grant a stay in this case until January 27, 2006. Plaintiffs contend that granting the stay "could limit the issues in this case, or possibly eliminate the need for litigation." (D.I. 72 at 2). When Plaintiffs initiated this lawsuit, ASLET's Board of

3

Directors included several named Defendants.  Plaintiffs
determined that making a demand on the corporation to institute
this action against Defendants would be futile because Defendants
would not be willing to sue themselves.  At this time, all but
one of the Defendants on the Board have resigned, and ASLET
contends it is in a better position to determine how to proceed
with the litigation.  Additionally, discovery is not complete and
a trial date has not been set.  Finally, the Court concludes that
Defendants will not be prejudiced by the granting of the stay,
particularly if ASLET and Plaintiffs can narrow the issues or
dispose of the litigation.  Defendants have not claimed that they
will be prejudiced by the stay and are only opposed to the length
of the stay requested.  Accordingly, the Court will grant
American Society of Law Enforcement Trainers Inc.'s Motion To
Stay (D.I. 68) and will deny Defendants' Motion To Dismiss (D.I.
63) with leave to renew.[1]

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1. American Society of Law Enforcement Trainers Inc.'s Motion
   To Stay (D.I. 68) is **GRANTED**.

2. The litigation is **STAYED** until January 27, 2006.

---

[1]The Court will not rule on Defendants' Motion To Dismiss
(D.I. 63) at this time because Plaintiffs contend that they may
be able to narrow the issues or dispose of the litigation.

3.   Defendants' Motion To Dismiss (D.I. 63) is **DENIED WITH LEAVE TO RENEW** upon expiration of the stay.

4.   ASLET and Plaintiffs are to inform the Court by letter immediately upon expiration of the stay as to how they wish to proceed.


October 25, 2005                    _____
                                    UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHILIP MESSINA,                                  )
GEORGE DEMTRIOU, individually and                )
on behalf of all others similarly situated,      )
and derivatively on behalf of                    )
AMERICAN SOCIETY OF LAW                          )
ENFORCEMENT TRAINERS, INC.,                      )
                                                 )
      Plaintiffs,              )
                                                 )       C.A. No. 05-cv-344-JJF
    v.                             )
                                                 )
FRANK A. HACKETT, JR., ANDREW                    )
CASAVANT, GREG MEYER, GARY T.                    )
KLUGIEWICZ, TIMOTHY DEES, LISA                   )
KONRATH, MARY GIFFORD, DAVID                     )
SMITH, DAVID GROSSI, JULIE                       )
LINKINS, WILLIAM WESTFALL,                       )
DANIEL WATSON, GLENN YOUNG,                      )
JOHN DOES 1-10,                                  )
                                                 )
      Defendants,              )
                                                 )
and AMERICAN SOCIETY OF LAW                      )
ENFORCEMENT TRAINERS, INC.,                      )
                                                 )
      Nominal Defendant.       )

## MOTION FOR STAY

    Nominal Defendant, American Society of Law Enforcement Trainers, Inc. ("ASLET")

hereby moves this Honorable Court to stay proceedings in the above captioned litigation for a

period of 90 days and in support thereof states as follows:

    1.    Plaintiffs initiated the above captioned litigation by filing a class and derivative

action in the Federal District Court for the Eastern District of New York against the named

defendants as well as ASLET as nominal defendant. On or about May 31, 2005, the action was

transferred to the Federal Court for the District of Delaware.

2.    In their Complaint, Plaintiffs charged the individual defendants with a pattern of racketeering activity, breaches of fiduciary duties, and waste of corporate assets.  ASLET is named as a nominal defendant solely in a derivative capacity.

3.    Many of the individual defendants were directors and officers of ASLET on the date the Complaint was filed.  These individuals and defendants, by virtue of their offices and directorships, effectively controlled ASLET.  In fact, the then-current Executive Board of ASLET (the "Board") was composed of ten individuals, eight of whom were named defendants in the Complaint.

4.    As a result, Plaintiffs made no demand prior to filing their complaint upon the Board of ASLET to prosecute their claims and, in fact, contended in the Complaint that a demand upon the ASLET Board of Directors would be futile.  Complaint ¶ 43.

5.    Subsequent to the commencement of the litigation the composition of the Board of ASLET has changed.  All but one of the eight individual defendants who previously served upon the Board have resigned from the Board and have been replaced, through election, by new, independent Directors.  Plaintiff Philip Messina continues to serve as a Board member.

6.    In Delaware, a State chartered corporation may use a special litigation committee to restore control over derivative litigation if a group of independent directors is so empowered to act for the corporation.  *Zapata v. Maldonado,* Del. Supr., 430 A.2d 779 (1981).    Where a Board appoints a special litigation committee, a stay is routinely granted so that such committee can do its work.  *Abbey v. Computer & Communications Technology Corp.*  457 A.2d 368, *375 (Del.Ch.,1983)

7.    Here, the newly constituted Board of Directors is actively conducting an investigation into its options, including considering whether or not to appoint a Special Litigation

2

Committee to investigate the allegations in the Complaint or to directly prosecute the allegations

made in the complaint.   Accordingly, a Stay of the litigation while the Board completes its

investigation is appropriate.

WHEREFORE, Nominal Defendant American Society of Law Enforcement Trainers,

Inc. moves this Honorable Court for a Stay of Proceedings for a minimum of 90 days in order

that the new Directors may confer with counsel and investigate methods and procedures for

dealing with the claims presented in the Complaint.


                                    **BIGGS AND BATTAGLIA**


                            By:   /s/ Robert D. Goldberg
                                    Robert D. Goldberg (ID # 631)
                                    Biggs and Battaglia
                                    921 North Orange Street
                                    P.O. Box 1489
                                    Wilmington, DE  19899
                                    (302) 655-9677
DATED:  8/10/2005                   Attorney for Nominal Defendant
                                    American Society of Law Enforcement
                                    Trainers, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHILIP MESSINA,                                      )
GEORGE DEMTRIOU, individually and                    )
on behalf of all others similarly situated,          )
and derivatively on behalf of                        )
AMERICAN SOCIETY OF LAW                              )
ENFORCEMENT TRAINERS, INC.,                          )
                                                     )
      Plaintiffs,                                )
                                                     )          C.A. No. 05-cv-344-JJF
      v.                                         )
                                                     )
FRANK A. HACKETT, JR., ANDREW                        )
CASAVANT, GREG MEYER, GARY T.                        )
KLUGIEWICZ, TIMOTHY DEES, LISA                       )
KONRATH, MARY GIFFORD, DAVID                         )
SMITH, DAVID GROSSI, JULIE                           )
LINKINS, WILLIAM WESTFALL,                           )
DANIEL WATSON, GLENN YOUNG,                          )
JOHN DOES 1-10,                                      )
                                                     )
      Defendants,                                )
                                                     )
and AMERICAN SOCIETY OF LAW                          )
ENFORCEMENT TRAINERS, INC.,                          )
                                                     )
      Nominal Defendant.                         )

## <u>ORDER</u>

      The Court, having considered the Motion for Stay filed on _____ by Nominal

Defendant American Society of Law Enforcement Trainers, Inc.,

      IT IS ORDERED this _____ day of _____ that the litigation be STAYED

until _____.

_____
                             J.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and<br>on behalf of all others similarly situated,<br>and derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br><br>       Plaintiffs,<br><br>       v.<br><br>FRANK A. HACKETT, JR., ANDREW<br>CASAVANT, GREG MEYER, GARY T.<br>KLUGIEWICZ, TIMOTHY DEES, LISA<br>KONRATH, MARY GIFFORD, DAVID<br>SMITH, DAVID GROSSI, JULIE<br>LINKINS, WILLIAM WESTFALL,<br>DANIEL WATSON, GLENN YOUNG,<br>JOHN DOES 1-10,<br><br>       Defendants,<br><br>and AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br><br>       Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>C.A. No. 05-cv-344-JJF |

## LOCAL RULE 7.1.1 STATEMENT

I, Robert D. Goldberg, attorney for Nominal Defendant American Society of Law Enforcement Trainers, Inc. have discussed the foregoing Motion for Stay with counsel for Plaintiffs as well as counsel for Defendants. Plaintiffs do not oppose the requested stay. Defendants are not opposed to granting a stay but oppose any stay longer than thirty (30) days.

**BIGGS AND BATTAGLIA**

By:    /s/ Robert D. Goldberg
        Robert D. Goldberg (ID No. 631)
        921 N. Orange Street, P.O. Box 1489
        Wilmington, DE 19899
        (302) 655-9677
        (302) 655-7924 (fax)

Dated:  August 10, 2005      Attorney for Nominal Defendant
        American Society of Law Enforcement
        Trainers, Inc.

2

## CERTIFICATE OF SERVICE

I, Robert D. Goldberg, undersigned counsel of record, hereby certify that on August 10, 2005, I caused a copy of the foregoing Motion to Stay to be served on the following in the manner indicated:

**VIA CM/ECF FILING**

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801

Paul A. Bradley, Esquire
McCarter & English
919 Market Street, #950
P.O. Box 111
Wilmington DE  19899

James Joseph Freebery IV, Esquire
McCarter & English
919 Market Street, #950
P.O. Box 111
Wilmington DE  19899

    /s/ Robert D. Goldberg
    Robert D. Goldberg (I.D. #631)

**Seward, Donna**

| | |
|---|---|
| **From:** | Bradley, Paul |
| **Sent:** | Wednesday, August 10, 2005 12:35 PM |
| **To:** | Seward, Donna |
| **Subject:** | Fw: Activity in Case 1:05-cv-00344-JJF Messina et al v. Hackett et al "Motion to Stay" |

To me, jim and file

-----Original Message-----
From: ded_nefreply@ded.uscourts.gov <ded_nefreply@ded.uscourts.gov>
To: ded_ecf@ded.uscourts.gov <ded_ecf@ded.uscourts.gov>
Sent: Wed Aug 10 11:49:21 2005
Subject: Activity in Case 1:05-cv-00344-JJF Messina et al v. Hackett et al "Motion to Stay"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Delaware

Notice of Electronic Filing


The following transaction was received from Goldberg, Robert D. entered on 8/10/2005 at 11:49 AM EDT and filed on 8/10/2005

Case Name:  Messina et al v. Hackett et al
Case Number:    1:05-cv-344 <https://ecf.ded.uscourts.gov/cgi-bin/DktRpt.pl?34912>
Filer:     American Society of Law Enforcement Trainers Inc.
Document Number:    <https://ecf.ded.uscourts.gov/cgi-bin/show_case_doc?68,34912,,9607987,> 68

Docket Text:
MOTION to Stay - filed by American Society of Law Enforcement Trainers Inc.. (Attachments: # (1) Text of Proposed Order # (2) Affidavit Local Rule 7.1.1 Statement# (3) Certificate of Service)(Goldberg, Robert)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079733196 [Date=8/10/2005] [FileNumber=82950-0]
[2ec6682e494536df3bf91ce7bc5a84a4f91fc986f83b3b95932beb47ac626fee628c3
ba017b6db23848592bd325a1b85c4f27123a1b7c50ee69c2db64d6d0ca5]]
Document description:Text of Proposed Order
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079733196 [Date=8/10/2005] [FileNumber=82950-1]
[b94af9115f85c1aaa7ef18d38a21c0c3d1fdc57c7d9c1461388f558ffd5db0933e4e1
ab3910d0500b3db7228681cfe516b50c1e1ea7e5fd6e6b9eecf5a304ae3]]
Document description:Affidavit Local Rule 7.1.1 Statement Original filename:n/a Electronic
document Stamp: [STAMP dcecfStamp_ID=1079733196 [Date=8/10/2005] [FileNumber=82950-2]
[19daa79d142e307a66ea32a579737ba135b411ecd408e627b806838b78ea6028d889f
f785c8460f6bf6e3694389e958d22f239db647235d05aff1e01c0570777]]
Document description: Certificate of Service
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079733196 [Date=8/10/2005] [FileNumber=82950-3]
[80f56209ca44583dc8638315436d3bf8c8d80b6caaf3d863cca8aa420d0049f716bbf
00e3ac5cecf962caf9a188f95780cfd02dba2c09da720d9ac9b262e3c2d]]

1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHILIP MESSINA,                                   )
GEORGE DEMITRIOU, individually and on             )
behalf of all others similarly situated,          )
and derivatively on behalf of                     )
AMERICAN SOCIETY OF LAW                           )
ENFORCEMENT TRAINERS, INC.                        )
                                                  )
        Plaintiffs,         )
                                                  )
        v.                  )     C.A. No. 05-cv-344-JJF
                                                  )
FRANK A. HACKETT, JR., ANDREW                     )
CASAVANT, GREG MEYER, GARY T.                     )
KLUGIEWICZ, TIMOTHY DEES, LISA                    )
KONRATH, MARY GIFFORD, DAVID                      )
SMITH, DAVID GROSSI, JULIE                        )
LINKINS, WILLIAM WESTFALL,                        )
DANIEL WATSON, GLENN YOUNG,                       )
JOHN DOES 1-10,                                   )
                                                  )
        Defendants,         )
                                                  )
and AMERICAN SOCIETY OF LAW                       )
ENFORCEMENT TRAINERS, INC.                        )
                                                  )
        Nominal  Defendant.  )

## RESPONSE TO NOMINAL DEFENDANT AMERICAN
## SOCIETY OF LAW ENFORCEMENT TRAINERS,
## INC.'S MOTION TO STAY

       Defendants Frank A. Hackett, Jr., Andrew Casavant, Greg Meyer, Gary T. Klugiewicz,

Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie Linkins, William

Westfall and Daniel Watson (collectively "Answering Defendants") hereby respond to Nominal

Defendant American Society of Law Enforcement Trainers, Inc.'s ("ASLET") Motion to Stay

proceedings in the above-captioned litigation and support thereof state as follows:

1.      ASLET, a nominal defendant in the litigation was previously represented in the Eastern District of New York by McCarter & English, LLP.   ASLET has since hired the Delaware law firm of Biggs and Battaglia to represent it before this Court.   ASLET's new counsel will be filing a substitution of counsel evidencing same.

2.      Answering Defendants take no position with respect to ASLET's application for a stay, but do object to the length of time for the stay requested – 90 days – and note for the Court that ASLET's request and the reason behind its request have no impact upon Answering Defendants' pending Motion to Dismiss the Complaint of Plaintiffs Philip Messina and George Demitriou.

3.      Answering Defendants are individual former board members of ASLET who are entitled to finality.  Answering Defendants' Motion to Dismiss was filed and has been pending since February 2004.

4.      The reason for ASLET's request for a stay – the new board "conducting an investigation into its options" – has no impact on Answering Defendants' pending Motion to Dismiss.  The Motion is still ripe for a decision after hearing or on the papers whether or not ASLET's request for a stay is granted.  What the board decides to do or not to do will not effect the claims of Plaintiffs or Answering Defendants' procedural and substantive defenses to such claims.

WHEREFORE, Answering Defendants pray  the Court, if it grants ASLET's Motion to Stay the litigation that it does so for only 30 days and/or that it proceed to rule on Answering Defendants' pending Motion to Dismiss.

ME1\5172171.1

1

McCARTER & ENGLISH, LLP


/s/ James J. Freebery
Paul A. Bradley (DE ID. No 2156)
James J. Freebery (DE ID. No. 3498)
919 North Market Street, Suite 1800
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300
Attorneys for Defendants,
Frank A. Hackett, Jr., Andrew Casavant,
Greg Meyer, Gary T. Klugiewicz, Timothy
Dees, Lisa Konrath, Mary Gifford, David
Smith, David Grossi, Julie Linkins, William
Westfall and Daniel Watson

Dated: August 11, 2005

## CERTIFICATE OF SERVICE

I, James J. Freebery, undersigned counsel of record, hereby certify that on August 11, 2005, I caused a copy of the foregoing Defendants, Frank A. Hackett, Jr., Andrew Casavant, Greg Meyer, Gary T. Klugiewicz, Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie Linkins, William Westfall and Daniel Watson's Response to Motion to Stay to be served on the following counsel in the indicated manner:

CM/ECF Filing

Robert D. Goldberg Esquire
Biggs and Battaglia
921 North Orange Street
P.O. Box 1489
Wilmington, DE 19899

U.S. Mail

Steven Lester, Esquire
Law Offices of Steven M. Lester
325 Merrick Avenue
East Meadow, New York 11544


/s/ James J. Freebery
James J. Freebery (DE ID. No. 3498)

ME1\5172171.1

1

**Briefs, Responses and Replies**
1:05-cv-00344-JJF Messina et al v. Hackett et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Bradley, Paul entered on 8/11/2005 at 5:09 PM EDT and filed on 8/11/2005

| | |
|---|---|
| **Case Name:** | Messina et al v. Hackett et al |
| **Case Number:** | 1:05-cv-344 |
| **Filer:** | John Does 1-10 |
| | David Smith |
| | Frank A. Hackett, Jr |
| | Andrew Casavant |
| | Greg Meyer |
| | Gary T. Klugiewicz |
| | Timothy Dees |
| | Lisa Konrath |
| | Mary Gifford |
| | David Grossi |
| | Julie Linkins |
| | William Westfall |
| | David Watson |

**Document Number:** 71

**Docket Text:**
RESPONSE to Motion re [68] MOTION to Stay filed by Gary T. Klugiewicz, Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie Linkins, William Westfall, David Watson, John Does 1-10, Frank A. Hackett, Jr, Andrew Casavant, Greg Meyer. (Attachments: # (1) Exhibit Certificate of Service)(Bradley, Paul)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/11/2005] [FileNumber=83959-0]
[8733a49746c48995622f5a7f74a6ea275cc1c8f43ccebbf6fb5beab283f1c42b46711
c8550d157373b80fbd72a421a7297b0ed8ae7047488e2f802c7c049d279]]
**Document description:**Exhibit Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/11/2005] [FileNumber=83959-1]
[2cb7fc22999002158b9ac13ae18315931d5b77fbb679f608aba62f56672e9021265a4

cdf8efb78837863fcd755bd3d7b722ad9742c1e94d0a512925e5f12a594]]

**1:05-cv-344 Notice will be electronically mailed to:**

Paul A. Bradley      pbradley@mccarter.com,

**1:05-cv-344 Notice will be delivered by other means to:**

F-P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHIL MESSINA,<br>GEORGE DEMTERIOU, individually and<br>on behalf of all others similarly situated,<br>and derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRANK A. HACKETT, JR., ANDREW<br>CASAVANT, GREG MEYER, GARY T.<br>KLUGIEWICZ, TIMOTHY DEES, LISA<br>KONRATH, MARY GIFFORD, DAVID<br>SMITH, DAVID GROSSI, JULIE<br>LINKINS, WILLIAM WESTFALL,<br>DANIEL WATSON, GLENN YOUNG,<br>JOHN DOES 1-10,<br><br>    Defendants,<br><br>and AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br><br>    Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A..No. 05-cv-344-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' JOINDER IN MOTION FOR STAY

Plaintiffs Philip Messina and George Demetriou ("Plaintiffs"), through their undersigned counsel, hereby join in the Motion to Stay filed by nominal defendant American Society of Law Enforcement Trainers, Inc. ("ASLET"), and in support thereof state as follows:

1.    Plaintiffs agree with ASLET that a 90-day stay is appropriate under the circumstances of this case. Since the Complaint was filed, the board of directors of ASLET has been reconstituted. All but one of the eight individual defendants who previously served

upon the Board have resigned from the Board and have been replaced, through election, by new, independent directors. Plaintiff Phillip Messina continues to serve as a member of the board of ASLET.

2.    The new board has indicated a willingness to take a serious look at the issues raised by Plaintiffs, and possibly take remedial measures as to some or all of the matters raised by Plaintiffs in the Complaint. Such action could limit the issues in this case, or possibly eliminate the need for litigation. Additionally, if litigation is to continue, ASLET may elect to assume control of the action directly, as opposed to its current position as a nominal defendant. The potential efficiencies involved warrant a stay.

3.    The defendants have not taken any issue on the stay, other than (1) to object to the length of the stay (90 days), and (2) they want the motion to dismiss to be decided in the interim. As to the first objection, defendants do not give show any prejudice resulting from the stay, nor do they given any reason for the objection, other than they believe that their motion to dismiss will be successful and they want to be out of the case. However, defendants are not prejudiced by the delay, as they will not be required to undertake any action in defense of the case during that period. As for the motion to dismiss, the determination by ASLET, after its review, of what actions it will take may affect that motion, either by eliminating issues or (if ASLET either resolves all the issues or seeks to terminate the litigation) mooting them. As such, the interests of judicial efficiency support deferring any action on the motion to dismiss pending the 90-day review by ASLET.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully join in ASLET's

Motion to Stay and respectfully request that the Court grant the motion.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for plaintiffs Philip Messina and
George Demitriou

Dated: August 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2005, I electronically filed the foregoing Plaintiffs'

Joinder in Motion for Stay with the Clerk of the Court using CM/ECF which will send

notification of such filing(s) to the following:

> Robert D. Goldbertg, Esq.
> Biggs and Battaglia
> 921 Orange Street
> Wilmington, DE 19801
>
> James Joseph Freebery, IV, Esq.
> McCarter & English
> 919 Market Street, #950
> Wilmington, DE 19801


> /s/ David L. Finger
> David L. Finger (DE Bar ID #2556)
> Finger & Slanina, LLC
> One Commerce Center
> 1201 Orange Street, Suite 725
> Wilmington, DE 19801-1155
> (302) 884-6766