| | | |
|---|---|---|
| VICTOR F. BATTAGLIA<br>ROBERT D. GOLDBERG<br>PHILIP B. BARTOSHESKY<br>VICTOR F. BATTAGLIA, JR.<br>STEVEN F. MONES | **BIGGS AND BATTAGLIA**<br>ATTORNEYS AT LAW<br>921 NORTH ORANGE STREET<br>P.O. BOX 1489<br>WILMINGTON, DELAWARE 19899<br>(302) 655-9677<br>TELECOPIER (302) 655-7924 | OF COUNSEL<br>JOHN BIGGS III<br>GERARD P. KAVANAUGH, SR.<br>S. BERNARD ABLEMAN |

Writer's Direct E-mail: Goldberg@batlaw.com

June 26, 2006

**By E-File**
The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 27
Wilmington, DE 19801

    Re: *Messina, et al. v. Hackett, et al.*
           C.A. No. 05cv00344 JJF

Dear Judge Farnan:

    I write to the Court in response to the letter and motion of James J. Freeberry requesting that the Court revisit Defendants' Motion to dismiss the above matter. As Your Honor is aware, my client, the American Society of Law Enforcement Trainers ("ASLET" or the "Company") sought a stay of the litigation so that it could decide whether or not to directly prosecute the litigation on its own behalf. In fact, an analysis was done on behalf of the Company and the Board decided that it did want to take over litigation. Unfortunately, in the interim, ASLET's finances deteriorated and it now appears that it cannot afford to prosecute the litigation. ASLET's financial circumstances are so dire that the Board has voted to authorize Chapter 7 proceedings.[1] I have been advised that the Bankruptcy will be filed shortly. In view of these developments, I do not believe that ASLET can seek to change its status in the instant action and pursue it on behalf of its members at this time, although it will bring this case to the attention of the Bankruptcy Court after it has filed its Chapter 7 petition so that it can consider whether or not to pursue it on behalf of ASLET's creditors.

    I have been advised that ASLET has retained bankruptcy counsel and that it is in the process of preparing the necessary schedules. I will advise the Court as soon as the Bankruptcy petition is on file.

                                      Respectfully submitted,

                                      /s/ Robert D. Goldberg
                                      Robert D. Goldberg (I.D. #631)

RDG/mnj

cc:    David L. Finger, Esquire
        James Joseph Freebery IV, Esquire
        Joseph Bodnar, Esquire

---

[1] Prior to the decision to enter Chapter 7, a group of ASLET members, sought to have a Receivership appointed. The Company responded, opposing the Receivership and, although the matter is still pending in Chancery Court, Plaintiffs have taken no action to move that matter forward. We believe that the Chapter 7 Bankruptcy petition, when filed, will moot the Receivership petition.