Philip Messina
711 N. Wellwood Avenue
Lindenhurst, New York 11757
(631) 226-8383 (voice)
(631) 226-5454 (fax)

September 7, 2006

**BY OVERNIGHT DELIVERY**

The Honorable John J. Farnan, Jr.,
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Wilmington, Delaware 19801

Re:   **Messina, et al. v. Hackett, et al**
      **C.A. No. 05cv00344 JJF**

Dear Judge Farnan:

    I write to respond to the Court's Order, of August 23, 2006 (hereafter "the Order"), directing the plaintiffs to inform the Court of the status of this litigation no later than September 8, 2006.

    As noted in the Order, the American Society of Law Enforcement Trainers, Inc. (hereafter "ASLET") indicated to the Court on January 27, 2006, that its Board intended to substitute ASLET in lieu of the individual plaintiffs in this action.

    At a meeting of ASLET's Board of Directors held on January 19, 2006, the Board voted to substitute ASLET for the individual plaintiffs and to take control of the litigation. As with much of ASLET's business, there is more to that act than first meets the eye. In connection with this litigation, the following occurred:

    1. During the Board's discussion of the issue, (then) Director (and current Defendant in this action) Mary Gifford, posed a "question" out loud, as to "what would happen if the Board voted to adopt the litigation and then did nothing?". Immediately thereafter, Robert Bragg (then) Board Chair repeated this "question" to Patricia Rogin, the Board's Parliamentarian., a member of the Minnesota Bar, and, it is believed, a friend and confidant of Defendant Gifford. Ms. Rogin then advised the Board that the action would probably be dismissed.

Honorable John J. Farnan, Jr.
September 7, 2006
Page 2 of 3

    2. Mr. Robert Goldberg, attending the Board meeting via telephone, in his role as Counsel to ASLET, then advised the attendees that the Court expects a corporation to prosecute a derivative action after notifying the Court of its adoption of the action.

    3. Shortly thereafter, I was advised by my counsel that ASLET was now in control of the action, and I could no longer prosecute the action. I then held discussions with counsel on what he needed in order to move forward, and I provided this information to the Board, and to Patrick Martin, the Board Chair.

    4. ASLET did nothing thereafter, apparently adopting Ms. Gifford's "question." Nonetheless, ASLET found the time and money to send Directors and members on a Las Vegas junket/seminar, selectively pay bills to some vendors and insiders that could not result in any financial recovery for the members and creditors, and, through the Board Chair, Patrick Martin, tell all (except this Court) that this civil action "is not going anywhere."

    My co-plaintiff and I were extremely satisfied with the services of Delaware and New York Counsel prior to ASLET informing us that it was asserting control of the action. Acts and omissions committed by ASLET's Board and, more specifically, its Board Chair have, I believe, seriously harmed plaintiffs' relationship with current Counsel. Included amongst these acts are:

- ASLET's refusal to abide by a detailed plan to obtain a forensic audit (when ASLET could still clearly afford same) and then proceed with prosecuting this action;
- ASLET's Chair directing counsel (Robert Goldberg, Esq.) to answer a Court Of Chancery Petition for Receivership without consultation or approval of the Board (resulting in the corporation's subsequent refusal to pay counsel's invoice);
- ASLET's Chair directing counsel (without any Board discussion or approval) to submit the letter dated June 26, 2006 to this Court;
- ASLET's half-hearted effort to recover records deleted by a former Director that may have seriously injured ASLET and may have been violative of Maryland Statute and U.S. Code.

Honorable John J. Farnan, Jr.
September 7, 2006
Page 3 of 3

    After conferring with Jeffrey Burtch, Esq., Chapter 7 Trustee of ASLET, plaintiffs are now actively seeking new counsel. Once new counsel has been fully briefed by the plaintiffs and our investigators, we look forward to working with Mr. Burtch, and to moving forward with this action on behalf of ASLET, in order to aid in the recovery for the creditors of ASLET's bankruptcy estate.

    Accordingly, plaintiffs respectfully ask this Court to provide additional time of 90 days to re-acquire control over the action, and to obtain counsel who has not been soured by ASLET's disingenuous behavior, and who is willing to proceed with this case (with his expenses covered by the Chapter 7 Trustee).

Respectfully,

*Philip Messina*
Philip Messina

cc: David L. Finger, Esq.
Robert Goldberg, Esq.
James Joseph Freebury IV, Esq.
Joseph Bodnar, Esq.
Jeffrey L. Burtch, Esq.