IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHILLIP MESSINA, and GEORGE          :
DEMTRIOU, individually and on        :
behalf of all others similarly       :
situated, and derivatively on        :
behalf of American Society of Law    :
Enforcement Trainers, Inc.,          :
                                     :
          Plaintiffs,                :
                                     :
     v.                              :Civil Action No. 05-344-JJF
                                     :
FRANK A. HACKETT, JR., ANDREW        :
CASAVANT, GREG MEYER, GARY T.        :
KLUGIEWICZ, TIMOTHY DEES, LISA       :
KONRATH, MARY GIFFORD, DAVID SMITH,  :
DAVID GROSSI, JULIE LINKINS,         :
WILLIAM WESTFALL, DANIEL WATSON,     :
GLENN YOUNG, and JOHN DOES 1-10,     :
                                     :
          Defendants.                :

## ORDER

WHEREAS, the Court stayed the above-captioned case until

January 27, 2006 so that Plaintiffs and ASLET could determine how

to proceed with the litigation (D.I. 75);

WHEREAS, the Court also denied with leave to renew

Defendants' Motion To Dismiss (D.I. 75);

WHEREAS, on January 27, 2006, ASLET indicated that ASLET's

Board intended to substitute ASLET in lieu of the Individual

Plaintiffs but that ASLET had not determined how to proceed (D.I.

76);

WHEREAS, ASLET has made no attempt to substitute itself for

the Individual Plaintiffs, and the Court has not received a

status letter from the Individual Plaintiffs;

A79

WHEREAS, Defendants have requested that the Court renew and decide their Motion To Dismiss (D.I. 77, 79);

WHEREAS, it has come to the Court's attention that ASLET has filed a Chapter 7 Bankruptcy Petition (D.I. 80, 81);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  The Individual Plaintiffs shall file a status letter, informing the Court of the status of this litigation no later than **September 8, 2006.**

2.  Defendants shall be permitted leave to renew their Motion To Dismiss (D.I. 63) by letter on **September 15, 2006.**

3.  Upon renewal of the Motion To Dismiss, Defendant may file a supplemental letter brief no later than **September 29, 2006.** Plaintiff may file an answering supplemental letter brief no later than **October 12, 2006.**

August **23**, 2006

_____
UNITED STATES DISTRICT JUDGE



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and on<br>behalf of all others similarly situated, and<br>derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Plaintiffs,<br><br>v.<br><br>FRANK A. HACKETT, JR.,<br>ANDREW CASAVANT,<br>GREG MEYER,<br>GARY T. KLUGIEWICZ,<br>TIMOTHY DEES,<br>LISA KONRATH,<br>MARY GIFFORD,<br>DAVID SMITH,<br>DAVID GROSSI,<br>JULIE LINKINS,<br>WILLIAM WESTFALL,<br>DANIEL WATSON,<br>GLENN YOUNG,<br>JOHN DOES 1-10,<br>     Defendants,<br><br>And AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No: CV-040170 (TCP)

⌐ 5 - 3 4 4

NOTICE OF MOTION

2005 MAY 31  PM 12: 06

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SIRS:

PLEASE TAKE NOTICE that, upon the attached affidavit or affirmation of Paul A.

Bradley, counsel for Defendants Frank A. Hackett Jr., Andrew Casavant, Greg Meyer, Gary T.

Klugiewicz, Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie

Linkins, William Westfall, Daniel Watson, and American Society Of Law Enforcement Trainers

(nominal defendant) (collectively "Moving Defendants"), sworn to or affirmed on February 20,

*37*

WL1: 87420.01

2004, Moving Defendants, by and through counsel, will move this Court, the Honorable Thomas

C. Platt, U.S.D.J., in a room and time to be determined when briefing is completed, pursuant to

Practice 2(C) and 2(D) of Judge Platt's Individual Practices, for an order pursuant to Rules

12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, and any other

appropriate grounds, **granting dismissal of the plaintiffs' complaint**.


Dated:  February 20, 2004

McCARTER & ENGLISH, LLP

BY:    
PAUL A. BRADLEY
A. RICHARD WINCHESTER
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Defendants Frank A. Hackett
Jr., Andrew Casavant, Greg Meyer, Gary T.
Klugiewicz, Timothy Dees, Lisa Konrath,
Mary Gifford, David Smith, David Grossi,
Julie Linkins, William Westfall, Daniel
Watson, and American Society Of Law
Enforcement Trainers (nominal defendant)

To:    Steven M. Lester
       325 Merrick Avenue
       East Meadow, NY 11554
       (516) 357-0056
       Attorneys for Plaintiffs


I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/20/04          .


PAUL A. BRADLEY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and on<br>behalf of all others similarly situated, and<br>derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Plaintiffs,<br><br>v.<br><br>FRANK A. HACKETT, JR.,<br>ANDREW CASAVANT,<br>GREG MEYER,<br>GARY T. KLUGIEWICZ,<br>TIMOTHY DEES,<br>LISA KONRATH,<br>MARY GIFFORD,<br>DAVID SMITH,<br>DAVID GROSSI,<br>JULIE LINKINS,<br>WILLIAM WESTFALL,<br>DANIEL WATSON,<br>GLENN YOUNG,<br>JOHN DOES 1-10,<br>    Defendants,<br><br>And AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Nominal Defendant. | )<br>)<br>)   Civil Action No: CV-040170 (TCP)<br>)<br>)<br>)<br>)<br>)<br>)   **MOTION TO DISMISS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Upon the attached affidavit of Paul A. Bradley, counsel for Defendants Frank A. Hackett

Jr. Andrew Casavant, Greg Meyer, Gary T. Klugiewicz, Timothy Dees, Lisa Konrath, Mary

Gifford, David Smith, David Grossi, Julie Linkins, William Westfall, Daniel Watson, and

American Society Of Law Enforcement Trainers (nominal defendant) (collectively "Moving

Defendants"), sworn to or affirmed on February 20, 2004, Moving Defendants, by and through

counsel, move this Court, the Honorable Thomas C. Platt, U.S.D.J., for an order pursuant to



Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, and any

other appropriate grounds, **granting dismissal of the plaintiffs' complaint.** The grounds for the

motion are (1) the plaintiffs' claims are time barred; (2) the Court lacks personal jurisdiction

over Moving Defendants; (3) plaintiffs have insufficiently served process on the Moving

Defendants; (4) the plaintiffs lack standing under the Racketeering Influenced and Corrupt

Organizations Act ("RICO"); (5) the plaintiffs have failed to state a claim upon which relief can

be granted; (6) the Eastern District of New York is not the proper venue for this action; (7)

application of the doctrine of *forum non conveniens* mandates dismissal of this case; and any

other appropriate grounds.  The parties have agreed to a briefing schedule to present the motion.


Dated: February 20, 2004



                                        McCARTER & ENGLISH, LLP

                        BY:

                                        PAUL A. BRADLEY
                                        A. RICHARD WINCHESTER
                                        919 Market Street, 18th Floor
                                        P.O. Box 111
                                        Wilmington, DE 19899
                                        Attorneys for Defendants Frank A. Hackett
                                        Jr., Andrew Casavant, Greg Meyer, Gary T.
                                        Klugiewicz, Timothy Dees, Lisa Konrath,
                                        Mary Gifford, David Smith, David Grossi,
                                        Julie Linkins, William Westfall, Daniel
                                        Watson, and American Society Of Law
                                        Enforcement Trainers (nominal defendant)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ⁴/₂₆/₀⁴          .

                                        PAUL A. BRADLEY

EFiled: Apr 30 2004 4:19PM EDT
Filing ID 3508005

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

WILLIAM B. CHANDLER III
CHANCELLOR

P.O. BOX 581
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5424
FACSIMILE (302) 856-5251

Submitted: April 26, 2004
Decided: April 30, 2004

Philip Messina
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Edward Mandelbaum
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Christian Migliore
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Paul A. Bradley
McCarter & English, L.L.P.
919 N. Market St., Suite 1800
Wilmington, DE 19899

Jennifer Haas
711 N. Wellwood Avenue
Lindenhurst, NY 11757

John G. Harris
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

Re:  *Messina, et al. v. Klugiewicz, et al.*, C.A. No. 2244-S
     *Messina, et al. v. American Society of*
     *Law Enforcement Trainers, Inc., et al.*, C.A. No. 2247-S
     *Messina, et al. v. American Society of*
     *Law Enforcement Trainers, Inc.*, C.A. No. 2300-S

Dear Counsel:

This letter, and the attached Orders, address the pending motions in the three above-captioned cases.

*Messina, et al. v. Klugiewicz, et al.*, Civil Action No. 2244-S

This case is brought under 8 *Del. C.* § 220. The parties have fully briefed cross motions for summary judgment. The plaintiffs' motion for summary judgment seeks to establish that plaintiff Philip Messina has standing to inspect the American Society of Law Enforcement Trainers, Inc.'s (ASLET) books and records and that the delay in producing the requested information was a product of bad faith. Defendants' motion for summary judgment argues that ASLET has satisfied the original demand for

A86

books and records and that Count IV of the complaint, which seeks injunctive relief, is moot.[1]  Plaintiffs brief answering defendants' motion asserted that three categories of documents have not been produced, but did not address the issue of Count IV.  In reply, defendants produced an affidavit from counsel stating that the three categories of documents plaintiffs still believe have not been provided do not exist and/or cannot be located.[2]  At oral argument held on April 26, 2004, plaintiffs clarified that the only outstanding demand that may not have been fulfilled was a complete list of ASLET's members with contact information.  Defendants' counsel has since satisfied that demand.[3]  Separately, defendants have moved to quash a subpoena requesting documents purportedly outside the scope of the demand that originally prompted this action.  Also, plaintiffs, on the day of oral argument, moved to amend their complaint.

Based on the record before the Court, it appears that defendants have fully satisfied plaintiffs' original demand for inspection of ASLET's books and records.  Additionally, plaintiffs do not contest that Count IV is moot.  As such, defendants' motion for summary judgment is granted and this action is dismissed.  Because of this ruling, all other pending motions in Civil Action Number 2244-S are irrelevant.[4]

*Messina, et al. v. American Society of Law Enforcement Trainers, Inc., et al.*, Civil Action No. 2247-S

In this action, plaintiffs seek a judicial declaration, pursuant to 8 *Del. C.* §§ 111 and 225, of the following:   (1) ASLET's certificate of incorporation calling for annual board elections conflicts with ASLET's

---

[1] Count IV is purportedly moot because it sought to enjoin the use of a misleading proxy that was not actually used for a meeting that has since occurred.

[2] *See* Reply Br. in Supp. of ASLET's Mot. for Summ. J., Ex. A.

[3] *See* Letter from Harris to Chandler, C., *Messina v. Klugiewicz, et al.*, C.A. No. 2244-S (Apr. 30, 2004).

[4] To the extent that plaintiffs' motion for partial summary judgment could be interpreted as a request to require the costs of this litigation to be shifted to defendants due to their bad faith refusal to make ASLET's books and records available for inspection, I find that such an award of costs is not warranted in the circumstances.  Plaintiffs have not demonstrated that defendants acted in subjective bad faith, and the record before me indicates most of the dispute between the parties involved the scope of documents requested.  A party's resistance to overly broad requests for open-ended inspections of records is not indicative of bad faith.  *See Shapiro v. Healthcare Acquisition, Inc.*, Del. Ch., C.A. No. 030-N, Lamb, V.C. (letter op. Apr. 12, 2004).

2

bylaws which establish four-year terms for board members; (2) that the creation of a board committee without a full vote of the ASLET board was invalid; (3) that elections held prior to January 8, 2003 were invalid because of a defect of process and that those elections were manipulated by Frank A. Hackett, Jr. (ASLET's executive director); (4) that the entire ASLET board should have stood for election on January 8, 2003 and that the top nine vote getters (rather than the top five) at said election are the valid directors of ASLET; and (5) that putative director Greg Meyer's motion to expel Messina from ASLET was invalid.

The complaint has been twice amended, but plaintiffs have recently moved to have the complaint dismissed without prejudice under Court of Chancery Rule 41(a)(2). At oral argument held on April 26, 2004, defendants had no objection to dismissal, but requested that the dismissal be with prejudice. Defendants also suggested that certain information contained in plaintiffs' motion to dismiss without prejudice is inflammatory and should be stricken from the record.

I find that the interests of justice are best served if the dismissal is without prejudice.[5] With regard to defendants' informal request that certain material in plaintiffs' motion to dismiss be stricken, I find that such a measure is unwarranted because this action is being dismissed and I have given the purportedly scandalous material little weight.[6]

*Messina, et al. v. American Society of Law Enforcement Trainers, Inc.*, Civil Action No. 2300-S

In this case, the plaintiffs seek a summary declaration, pursuant to 8 *Del. C.* § 111, that the ASLET bylaws adopted February 20, 2002, are the valid bylaws of the organization and that the purported modification of ASLET's bylaws on October 17, 2002 and June 20, 2003 are invalid.

---

[5] *See Tooley v. Donaldson*, 2004 Del. LEXIS 161, at *24 (Del. 2004); *Brehm v. Eisner*, 746 A.2d 244, 267 (Del. 2000). Plaintiffs, in the three actions before this Court, appear *pro se.*
[6] "Motions to strike allegedly redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." 2A J. MOORE, MOORE'S FEDERAL PRACTICE §12.21[2], at 2317 (2d ed. 1985) (citation omitted).

ASLET has moved to dismiss under Court of Chancery Rules 12(b)(6) and 23.1.

Plaintiffs' complaint alleges that ASLET's executive director, Frank Hackett, submitted changes to ASLET's bylaws to the ASLET board on October 16, 2002, without having notified, in writing, directors Philip Messina and Kathleen Kelley of the proposed changes sixty days before the board meeting.[7]  Article VIII(a) of the bylaws provides: "Written notice of the proposed bylaw amendment must have been submitted to each members (sic) of the Executive Board at least 60 days prior to the meeting."  Plaintiffs also allege that the board voted on June 30, 2003 to repeal Article VI, Section 4 of the bylaws without notice pursuant to Article VIII(a) of the bylaws.  Article VI, Section 4 of the bylaws related to the Assistant Executive Director of ASLET (a position plaintiff Messina held).

Messina attended the October 17, 2002 meeting and the June 20, 2003 meeting, but did not attend for the sole purpose of objecting to lack of notice.[8]  Therefore, under 8 *Del. C.* § 229, Messina has no grounds to sue for ASLET's failure to provide him with sixty days notice.[9]  Additionally, 8 *Del. C.* § 111 (the provision under which plaintiffs seek relief) does not provide a cause of action for plaintiffs.  Section 111 merely states that the Court of Chancery has jurisdiction to determine the validity of bylaws, but does not independently establish the rights and duties of a Delaware corporation and/or its fiduciaries in relation to those bylaws.  Plaintiffs having pleaded their claim only under section 111, have not pleaded a cognizable claim.

---

[7] The proposed changes were wide-ranging and appear to be a "revamping" of the bylaws.

[8] *See* Compl., Ex. F (June 20, 2003 meeting minutes); Defs.' Reply Mem. of Law in Supp. of its Mot. To Dismiss Pls.' Compl., Ex. B (Oct. 17, 2002 meeting minutes). Plaintiffs, at oral argument, conceded these facts.

[9] 8 *Del. C.* § 229 provides, in part: "Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened."  For purposes of the motion to dismiss, it does not matter whether Kelley attended the relevant meetings because she is not a party to this action.  Only Kelley has standing to assert that she was not provided notice according to ASLET's governing documents.

4

For these reasons, Civil Action Number 2300-S is dismissed, without prejudice, for failure to state a claim.

Orders have been entered in each of these cases, implementing my rulings.

Very truly yours,

*/S/William B. Chandler III*

William B. Chandler III

WBCIII:meg

Attachments

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| PHILIP MESSINA, in his official capacity as a Director of the American Society of Law Enforcement Trainers, Inc., EDWARD MANDELBAUM, as a member of the American Society of Law Enforcement Trainers, Inc., and on behalf of AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., a Delaware nonstock corporation, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | Civil Action No. 2244-S |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GARY T. KLUGIEWICZ, in his official capacity as Board Chair of the American Society of Law Enforcement Trainers, Inc., FRANK A. HACKETT, JR., in his official capacity as Executive Director of the American Society of Law Enforcement Trainers, Inc., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## O R D E R

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED; and it is

FURTHER ORDERED, that pending motions to quash and to amend the complaint are DENIED as moot.

_____/S/ William B. Chandler III_____
Chancellor

Dated: April 30, 2004

6

A91

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| PHILIP MESSINA, in his official capacity as a Director of the American Society of Law Enforcement Trainers, Inc., EDWARD MANDELBAUM, as a member of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2247-S |
| v. | ) ) ) | |
| AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., and GREG MEYER, DAVID GROSSI, DAVID SMITH, LISA KONRATH, in their official capacities as Directors of American Society of Law Enforcement Trainers, Inc., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## O R D E R

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED without prejudice pursuant to Court of Chancery Rule 41(a)(2).

_____/S/ William B. Chandler III___
Chancellor

Dated: April 30, 2004

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| PHILIP MESSINA, as a member of<br>and as a Director of the American<br>Society of Law Enforcement Trainers,<br>Inc., CHRISTIAN MIGLIORE,<br>JENNIFER HAAS, EDWARD<br>MANDELBAUM, as members of the<br>American Society of Law Enforcement<br>Trainers, Inc., a Delaware nonstock<br>corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2300-S |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC., | )<br>)<br>) | |
| Defendant. | ) | |

## **O R D E R**

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED without prejudice pursuant to Court of Chancery Rule 12(b)(6).

_____/S/ William B. Chandler III___
Chancellor

Dated: April 30, 2004

8

A93

VICTOR F. BATTAGLIA
ROBERT D. GOLDBERG
PHILIP B. BARTOSHESKY
VICTOR F. BATTAGLIA, JR.
STEVEN F. MONES

**BIGGS AND BATTAGLIA**
ATTORNEYS AT LAW
921 NORTH ORANGE STREET
P.O. BOX 1465
WILMINGTON, DELAWARE 19899
(302) 655-9677
TELECOPIER (302) 655-7924

OF COUNSEL
JOHN BIGGS III
GERARD P. KAVANAUGH, SR.
S. BERNARD ABLEMAN

Writer's Direct E-mail: Goldberg@batlaw.com

June 26, 2006

**By E-File**
The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 27
Wilmington, DE 19801

   *Re:*  *Messina, et al. v. Hackett, et al.*
     *C.A. No. 05cv00344 JJF*

Dear Judge Farnan:

   I write to the Court in response to the letter and motion of James J. Freeberry requesting that the Court revisit Defendants' Motion to dismiss the above matter. As Your Honor is aware, my client, the American Society of Law Enforcement Trainers ("ASLET" or the "Company") sought a stay of the litigation so that it could decide whether or not to directly prosecute the litigation on its own behalf. In fact, an analysis was done on behalf of the Company and the Board decided that it did want to take over litigation. Unfortunately, in the interim, ASLET's finances deteriorated and it now appears that it cannot afford to prosecute the litigation. ASLET's financial circumstances are so dire that the Board has voted to authorize Chapter 7 proceedings.[1] I have been advised that the Bankruptcy will be filed shortly. In view of these developments, I do not believe that ASLET can seek to change its status in the instant action and pursue it on behalf of its members at this time, although it will bring this case to the attention of the Bankruptcy Court after it has filed its Chapter 7 petition so that it can consider whether or not to pursue it on behalf of ASLET's creditors.

   I have been advised that ASLET has retained bankruptcy counsel and that it is in the process of preparing the necessary schedules. I will advise the Court as soon as the Bankruptcy petition is on file.

      Respectfully submitted,

      /s/ Robert D. Goldberg
      Robert D. Goldberg (I.D. #631)

RDG/mnj

cc: David L. Finger, Esquire
  James Joseph Freebery IV, Esquire
  Joseph Bodnar, Esquire

---

  [1] Prior to the decision to enter Chapter 7, a group of ASLET members, sought to have a Receivership appointed. The Company responded, opposing the Receivership and, although the matter is still pending in Chancery Court, Plaintiffs have taken no action to move that matter forward. We believe that the Chapter 7 Bankruptcy petition, when filed, will moot the Receivership petition.

VICTOR F. BATTAGLIA
ROBERT D. GOLDBERG
PHILIP B. BARTOSHESKY
VICTOR F. BATTAGLIA, JR.
STEVEN F. MONES

# BIGGS AND BATTAGLIA
ATTORNEYS AT LAW
921 NORTH ORANGE STREET
P.O. BOX 1489
WILMINGTON, DELAWARE 19899
(302) 655-9677
TELECOPIER (302) 655-7924

OF COUNSEL
JOHN BIGGS III
GERARD P. KAVANAUGH, SR.
S. BERNARD ABLEMAN

Writer's Direct E-mail: Goldberg@batlaw.com

July 14, 2006

**By E-File**
The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 27
Wilmington, DE 19801

Re:     *Messina, et al. v. Hackett, et al.*
        *C.A. No. 05cv00344 JJF*

Dear Judge Farnan:

As a follow-up to my previous letter of June 26, 2006 in which I advised you that the American Society of Law Enforcement Trainers ("ASLET") intended to file for Bankruptcy, I write to report that ALET has filed a Chapter 7 Bankruptcy Petition. ASLET is represented by Joseph Bodnar in the Bankruptcy. For the Court's information I enclose a copy of the receipt noting the time of filing and the case number.

Respectfully submitted,

/s/ Robert D. Goldberg
Robert D. Goldberg (I.D. #631)

RDG/mnj
Enclosure

cc:     David L. Finger, Esquire
        James Joseph Freebery IV, Esquire
        Joseph Bodnar, Esquire

```
 1               IN THE UNITED STATES DISTRICT COURT

 2               IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -

 4   PHILLIP MESSINA, ET AL        :      CIVIL ACTION
                                   :
 5                                 :
               Plaintiff          :
 6                                 :
          vs.                      :
 7                                 :
     FRANK HACKETT, JR., ET AL      :
 8                                 :
               Defendant          :      NO. 05-344 (JJF)
 9
                                - - -
10
                                      Wilmington, Delaware
11                                    July 22, 2005
                                      9:12 o'clock, a.m.
12                                    Status Conference

13                          - - -

14   BEFORE:   HONORABLE JOSEPH J. FARNAN, JR., U.S.D.C.J.

15                          - - -

16   APPEARANCES:

17              McCARTER & ENGLISH, LLP
                BY:  JAMES FREEBERRY, ESQ.
18                       Counsel for Plaintiff

19

20

21

22                                    Leonard A. Dibbs
                                      Official Court Reporter
23

24

25
```

1

2                        P R O C E E D I N G S

3

4        (The Court commenced proceedings at 9:12 o'clock a.m.)

5              THE COURT:   Good morning, be seated.

6              MR. FREEBERRY:   Good morning, your Honor, Jim

7   Freeberry on behalf of the defendant with the exception of

8   Glenn Young, who is dismissed up in the Eastern District of

9   New York.

10             Your Honor, we're here in part for a scheduling

11  conference regarding a request by Plaintiff for a Preliminary

12  Injunction.   And it's going to be the defendant's application

13  that that request be denied, and the Preliminary Injunction

14  motion be dismissed.

15             As your Honor well knows, the case law states

16  that there is no doubt that a Preliminary Injunction may be

17  denied without a hearing when the written evidence shows a

18  lack of a right so clearly that receiving further evidence

19  would be manifestly pointless.

20             I think that's where we are in this case.

21             This was a pleading that was filed back in April

22  of 2004, and it's still out there pending.

23             On the face of the pleadings, your Honor, you can

24  see that there is no evidence of the conduct alleged in the

25  request.   And there's no evidence -- even an allegation that

1  Greg Meyer, which is the one defendant where the application

2  for Preliminary Injunction is still outstanding.  He's not

3  even mentioned throughout the request for a Preliminary

4  Injunction.  There is no evidence of an irreparable harm or

5  lack of success on the merits, all from the face of the

6  pleadings.

7           Most importantly, and as we sit here today, the

8  urgency and immediacy that is required for these types of

9  motion is absent, not only in the fact that it's been

10 outstanding since April, '04.  Now, we've been in front of

11 your Honor, at least once with notice and twice.  And there

12 has also been an opportunity for counsel to seek local

13 counsel.  He hasn't done that.  He hasn't shown up to address

14 this issue which is suppose to be, you know, something in

15 need of immediate attention.  For those reasons, your Honor,

16 we're asking the Court to deny the request for Preliminary

17 Injunction.

18          And I think there are a few other matters that we

19 need to address at your convenience.

20          THE COURT:  First I want to indicate that there's

21 no appearance by the Plaintiff; that after the previously

22 scheduled hearing where there was a question of whether

23 notice had been given to the Plaintiff, the Clerk sent notice

24 to Steven Lester, Esquire, 325 Merrick Avenue, East Meadow,

25 New York, 11554 on July 15th, 2005.

1      There has been no appearance in response to that

2  notice.

3      In considering the merits of the motion for

4  Preliminary Injunction, I agree with defendants that the

5  motion as a matter of timeliness indicates that there is no

6  irreparable harm present, and the motion was filed in April

7  of 2004. Now, it's July, 2005.

8      Without addressing the other factors, which I

9  think there is some question about likelihood of success on

10  the merits, I'm going to deny the motion on the ground that

11  it doesn't present any evidence of irreparable injury.

12      Mr. Freeberry, there are some other matters that

13  you want to take up?

14      MR. FREEBERRY: Yes, your Honor.

15      As we spoke at the last scheduling conference

16  when Mr. Lester failed to appear, there is also a pending

17  Motion to Dismiss which I believe we need to address on

18  scheduling at some point in this matter.

19      THE COURT:  There's a Motion to Dismiss pending.

20  It was docketed in the Eastern District of New York.

21      MR. FREEBERRY:  That's correct, your Honor.

22      THE COURT:  I intend to consider transfer without

23  a refiling since the case was transferred here. There is no

24  answering paper in place to that motion. I'm going to order

25  an answering paper be filed within twenty days from today,

1    which is July 23rd.

2            Actually, what I'll do is I'll give it a date

3    certain just so there is no confusion about whether the

4    answering paper has to be served on defendant.

5            I'm going to order that it be served on August

6    10th.

7            If the answering paper isn't filed, this

8    transcript will indicate that that would show a clear

9    indication that there's a lack of willingness to prosecute

10   the action on behalf of Plaintiff.  I'll consider additional

11   applications that are case dispositive.

12           MR. FREEBERRY:  Thank you, your Honor.

13           One remaining matter is that Plaintiff has failed

14   to seek local counsel.  I bring that to the Court's attention

15   to deal with that matter.

16           THE COURT:  I was getting to that point.

17           Typically, we're reasonably lenient with out of

18   state counsel, particularly in a transfer case, making an

19   effort to arrange for local counsel.

20           I'm going to -- rather than order that local

21   counsel be obtained before any further proceedings.  I'm

22   going to order that local counsel be obtained, but that if

23   there is any difficulty that Plaintiff is experiencing in

24   that regard, that they report that difficulty on the same day

25   they will be filing their answering paper, which also is due

6

1    on August 10th.   Then I'll see what the difficulty is and how

2    much additional time they will require.

3            Interestingly, this case is a poster child for

4    why we require local counsel.

5            We're dealing with New York counsel.   We haven't

6    been able to get in touch with him, including phone calls

7    this morning.   So we're operating essentially ex parte,

8    because we're not able to in a case with an emergency motion

9    to have any contact with a lawyer for Plaintiffs.

10           I want to be reasonable with Plaintiffs' counsel

11   in their effort to obtain local counsel.   If they don't have

12   counsel by August 10th, I'll give them an opportunity to

13   report their difficulty and let him request an extension for

14   the purposes of obtaining local counsel.

15           THE COURT:   All right.   Mr. Freeberry, anything

16   additional?

17           MR. FREEBERRY:   Nothing additional from me, your

18   Honor.

19           THE COURT:   Okay.   We'll be in recess.

20

21           (The hearing concluded at 9:38 o'clock a.m.)

22

23

24

25                             A101

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and<br>on behalf of all others similarly situated,<br>and derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC., | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | )<br>) | |
| | ) | C.A. No. 05-cv-344-JJF |
| v. | )<br>) | |
| FRANK A. HACKETT, JR., ANDREW<br>CASAVANT, GREG MEYER, GARY T.<br>KLUGIEWICZ, TIMOTHY DEES, LISA<br>KONRATH, MARY GIFFORD, DAVID<br>SMITH, DAVID GROSSI, JULIE<br>LINKINS, WILLIAM WESTFALL,<br>DANIEL WATSON, GLENN YOUNG,<br>JOHN DOES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants, | )<br>) | |
| and AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC., | )<br>)<br>) | |
| Nominal Defendant. | ) | |

### MOTION FOR STAY

Nominal Defendant, American Society of Law Enforcement Trainers, Inc. ("ASLET")

hereby moves this Honorable Court to stay proceedings in the above captioned litigation for a

period of 90 days and in support thereof states as follows:

1.      Plaintiffs initiated the above captioned litigation by filing a class and derivative

action in the Federal District Court for the Eastern District of New York against the named

defendants as well as ASLET as nominal defendant. On or about May 31, 2005, the action was

transferred to the Federal Court for the District of Delaware.

A102

2.     In their Complaint, Plaintiffs charged the individual defendants with a pattern of racketeering activity, breaches of fiduciary duties, and waste of corporate assets. ASLET is named as a nominal defendant solely in a derivative capacity.

3.     Many of the individual defendants were directors and officers of ASLET on the date the Complaint was filed. These individuals and defendants, by virtue of their offices and directorships, effectively controlled ASLET. In fact, the then-current Executive Board of ASLET (the "Board") was composed of ten individuals, eight of whom were named defendants in the Complaint.

4.     As a result, Plaintiffs made no demand prior to filing their complaint upon the Board of ASLET to prosecute their claims and, in fact, contended in the Complaint that a demand upon the ASLET Board of Directors would be futile. Complaint ¶ 43.

5.     Subsequent to the commencement of the litigation the composition of the Board of ASLET has changed. All but one of the eight individual defendants who previously served upon the Board have resigned from the Board and have been replaced, through election, by new, independent Directors. Plaintiff Philip Messina continues to serve as a Board member.

6.     In Delaware, a State chartered corporation may use a special litigation committee to restore control over derivative litigation if a group of independent directors is so empowered to act for the corporation. *Zapata v. Maldonado,* Del. Supr., 430 A.2d 779 (1981). Where a Board appoints a special litigation committee, a stay is routinely granted so that such committee can do its work. *Abbey v. Computer & Communications Technology Corp.* 457 A.2d 368, *375 (Del.Ch.,1983)

7.     Here, the newly constituted Board of Directors is actively conducting an investigation into its options, including considering whether or not to appoint a Special Litigation

A103

2

Committee to investigate the allegations in the Complaint or to directly prosecute the allegations made in the complaint. Accordingly, a Stay of the litigation while the Board completes its investigation is appropriate.

WHEREFORE, Nominal Defendant American Society of Law Enforcement Trainers, Inc. moves this Honorable Court for a Stay of Proceedings for a minimum of 90 days in order that the new Directors may confer with counsel and investigate methods and procedures for dealing with the claims presented in the Complaint.

**BIGGS AND BATTAGLIA**

By:   /s/ Robert D. Goldberg
      Robert D. Goldberg (ID # 631)
      Biggs and Battaglia
      921 North Orange Street
      P.O. Box 1489
      Wilmington, DE  19899
      (302) 655-9677
DATED:  8/10/2005              Attorney for Nominal Defendant
      American Society of Law Enforcement
      Trainers, Inc.

A104

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and<br>on behalf of all others similarly situated,<br>and derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>FRANK A. HACKETT, JR., ANDREW<br>CASAVANT, GREG MEYER, GARY T.<br>KLUGIEWICZ, TIMOTHY DEES, LISA<br>KONRATH, MARY GIFFORD, DAVID<br>SMITH, DAVID GROSSI, JULIE<br>LINKINS, WILLIAM WESTFALL,<br>DANIEL WATSON, GLENN YOUNG,<br>JOHN DOES 1-10,<br><br>      Defendants,<br><br>and AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br><br>      Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-cv-344-JJF |

## ORDER

The Court, having considered the Motion for Stay filed on _____ by Nominal

Defendant American Society of Law Enforcement Trainers, Inc.,

IT IS ORDERED this _____ day of _____ that the litigation be STAYED

until _____.


_____
                          J.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP MESSINA, | ) | |
| GEORGE DEMTRIOU, individually and | ) | |
| on behalf of all others similarly situated, | ) | |
| and derivatively on behalf of | ) | |
| AMERICAN SOCIETY OF LAW | ) | |
| ENFORCEMENT TRAINERS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 05-cv-344-JJF |
| v. | ) | |
| | ) | |
| FRANK A. HACKETT, JR., ANDREW | ) | |
| CASAVANT, GREG MEYER, GARY T. | ) | |
| KLUGIEWICZ, TIMOTHY DEES, LISA | ) | |
| KONRATH, MARY GIFFORD, DAVID | ) | |
| SMITH, DAVID GROSSI, JULIE | ) | |
| LINKINS, WILLIAM WESTFALL, | ) | |
| DANIEL WATSON, GLENN YOUNG, | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and AMERICAN SOCIETY OF LAW | ) | |
| ENFORCEMENT TRAINERS, INC., | ) | |
| | ) | |
| Nominal Defendant. | ) | |

## LOCAL RULE 7.1.1 STATEMENT

I, Robert D. Goldberg, attorney for Nominal Defendant American Society of Law Enforcement Trainers, Inc. have discussed the foregoing Motion for Stay with counsel for Plaintiffs as well as counsel for Defendants. Plaintiffs do not oppose the requested stay. Defendants are not opposed to granting a stay but oppose any stay longer than thirty (30) days.

**BIGGS AND BATTAGLIA**

By:     /s/ Robert D. Goldberg
        Robert D. Goldberg (ID No. 631)
        921 N. Orange Street, P.O. Box 1489
        Wilmington, DE 19899
        (302) 655-9677
        (302) 655-7924 (fax)

Dated:  August 10, 2005               Attorney for Nominal Defendant
        American Society of Law Enforcement
        Trainers, Inc.

A107

2

## CERTIFICATE OF SERVICE

I, Robert D. Goldberg, undersigned counsel of record, hereby certify that on August 10, 2005, I caused a copy of the foregoing Motion to Stay to be served on the following in the manner indicated:

**VIA CM/ECF FILING**

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801

Paul A. Bradley, Esquire
McCarter & English
919 Market Street, #950
P.O. Box 111
Wilmington DE   19899

James Joseph Freebery IV, Esquire
McCarter & English
919 Market Street, #950
P.O. Box 111
Wilmington DE   19899

/s/ Robert D. Goldberg
Robert D. Goldberg (I.D. #631)