UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MESSINA, <br> GEORGE DEMTRIOU, individually and on <br> behalf of all others similarly situated, and <br> derivatively on behalf of <br> AMERICAN SOCIETY OF LAW <br> ENFORCEMENT TRAINERS, INC., <br> Plaintiffs, <br><br> v. <br><br> FRANK A. HACKETT, JR., <br> ANDREW CASAVANT, <br> GREG MEYER, <br> GARY T. KLUGIEWICZ, <br> TIMOTHY DEES, <br> LISA KONRATH, <br> MARY GIFFORD, <br> DAVID SMITH, <br> DAVID GROSSI, <br> JULIE LINKINS, <br> WILLIAM WESTFALL, <br> DANIEL WATSON, <br> GLENN YOUNG, <br> JOHN DOES 1-10, <br> Defendants, <br><br> And AMERICAN SOCIETY OF LAW <br> ENFORCEMENT TRAINERS, INC., <br> Nominal Defendant. <br><br> STATE OF NEW YORK <br><br> COUNTY OF NASSAU | Civil Action No: CV-040170 (TCP) <br><br> 3 4 4 <br><br> **REPLY MEMORANDUM OF LAW** <br> **IN SUPPORT OF** <br> **MOTION TO DISMISS** <br><br><br><br><br><br> ss.: |

Defendants, Frank A. Hackett Jr. Andrew Casavant, Greg Meyer, Gary T. Klugiewicz,

Timothy Dees, Lisa Konrath, Mary Gifford, David Smith, David Grossi, Julie Linkins, William

Westfall, Daniel Watson, and American Society Of Law Enforcement Trainers ("ASLET")

WL1: 91186.01

(nominal defendant) (collectively "Moving Defendants"), being duly sworn, depose and say, by and through their counsel, Paul A. Bradley:

Moving Defendants are Defendants in the above-entitled action, and respectfully move this Court to issue an order dismissing the Plaintiffs' Complaint for the reasons detailed below.




## TABLE OF CONTENTS

INTRODUCTION...............................................................................................1

I.    PLAINTIFFS HAVE NOT DEMONSTRATED THAT THE COURT HAS
      PERSONAL JURISDICTION OVER ANY DEFENDANT, AND THEREFORE
      THE COMPLAINT MUST BE DISMISSED..........................................2

      a.    The Court lacks general jurisdiction over any Defendant.................2

      b.    The Court lacks specific jurisdiction over the Moving Defendants and
            all other Defendants..............................................................4

      c.    The RICO statutes do not authorize nationwide personal jurisdiction over
            the Moving Defendants or any Defendant..................................5

      d.    The co–conspirator theory does not apply to confer jurisdiction over the
            Moving Defendants or any Defendant......................................7

II.   MESSINA'S EXPENSES IN INVESTIGATING ALLEGED RICO
      VIOLATIONS DO NOT CONSTITUTE RICO
      INJURY...............................................................................................8

III.  BECAUSE PLAINTIFFS HAVE ERRONEOUSLY EQUATED THE BOARD
      ENTERPRISE WITH THE ACTUAL DEFENDANTS , THEIR COMPLAINT
      SHOULD BE DISMISSED.....................................................................10

IV.   PLAINTIFFS' ALLEGATIONS IN THE COMPLAINT ILLUSTRATE THAT
      PLAINTIFFS' CLAIMS ARE TIME-BARRED....................................12

V.    PLAINTIFFS HAVE NOT SHOWN THAT THE COMPLAINT ALLEGES
      RELIANCE OR CAUSATION OF INJURY.........................................14

VI.   PLAINTIFFS' REMAINING ASSERTIONS ARE MERITLESS..............15

      a.    Defendants were improperly served with process.......................15

      b.    Plaintiffs have no individual standing to bring a RICO action..........16

      c.    Plaintiffs have no derivative standing to bring a claim on ASLET's
            behalf...............................................................................16

      d.    Plaintiffs' case, if any, belongs in Delaware under the doctrine of *forum
            non-conveniens*.................................................................16

CONCLUSION...............................................................................................17

WLI: 91224.01

## INTRODUCTION

In their unverified complaint ("Complaint"), Plaintiffs Philip Messina ("Messina") and George Demetriou ("Demetriou") present Delaware corporate causes of action – alleged fiduciary breaches and fiscal improprieties supposedly supported by board conference calls, corporate mailings and correspondence – in the guise of federal RICO violations. Moving Defendants stipulated to a briefing schedule for a motion to dismiss ("Motion") on February 12, 2004, pursuant to this honorable Court's rules. Defendants served their opening brief on the Motion, on or around February 20, 2004. After counsel for Moving Defendants granted Plaintiffs two extensions on deadlines to submit their Answering Brief, Plaintiffs submitted their Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Answering Brief") on or around April 5, 2004.

Soon thereafter, on or around April 8, 2004, Plaintiffs served their Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction ("Plaintiffs' Injunction Brief"). Plaintiffs' Injunction Brief offers hearsay upon hearsay in support of a bizarre and unfounded claim that Board member(s) planned retaliation on, or threatened, Plaintiff Messina and other witnesses. *See generally* Declarations attached to Plaintiffs' Injunction Brief ("Declarations"). Defendant Meyer will oppose the injunction because (1) the Court lacks personal jurisdiction over him; (2) the delay in requesting this injunction demonstrates that there is no imminent threat of harm; (3) Plaintiffs have not shown a likelihood they will prevail on the merits; (4) Plaintiffs' allegations are based entirely on unpersuasive hearsay; and (5) a preliminary injunction may not issue for the sole benefit of one of the Plaintiffs.

On April 30, 2004, Chancellor Chandler of the Delaware Chancery Court dismissed all three Delaware cases that Plaintiff Messina and his associates had brought against ASLET and/or

its directors. Attached hereto as Exhibit A are Chancellor Chandler's opinions in those cases.

Two of the cases were dismissed without prejudice. In the third case, *Messina, et al. v.*

*Klugiewicz, et al.*, Civil Action No. 2244-S, Plaintiff Messina and his associates had sued

ASLET Board members for their alleged refusal to produce corporate records. Plaintiffs in

*Klugiewicz* had also requested costs for that litigation. The court dismissed plaintiffs' case on

summary judgment. With regard to the requested costs, the court held:

> To the extent that plaintiffs' motion for partial summary judgment
> could be interpreted as a request to require the costs of this
> litigation to be shifted to defendants due to their bad faith refusal to
> make ASLET's books and records available for inspection, *I find*
> *that such an award of costs is not warranted in the circumstances.*
> Plaintiffs have not demonstrated that defendants acted in subjective
> bad faith…. A party's resistance to overly broad requests for
> open-ended inspections of records is not indicative of bad faith.
> *See Shapiro v. Healthcare Acquisition, Inc.*, Del. Ch., C.A. No.
> 030-N, Lamb, V.C. (letter op. Apr. 12, 2004).

*Messina, et al. v. Klugiewicz, et al.*, C.A. No. 2244-S, slip op. at 2 n.4 (Del. Ch. Apr. 30, 2004)

(emphasis added). Thus, the issue regarding the award of costs for Messina's investigation into

ASLET has been decided against Messina.

　　　Plaintiffs approach this issue erroneously in their Answering Brief. In fact, Plaintiffs'

Answering Brief contains many critical errors of law coupled with revisions and amendments of

facts. As shown below, Plaintiffs' misplaced arguments doom their Complaint to dismissal.


I.    PLAINTIFFS HAVE NOT DEMONSTRATED THAT THE COURT HAS PERSONAL
      JURISDICTION OVER ANY DEFENDANT, AND THEREFORE THE COMPLAINT
      MUST BE DISMISSED.

　　　a.    The Court lacks general jurisdiction over any Defendant.

　　　Under New York law, a plaintiff must demonstrate that the court has general jurisdiction

over the defendant, *see* N.Y. C.P.L.R. § 301, or specific jurisdiction over the defendant with

respect to each claim, *see* N.Y. C.P.L.R. § 302. Section 301 codifies the common law principle

that a non-domiciliary is deemed to be "present" in the state if the non-domiciliary is "doing

business" in the state when the action is commenced. *See Hinsch v. Outrigger Hotels Hawaii*,

153 F.Supp.2d 209, 212 (E.D.N.Y.2001); *Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426, 260

N.Y.S.2d 625, 208 N.E.2d 439, 440 (1965); *Lancaster v. Colonial Motor Freight Line, Inc.*, 177

A.D.2d 152, 581 N.Y.S.2d 283, 286 (1st Dep't 1992). A plaintiff must allege that the defendant

was engaging in business "not occasionally or casually, but with a fair measure of permanence

and continuity." *Lancaster*, 177 A.D.2d at 156. The traditional indicia of general jurisdiction are

"a home base, an agent for the service of process, a local office, or the pursuance of a business

from a tangible locale within the state." Mary Twitchell, *The Myth of General Jurisdiction*, 101

Harv. L. Rev. 610, 635 n.36 (1988). None of the Defendants reside, work, or do regular business

in New York. *See* Complaint at ¶¶ 25 – 38. There is, therefore, no basis for the exercise of

personal jurisdiction over them.

ASLET's presence as a Defendant does not alter this conclusion. Nominal Defendant

ASLET is not an Actual Defendant. *See* Complaint at ¶ 39 & Caption; *see also* Plaintiffs'

Answering Brief, Caption (omitting any mention of ASLET as a Defendant). Plaintiffs Messina

and Demetriou expressly state that "ASLET is named as a nominal defendant solely in a

derivative capacity." Complaint at ¶ 39. Plaintiffs list ASLET separately as a "Nominal

Defendant" in the caption of their Complaint. *See* Complaint at caption. ASLET is not listed

with the other individual Defendants. *See id.* In fact, ASLET is not listed as a Defendant at all

on the caption of Plaintiffs' Answering Brief. *See* Plaintiffs' Answering Brief, Caption.

Plaintiffs allege that they are bringing the present suit "derivatively in the right of and for the

benefit of ASLET." Complaint at ¶ 39. Thus, as "beneficiary" corporation, ASLET should not

A207

3



be considered adverse to the Plaintiffs. For this reason, even if ASLET, as Nominal Defendant,

had some contacts with New York, such contacts would not confer, or even impact, personal

jurisdiction over the individual Defendants:

> Although the "beneficiary" corporation is named as a defendant, it
> is a nominal defendant only, and it is actually the real party in
> interest on the plaintiff's side.
>
> ***
>
> In the context of the due process requirements of the Constitution
> in asserting personal jurisdiction, *it is clear that the "beneficiary"*
> *corporation ought not be considered adverse to the plaintiff.*
> Unlike the truly adverse claims stated against "real" defendants,
> See, e. g., Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53
> L.Ed.2d 683 (1977), the naming of the derivative corporation as a
> party defendant raises no potentially harmful consequences for the
> corporation, because plaintiff is acting solely for the corporation's
> benefit.

*Messinger v. United Canso Oil and Gas Ltd.*, 80 F.R.D. 730, 733-34 (D. Conn. 1978) (emphasis

added).

Finally, Plaintiffs have alleged no indicia of general jurisdiction over ASLET. ASLET

has no "home base" in New York. It has not designated a New York agent for service of process

because it does not conduct regular business in New York. There is no local ASLET office of

any sort in New York and no locale from which any ASLET agent actively pursues business.

Thus, there are no substantial, continuous, and systematic contacts between any Defendant,

actual or nominal, and New York.

For all of the foregoing reasons, there is no general jurisdiction over any Defendant in

this case.

b.    The Court lacks specific jurisdiction over the Moving Defendants and all
       other Defendants..

A208

4

N.Y. C.P.L.R. §302 governs specific jurisdiction over defendants. *See* N.Y. C.P.L.R. §302. Plaintiffs do not allege that any individual Defendant conducts business within New York State, or contracts anywhere to supply goods or services in the state of New York. Plaintiffs appear to allege only that Defendants committed tortious acts outside the state causing injury to Plaintiff Messina's person or property within the state. *See* Complaint at ¶ 12. However, Plaintiffs have not supplemented this allegation, as required under N.Y. C.P.L.R. §302, with a showing that the individual Defendants regularly do or solicit business in New York, engage in another persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in New York State. *See* N.Y. C.P.L.R. §302. Because Plaintiffs fail to aver that the Moving Defendants or any Defendant had either sufficient contacts or continuous contacts with New York, they have not made even a *prima facie* showing of personal jurisdiction over any Defendant.

c. The RICO statutes do not authorize nationwide personal jurisdiction over the Moving Defendants or any Defendant.

Plaintiffs' Complaint does purport to invoke the expanded service of process provisions of 18 U.S.C. § 1965(b). *See* Complaint at ¶ 12. Section 1965(b) provides:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b). Even if properly invoked, however, 18 U.S.C. § 1965(b) does not confer personal jurisdiction over Moving Defendants.

In *PT United Can Co., Ltd. v. Crown, Cork & Seal Co., Inc.*, 138 F.3d 65 (2d Cir. 1998), the Second Circuit Court held:

A209

5

Reading all of the subsections of § 1965 together, the court finds
that [18 U.S.C.] § 1965 does not provide for nationwide personal
jurisdiction over every defendant in every civil RICO case, no
matter where the defendant is found.  First, § 1965(a) grants
personal jurisdiction over an initial defendant in a civil RICO case
to the district court for the district in which that person resides, has
an agent, or transacts his or her affairs.  In other words, a civil
RICO case can only be brought in a district court where personal
jurisdiction based on minimum contacts is established as to at least
one defendant.

Second, § 1965(b) provides for nationwide service and jurisdiction
over "other parties" not residing in the district, who may be
additional defendants of any kind, including co-defendants, third
party defendants, or additional counter-claim defendants.  This
jurisdiction is not automatic but requires a showing that the "ends
of justice" so require.

*PT United Can Co., Ltd.*, 138 F.3d 65, 71-72 (2d Cir. 1998).  "'[T]he ends of justice' ... refer[s]

to a case in which there is no district with personal jurisdiction over all defendants."  *Id.* at 72

n.5.

As demonstrated above, there is no individual defendant in this case, over which the

Court has personal jurisdiction.  None of the individual Defendants have the required minimum

contacts with New York, and ASLET is not an actual defendant for purposes of personal

jurisdiction.  Because there is no jurisdiction over at least one individual defendant in this case,

as the Second Circuit requires, the RICO statute does not permit jurisdiction over any Defendant

in this case.

Furthermore, "the ends of justice" do not require jurisdiction over the other individual

Defendants in New York, because there is an alternative, more appropriate jurisdiction in which

Plaintiffs' claims could be pursued – the District of Delaware.  ASLET is a Delaware

corporation.  All of the parties are former or current members or directors of a Delaware

corporation.  Plaintiffs' claims relate to governance of a Delaware corporation.  If the Plaintiffs

actually have a viable case, Delaware provides the most suitable forum.



For the foregoing reasons, jurisdiction in New York is simply not appropriate, and despite Plaintiffs' claims to the contrary, the ends of justice do not require this Court's jurisdiction over the Defendants.

    d.    The co-conspirator theory does not apply to confer jurisdiction over the Moving Defendants or any Defendant.

Under New York law, *the acts of a co-conspirator within the state* may be attributed to an out-of-state defendant for the purposes of obtaining jurisdiction. *See Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 581 (E.D.N.Y. 1998). To establish jurisdiction on a conspiracy theory, a plaintiff must: (1) make a *prima facie* factual showing of a conspiracy; (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in this jurisdiction. *See Allstate Life Ins. Co. v. Linter Group Ltd.*, 782 F. Supp. 215, 221 (S.D.N.Y. 1992). Plaintiffs' Complaint does not satisfy these elements.

Plaintiffs have expressly admitted that all Defendants are non-residents of New York. They also have failed to identify a co-conspirator within New York state, let alone the acts of such a co-conspirator. Plaintiffs have not alleged that a New York co-conspirator's act was either tortious, pursuant to the supposed conspiracy, or committed within New York, as required to establish jurisdiction in New York under a conspiracy theory. In fact, Plaintiffs have not named even one New York Defendant. Plaintiffs' conclusory allegations fail to identify with any specificity the alleged acts of the conspiracy as to any particular Defendant. Finally, as shown above, ASLET's presence in New York cannot satisfy the "co-conspirator" requirement, since ASLET is only a "Nominal," non-conspiring Defendant.

Thus, despite Plaintiffs' convoluted conspiracy theories, the absence of even one New York Defendant is fatal to Plaintiffs' Complaint, as Plaintiffs have not shown that this Court has

A211

7

personal jurisdiction over any of the Defendants. In sum, because Plaintiffs fail to aver that any

Defendant had either sufficient contacts or continuous contacts with New York, Plaintiffs have

not shown that this Court has personal jurisdiction over any Defendant. Accordingly, this case

should be dismissed.


II.    MESSINA'S EXPENSES IN INVESTIGATING ALLEGED RICO VIOLATIONS DO
       NOT CONSTITUTE RICO INJURY.

       The Plaintiffs cite to *Philatelic Foundation v. Kaplan*, No. 85 Civ. 8571 (RWS), 1986

WL 5629 (S.D.N.Y. May 9, 1986), *dismissing all RICO claims*, 647 F. Supp. 1344, 1345

(S.D.N.Y. 1986), in a futile attempt to paint Messina's costs for investigating RICO violations as

a RICO injury. *See* Plaintiffs' Brief on the Motion at 20. However, *Philatelic Foundation*

actually stands for the opposite proposition:

> [The plaintiff] has adequately plead the loss of income which it
> alleges to have been the *result of the diversion of expert committee
> efforts to re-examining and correcting the records and certificates
> which it suspected were tainted by the fraudulent scheme.* At the
> same time, it is necessary to distinguish between injuries and
> expenses incurred due to the detrimental effects of the fraudulent
> activities and expenses incurred *simply to explore the existence of
> and the participants in a RICO violation.* Thus, while the
> expenses of an investigation to prevent business injury or to rectify
> it is recoverable damage, the expenses of an investigation to
> determine whether a RICO violation has occurred would not be an
> injury caused by the racketeering activity. Thus, while it would be
> premature to dismiss these allegations at this stage of the
> proceedings [the Court dismissed them later, when it dismissed all
> RICO claims in *Philatelic Foundation v. Kaplan*, 647 F. Supp.
> 1344, 1348], it is *unlikely that the investigatory expenses paid to
> the [plaintiff's] attorney and private investigatory firm are
> recoverable damages under RICO.*

*Philatelic Foundation* at *11 (emphasis added). Plainly, the court considered the investigatory

expenses mentioned in *Philatelic Foundation* as neither injuries nor recoverable damage.

A212

8

The distinction between investigatory expenses that are recoverable and those which are not, lies in the purpose of the investigation. *See id.* If the investigation was to determine whether a RICO violation has occurred, the costs would not be an injury caused by the racketeering activity. *See id.* Plaintiffs' Complaint makes clear what purpose Messina's investigation served. Plaintiffs contend that through the investigations a "virtual mountain of evidence was collected." Complaint, ¶ 81. Plaintiffs further allege that Messina incurred expenses in bringing his Delaware lawsuit to compel production of concealed documents. *See* Plaintiffs' Answering Brief, 3. Allegedly, "these records serve as clear and convincing evidence of fraudulent acts, utilizing the mails and interstate wires." *Id.* Thus, as a result of Messina's investigations, he now supposedly possesses information regarding RICO violations. Purportedly, "Messina has spent thousands of dollars *investigating and subsequently discovering*" Defendants' supposedly fraudulent activities. *See* Plaintiffs' Brief on the Motion at 17 (emphasis added).

Significantly, Messina has not alleged that he or any of his associates provided any "corrected" versions of the financial ledgers that he claims are tainted or fraudulent. Hence, the purpose of Messina's investigatory activities cannot be called corrective, or even beneficial to ASLET. Rather, his persistent demands for documents have been a "fishing expedition" for RICO evidence. Thus, even under *Philatelic Foundation*, which Plaintiffs have cited, Messina's expenses in this endeavor constitute neither RICO injury nor damage.

Messina's legal expenses have aided only his self-serving investigatory efforts, and not ASLET, and they were not "caused" by any alleged RICO violation. Plaintiffs' citing to cases involving attorney's fees thus are inapposite.[1] *See* Plaintiffs' Answering Brief, 19. Finally, the

---

[1] Because Messina's expenses do not constitute RICO injury, they are also not relevant to the question of accrual, despite Plaintiffs' assertions to the contrary. *See infra* Section IV.



Delaware Chancery Court found that an award of costs for Messina's investigation was not warranted. *See Klugiewicz* at 2 n.4. For these reasons, Messina's expenses cannot and do not constitute RICO injury.

III. BECAUSE PLAINTIFFS HAVE ERRONEOUSLY EQUATED THE BOARD ENTERPRISE WITH THE ACTUAL DEFENDANTS, THEIR COMPLAINT SHOULD BE DISMISSED.

In RICO terms, the "Enterprise" is the victimized passive entity. *See Bennett v. United States Trust Co. of New York*, 770 F.2d 308, 315 (2d Cir. 1985). If plaintiffs do not allege a clear distinction between the defendant and the Enterprise, their complaint should be dismissed. *See id.* (citing to *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384, 400 (7th Cir. 1984) ("section 1962(c) requires separate entities as the liable person and the enterprise"), *aff'd on other grounds*, 473 U.S. 479 (1985) (*per curiam*); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) ("If Union Bank is the enterprise, it cannot also be the RICO defendant."); *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190 (4th Cir. 1982) ("'enterprise' was meant to refer to a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit"), *cert. denied*, 459 U.S. 1105 (1983); *Kaufman v. Chase Manhattan Bank, N.A.*, 581 F. Supp. 350, 357-58 (S.D.N.Y. 1984) (complaint must distinguish the enterprise from the person)).

The Plaintiffs refer to the RICO enterprise as the "Board Enterprise" in their Complaint. *See* Complaint, ¶ 129 ("At all relevant times, the Board Enterprise was an ongoing association-in-fact enterprise of individuals with a common purpose, a continuity of structure and personnel, and a consensual decision-making structure that was used to effect its scheme..."). Plaintiffs also allege that each Defendant has tried to conceal the existence of the Enterprise. *See id.* at ¶

A214

10

124. Thus, Plaintiffs are not using the terms "Enterprise" or the "Board Enterprise" to refer to a

benign or passive organization.

Paragraph 128 of the Complaint definitively lists the members of the "Board Enterprise":

> The membership in the Board Enterprise is as follows:
> a.     Frank A. Hackett, Jr.
> b.     Andrew Casavant
> c.     Greg Meyer
> d.     Gary T. Klugiewicz
> e.     Tim Dees
> f.     Lisa Konrath
> g.     David Smith
> h.     David Grossi
> i.     Mary Gifford
> j.     William Westfall
> k.     Dan Watson
> l.     Julie Linkins
> m.     Glen Young; and
> n.     Those other officers and executives, managerial and
> supervisory personnel, and legal counsel of ASLET, who are
> presently unknown to Plaintiffs, and who participated as officers,
> directors, lawyers for the Defendants and Participants and assisted
> in making and implementing decisions relating to the scheme. The
> identities of those individuals will be revealed in discovery.

Complaint, ¶ 128.

This list is identical to the list of Defendants with the exception of the merely nominal

Defendant, ASLET. *See* Complaint, Caption. Remarkably, this paragraph says nothing about

additional innocent members of the Enterprise. *See* Complaint, ¶ 128.

Nevertheless, Paragraph 135 of the Complaint indicates that some members listed in

paragraph 128 are, in fact, innocent. *See* Plaintiffs' Answering Brief at ¶ 135. It states that the

"members of the Board Enterprise [listed definitively in Paragraph 128] included innocent

parties unaware of the Defendants' and Participants' scheme or the use of the Enterprise in its

execution." *See id.* Yet, Plaintiffs have failed to indicate which of the members listed in

Paragraph 128 are, in fact, innocent, and Plaintiffs have indiscriminately sued all of them. *See*

A215

Complaint, Caption. Plaintiffs do not make the distinction that the *Bennett* court, and the courts

cited in that opinion, consider critical. For this reason, the Complaint must be dismissed.

Plaintiffs attempt to support their error by citing to *Pavlov v. Bank of New York*, 25 Fed.

Appx. 70 (2d Cir. 2002). The *Pavlov* opinion, however, is a:

> SUMMARY ORDER [WHICH] WILL NOT BE PUBLISHED IN
> THE FEDERAL REPORTER AND **MAY NOT BE CITED AS
> PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER
> COURT**, BUT MAY BE CALLED TO THE ATTENTION OF
> THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE
> OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE
> FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES
> JUDICATA.

*Pavlov* at *70 (emphasis added). Despite this conspicuous directive, Plaintiffs claim that *Pavlov*

overrules *Bennett*, (*see* Plaintiffs' Answering Brief at 23). *Bennett*, which endorses the majority

view that plaintiffs must allege a clear separation between the enterprise and the liable person(s)

clearly supplies the governing precedent on this issue. Plaintiffs' argument here, as elsewhere, is

meritless.

Because Plaintiffs have defined the liable persons (all of the individual Defendants) as

the RICO Enterprise (the Board Enterprise), the Complaint must be dismissed.

## IV.    PLAINTIFFS' ALLEGATIONS IN THE COMPLAINT ILLUSTRATE THAT PLAINTIFFS' CLAIMS ARE TIME-BARRED.

Plaintiffs rely on *Old Republic Ins. Comp. v. Hansa World Cargo Service, Inc.*, 170

F.R.D. 361 (S.D.N.Y. 1997), as support for the claim that their claims are timely. In *Old*

*Republic*, the court held that "a RICO injury need not be precisely calculable in order to be

sufficiently definite and nonspeculative for a civil RICO cause of action to accrue." *See id.* at

378. The *Old Republic* court also quoted *131 Main St. Assoc. v. Manko*, 897 F. Supp. 1507

A216

(S.D.N.Y. 1995): "*Bankers Trust* [a case Plaintiffs cite] does not say that a potential plaintiff must be able to calculate his loss down to the penny before his RICO injury can be said to exist; all that is required is that the injury not be 'speculative.'" *See Old Republic* at 379 (citing to *131 Main* at 1517). In determining when a plaintiff should have discovered an injury, the test is an objective one: when a reasonable person should have discovered the RICO injury. *See id.* (citing to *In re Integrated Resources Real Estate Ltd. Partnerships Sec. Litig.*, 850 F. Supp. 1105, 1117-18 (S.D.N.Y. 1993)).

Plaintiffs allege that they collected a "virtual mountain of evidence" of wrongdoing before the year 2000 (*see* Complaint at ¶ 81). Therefore, they are barred, under the reasonable person standard, from claiming that injury to themselves or to ASLET is speculative before 2000. In fact, paragraphs 65 to 80 of Plaintiffs' Complaint supposedly chronicle the series of wrongdoing "[b]eginning in or about 1994." *See* Complaint at ¶ 56. For instance, Plaintiffs claim that "Messina and other members ... continued to collect evidence of continued 'double dipping' practices" on or about January 1998. *See id.* at ¶ 80. Under the reasonable person standard, Plaintiffs should have discovered injuries well before 2000 if they had evidence of *continued* double dipping practices in 1998. Because Plaintiffs claim to have knowledge of a pattern of alleged wrongdoing and injury that supposedly began long before 2000 and extended to the present, Plaintiffs are time-barred from bringing a RICO action now.

Plaintiffs belatedly contend that the bulk of their 73-page Complaint is mere surplusage, and that their claims do not rest on any pre-2000 acts of Defendants. *See* Plaintiffs' Answering Brief at 3-4. This eleventh hour attempt to recast their claims cannot save their RICO case. First, the Complaint makes clear that the three alleged acts Plaintiffs now contend caused their RICO injury are, in Plaintiffs' view, simply part and parcel of Defendants' claimed scheme to

A217

13



take control and/or mismanage ASLET, a scheme which they say has been ongoing since at least 1994. Second, Plaintiffs' claimed "injuries," such as Messina's investigative costs, do not constitute a cognizable RICO injury. Third, the claimed injuries, such as the allegedly "fraudulent nature of the 'security' check performed by Defendants" (Plaintiffs' Answering Brief at 4), are so vague as to completely fail to meet the RICO standard for an actionable injury.

Plaintiffs' citation to *Butala v. Agashiwala*, No. 95 CIV. 936 JGK, 1997 WL 79845 (S.D.N.Y. Feb. 24, 1997) also is not helpful. In that case, the court did not make a ruling on the proper tolling of a statute of limitations; rather, the *Butala* court held that "because there are issues of fact as to whether the statute of limitations should be tolled..., dismissal of [the *Butala*] action is inappropriate." *See id.* at *8. Plaintiffs' own Complaint makes clear that they believed the alleged "mountain of evidence" constituted injury long before 2000. Thus, there is no issue as to whether the statute of limitations should be tolled, as in the *Butala* case. On the facts alleged in the Complaint, the statute of limitations should not be tolled.

The Plaintiffs' claims thus are time-barred, and the Complaint should be dismissed.

V.    PLAINTIFFS HAVE NOT SHOWN THAT THE COMPLAINT ALLEGES RELIANCE OR CAUSATION OF INJURY.

In the Second Circuit, a RICO plaintiff who alleges mail fraud must plead both reliance and injury caused by such reliance. *See Burke v. Dowling*, 944 F. Supp. 1036, 1053 (E.D.N.Y. 1995). Plaintiffs have directed the Court's attention to Paragraph 182 of their Complaint to illustrate an allegation of reliance or causation. That paragraph alleges:

> ASLET members Jennifer Haas, Elizabeth Kennedy, Barry Culpepper, Nick Brando, Rob Coffman, Fabio Mattiasich, and others, received solicitations for membership and/or membership renewal sent by Defendants and other Participants by U.S. Mail.

A218

14



> These members then used the U.S. Mail and interstate telephone
> wires to make payments for the memberships purchased from
> Defendants and other Participants. Plaintiffs, after a review of
> recent ASLET financial documents, believe that over $200,000 per
> year has been sent via U.S. Mail and interstate telephone wires,
> with over 4000 such mailings or wirings occurring each year at an
> average remittance of approximately forty-five dollars ($45).

Complaint, ¶ 182.

However, there is nothing in Paragraph 182 to indicate an allegation of reliance or

causation of injury. In fact, the words "rely," "reliance," "injury," or any forms of those words,

simply do not appear in that paragraph and cannot reasonably be inferred. For instance,

Plaintiffs' allegation that over $200,000 per year has been sent via U.S. Mail and interstate

telephone wires cannot constitute an allegation that this entire amount is "injury." Likewise,

there is no allegation that the named ASLET members relied on supposedly false representations

in membership solicitations – not even in Paragraphs 180 and 181, which explain the purported

deception in the mailings. *See id.* at ¶¶ 180-81.

Because Plaintiffs fail to properly allege reliance or causation of RICO injury, Plaintiffs

have failed to state a claim upon which relief under RICO may be granted. Plaintiffs' Complaint

is fatally deficient and must be dismissed.

VI.     PLAINTIFFS' REMAINING ASSERTIONS ARE MERITLESS.

    a.     Defendants were improperly served with process.

Title 18, section 1965(b) of the United States Code provides:

> In any action under section 1964 of this chapter in any district
> court of the United States in which it is shown that the ends of
> justice require that other parties residing in any other district be
> brought before the court, the court may cause such parties to be
> summoned, and process for that purpose may be served in any
> judicial district of the United States *by the marshal thereof.*

A219

18 U.S.C. § 1965(b) (emphasis added). Plaintiffs have still not shown that a marshal has served

Defendants with process. For this reason, service was insufficient under section 1965(b).


      b.     Plaintiffs have no individual standing to bring a RICO action.

The purpose of civil RICO liability does not extend to deterring any illegal act, such as

retaliatory firings, *for which there are state and common law remedies. See Donohue v.*

*Teamsters Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave*

*Trust Funds, et al.,* 12 F. Supp. 2d 273, 277 (E.D.N.Y. 1998) (citing to *In re American Express*

*Co. Shareholder Litig.,* 39 F.3d 395, 399 (2d Cir. 1994)) (emphasis added). Because Delaware

state and common law remedies exist for Plaintiffs' claims, RICO does not cover them. In

addition, because Plaintiffs have recast their case, omitting events before 2000, no evidence

remains with which to allege a long-standing conspiracy and scheme against Messina.


      c.     Plaintiffs have no derivative standing to bring a claim on ASLET's behalf.

First, Plaintiffs did not verify their Complaint. *See* Fed. R. Civ. P. 23.1. Second, they

have failed to allege that the action is not a collusive one to confer jurisdiction on a court of the

United States which it would not otherwise have. *See id.* In addition, Plaintiffs' recurring

conflation of alleged injuries to Messina with alleged injuries to ASLET cannot confer derivative

standing. Because Plaintiffs have not complied with formal requirements of derivative actions

and have not alleged a clear injury to ASLET, their Complaint should be dismissed.


      d.     Plaintiffs' case, if any, belongs in Delaware under the doctrine of *forum non-*
               *conveniens.*

A220



Plaintiffs' silence on this point is resounding. Based on points made in Moving Defendants' opening brief, Moving Defendants assert that the present case belongs in Delaware.

## CONCLUSION

Plaintiffs' Complaint defines RICO violators as those who oppose Messina – all the ASLET Board members who do not support his policies, along with the Executive Director, and the ASLET members, and any "officers and executives, managerial and supervisory personnel and legal counsel of ASLET" who stand up against him. Anyone who opposes Messina allegedly joins a conspiracy. Anyone who helps him purportedly is exempted.

Moving Defendants respectfully submit that the RICO statute was not intended to support one disenchanted board member's attacks on a corporation, its policies, its board, or its board's affiliates. There is, moreover, no jurisdiction over Moving Defendants. Plaintiffs' critical errors in pleading require dismissal of the Complaint. Plaintiffs have no standing under RICO to make their claims, for which there are state and common law remedies. Plaintiffs also have no derivative standing because they allege no proximate injury to ASLET in their Complaint.

Finally, as Plaintiffs have not contested Moving Defendants' *forum non conveniens* argument, it is undisputed that Delaware – not New York – is the appropriate forum in which to hear what are essentially state law claims.

A221



WHEREFORE, Moving Defendants respectfully request that this honorable Court grant

the within motion, dismissing Plaintiffs' Complaint, as well as such other and further relief as

may be just and proper.


Dated: <u>Wilmington, Delaware, May 5, 2004</u>

**McCARTER & ENGLISH, LLP**

BY: PAUL A. BRADLEY
A. RICHARD WINCHESTER
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
**Attorneys for Moving Defendants**

A222

18

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MESSINA,<br>GEORGE DEMTRIOU, individually and on<br>behalf of all others similarly situated, and<br>derivatively on behalf of<br>AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Plaintiffs,<br><br>v.<br><br>FRANK A. HACKETT, JR.,<br>ANDREW CASAVANT,<br>GREG MEYER,<br>GARY T. KLUGIEWICZ,<br>TIMOTHY DEES,<br>LISA KONRATH,<br>MARY GIFFORD,<br>DAVID SMITH,<br>DAVID GROSSI,<br>JULIE LINKINS,<br>WILLIAM WESTFALL,<br>DANIEL WATSON,<br>GLENN YOUNG,<br>JOHN DOES 1-10,<br>        Defendants,<br><br>And AMERICAN SOCIETY OF LAW<br>ENFORCEMENT TRAINERS, INC.,<br>Nominal Defendant. | )<br>)<br>) Civil Action No: CV-040170 (TCP)<br>)<br>)<br>)<br>) AFFIRMATION OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I, Artemio C. Aranilla, an attorney admitted to practice in the Courts of the State of New York, affirm under penalty of perjury that I have served a copy of the attached Reply Memorandum in Support of Motion to Dismiss upon the following by Federal Express:

Steven M. Lester, Esq.
Law Offices of Steven M. Lester
325 Merrick Avenue
East Meadow, NY 11554
Attorneys for the Plaintiffs

Catherine Mirabile, Esq.,
Assistant U.S. Attorney
U.S. Attorney's Office
1 PierrePont Plaza, 14th Floor
Brooklyn, NY 11201
Attorneys for Defendant Glenn Young

A223



Dated: May 5, 2004

McCARTER & ENGLISH, LLP

BY: _____

ARTEMIO C. ARANILLA (NY 4150629)
919 Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
Attorneys for Defendants Frank A. Hackett
Jr., Andrew Casavant, Greg Meyer, Gary T.
Klugiewicz, Timothy Dees, Lisa Konrath,
Mary Gifford, David Smith, David Grossi,
Julie Linkins, William Westfall, Daniel
Watson, and American Society Of Law
Enforcement Trainers (nominal defendant)

A224

ii

EXHIBIT A



Filed: Apr 30 2004  4:19PM EDT
Filing ID 3508005

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

WILLIAM B. CHANDLER III
CHANCELLOR

P.O. BOX 581
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5424
FACSIMILE (302) 856-5251

Submitted: April 26, 2004
Decided: April 30, 2004

Philip Messina
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Edward Mandelbaum
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Christian Migliore
711 N. Wellwood Avenue
Lindenhurst, NY 11757

Paul A. Bradley
McCarter & English, L.L.P.
919 N. Market St., Suite 1800
Wilmington, DE 19899

Jennifer Haas
711 N. Wellwood Avenue
Lindenhurst, NY 11757

John G. Harris
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

Re:  *Messina, et al. v. Klugiewicz, et al.*, C.A. No. 2244-S
*Messina, et al. v. American Society of
Law Enforcement Trainers, Inc., et al.*, C.A. No. 2247-S
*Messina, et al. v. American Society of
Law Enforcement Trainers, Inc.*, C.A. No. 2300-S

Dear Counsel:

This letter, and the attached Orders, address the pending motions in the three above-captioned cases.

*Messina, et al. v. Klugiewicz, et al.*, Civil Action No. 2244-S

This case is brought under 8 *Del. C.* § 220. The parties have fully briefed cross motions for summary judgment. The plaintiffs' motion for summary judgment seeks to establish that plaintiff Philip Messina has standing to inspect the American Society of Law Enforcement Trainers, Inc.'s (ASLET) books and records and that the delay in producing the requested information was a product of bad faith. Defendants' motion for summary judgment argues that ASLET has satisfied the original demand for

A226



books and records and that Count IV of the complaint, which seeks injunctive relief, is moot.[1]    Plaintiffs brief answering defendants' motion asserted that three categories of documents have not been produced, but did not address the issue of Count IV.  In reply, defendants produced an affidavit from counsel stating that the three categories of documents plaintiffs still believe have not been provided do not exist and/or cannot be located.[2]    At oral argument held on April 26, 2004, plaintiffs clarified that the only outstanding demand that may not have been fulfilled was a complete list of ASLET's members with contact information.  Defendants' counsel has since satisfied that demand.[3]    Separately, defendants have moved to quash a subpoena requesting documents purportedly outside the scope of the demand that originally prompted this action.  Also, plaintiffs, on the day of oral argument, moved to amend their complaint.

Based on the record before the Court, it appears that defendants have fully satisfied plaintiffs' original demand for inspection of ASLET's books and records.  Additionally, plaintiffs do not contest that Count IV is moot.  As such, defendants' motion for summary judgment is granted and this action is dismissed.  Because of this ruling, all other pending motions in Civil Action Number 2244-S are irrelevant.[4]

*Messina, et al. v. American Society of Law*
*Enforcement Trainers, Inc., et al.*, Civil Action No. 2247-S

In this action, plaintiffs seek a judicial declaration, pursuant to 8 *Del. C.* §§ 111 and 225, of the following:    (1) ASLET's certificate of incorporation calling for annual board elections conflicts with ASLET's

---

[1] Count IV is purportedly moot because it sought to enjoin the use of a misleading proxy that was not actually used for a meeting that has since occurred.

[2] *See* Reply Br. in Supp. of ASLET's Mot. for Summ. J., Ex. A.

[3] *See* Letter from Harris to Chandler, C., *Messina v. Klugiewicz, et al.*, C.A. No. 2244-S (Apr. 30, 2004).

[4] To the extent that plaintiffs' motion for partial summary judgment could be interpreted as a request to require the costs of this litigation to be shifted to defendants due to their bad faith refusal to make ASLET's books and records available for inspection, I find that such an award of costs is not warranted in the circumstances.  Plaintiffs have not demonstrated that defendants acted in subjective bad faith, and the record before me indicates most of the dispute between the parties involved the scope of documents requested.  A party's resistance to overly broad requests for open-ended inspections of records is not indicative of bad faith.  *See Shapiro v. Healthcare Acquisition, Inc.*, Del. Ch., C.A. No. 030-N, Lamb, V.C. (letter op. Apr. 12, 2004).

bylaws which establish four-year terms for board members; (2) that the creation of a board committee without a full vote of the ASLET board was invalid; (3) that elections held prior to January 8, 2003 were invalid because of a defect of process and that those elections were manipulated by Frank A. Hackett, Jr. (ASLET's executive director); (4) that the entire ASLET board should have stood for election on January 8, 2003 and that the top nine vote getters (rather than the top five) at said election are the valid directors of ASLET; and (5) that putative director Greg Meyer's motion to expel Messina from ASLET was invalid.

The complaint has been twice amended, but plaintiffs have recently moved to have the complaint dismissed without prejudice under Court of Chancery Rule 41(a)(2). At oral argument held on April 26, 2004, defendants had no objection to dismissal, but requested that the dismissal be with prejudice. Defendants also suggested that certain information contained in plaintiffs' motion to dismiss without prejudice is inflammatory and should be stricken from the record.

I find that the interests of justice are best served if the dismissal is without prejudice.[5] With regard to defendants' informal request that certain material in plaintiffs' motion to dismiss be stricken, I find that such a measure is unwarranted because this action is being dismissed and I have given the purportedly scandalous material little weight.[6]

*Messina, et al. v. American Society of Law*
*Enforcement Trainers, Inc.*, Civil Action No. 2300-S

In this case, the plaintiffs seek a summary declaration, pursuant to 8 *Del. C.* § 111, that the ASLET bylaws adopted February 20, 2002, are the valid bylaws of the organization and that the purported modification of ASLET's bylaws on October 17, 2002 and June 20, 2003 are invalid.

---

[5] *See Tooley v. Donaldson*, 2004 Del. LEXIS 161, at *24 (Del. 2004); *Brehm v. Eisner*, 746 A.2d 244, 267 (Del. 2000). Plaintiffs, in the three actions before this Court, appear *pro se*.

[6] "Motions to strike allegedly redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." 2A J. MOORE, MOORE'S FEDERAL PRACTICE §12.21[2], at 2317 (2d ed. 1985) (citation omitted).

A228

3

ASLET has moved to dismiss under Court of Chancery Rules 12(b)(6) and 23.1.

Plaintiffs' complaint alleges that ASLET's executive director, Frank Hackett, submitted changes to ASLET's bylaws to the ASLET board on October 16, 2002, without having notified, in writing, directors Philip Messina and Kathleen Kelley of the proposed changes sixty days before the board meeting.[7]  Article VIII(a) of the bylaws provides:  "Written notice of the proposed bylaw amendment must have been submitted to each members (sic) of the Executive Board at least 60 days prior to the meeting."  Plaintiffs also allege that the board voted on June 30, 2003 to repeal Article VI, Section 4 of the bylaws without notice pursuant to Article VIII(a) of the bylaws.  Article VI, Section 4 of the bylaws related to the Assistant Executive Director of ASLET (a position plaintiff Messina held).

Messina attended the October 17, 2002 meeting and the June 20, 2003 meeting, but did not attend for the sole purpose of objecting to lack of notice.[8]  Therefore, under 8 *Del. C.* § 229, Messina has no grounds to sue for ASLET's failure to provide him with sixty days notice.[9]  Additionally, 8 *Del. C.* § 111 (the provision under which plaintiffs seek relief) does not provide a cause of action for plaintiffs.  Section 111 merely states that the Court of Chancery has jurisdiction to determine the validity of bylaws, but does not independently establish the rights and duties of a Delaware corporation and/or its fiduciaries in relation to those bylaws.  Plaintiffs having pleaded their claim only under section 111, have not pleaded a cognizable claim.

---

[7] The proposed changes were wide-ranging and appear to be a "revamping" of the bylaws.

[8] *See* Compl., Ex. F (June 20, 2003 meeting minutes); Defs.' Reply Mem. of Law in Supp. of its Mot. To Dismiss Pls.' Compl., Ex. B (Oct. 17, 2002 meeting minutes). Plaintiffs, at oral argument, conceded these facts.

[9] 8 *Del. C.* § 229 provides, in part: "Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened." For purposes of the motion to dismiss, it does not matter whether Kelley attended the relevant meetings because she is not a party to this action. Only Kelley has standing to assert that she was not provided notice according to ASLET's governing documents.



For these reasons, Civil Action Number 2300-S is dismissed, without prejudice, for failure to state a claim.

Orders have been entered in each of these cases, implementing my rulings.

Very truly yours,

*/S/William B. Chandler III*

William B. Chandler III

WBCIII:meg

Attachments

A230

5

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

PHILIP MESSINA, in his official )
capacity as a Director of the American )
Society of Law Enforcement Trainers, )
Inc., EDWARD MANDELBAUM, as a )
member of the American Society of )
Law Enforcement Trainers, Inc., and on )
behalf of AMERICAN SOCIETY OF )
LAW ENFORCEMENT TRAINERS, )
INC., a Delaware nonstock corporation, )          Civil Action No. 2244-S
                                       )
                   Plaintiffs,         )
                                       )
          v.                           )
                                       )
GARY T. KLUGIEWICZ, in his             )
official capacity as Board Chair of the )
American Society of Law Enforcement    )
Trainers, Inc., FRANK A. HACKETT,      )
JR., in his official capacity as Executive )
Director of the American Society of    )
Law Enforcement Trainers, Inc.,        )
                                       )
                   Defendants.         )

## O R D E R

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED; and it is

FURTHER ORDERED, that pending motions to quash and to amend the complaint are DENIED as moot.

_____*/S/ William B. Chandler III*_____
                Chancellor

Dated:  April 30, 2004

A231

6

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

|  |  |  |
|---|---|---|
| PHILIP MESSINA, in his official capacity as a Director of the American Society of Law Enforcement Trainers, Inc., EDWARD MANDELBAUM, as a member of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2247-S |
| v. | ) ) ) | |
| AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., and GREG MEYER, DAVID GROSSI, DAVID SMITH, LISA KONRATH, in their official capacities as Directors of American Society of Law Enforcement Trainers, Inc., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### O R D E R

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED without prejudice pursuant to Court of Chancery Rule 41(a)(2).

_____ /S/ William B. Chandler III _____
Chancellor

Dated: April 30, 2004

A232



## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| PHILIP MESSINA, as a member of and as a Director of the American Society of Law Enforcement Trainers, Inc., CHRISTIAN MIGLIORE, JENNIFER HAAS, EDWARD MANDELBAUM, as members of the American Society of Law Enforcement Trainers, Inc., a Delaware nonstock corporation, )<br><br>Plaintiffs, )<br><br>v. )<br><br>AMERICAN SOCIETY OF LAW ENFORCEMENT TRAINERS, INC., )<br><br>Defendant. ) | Civil Action No. 2300-S |

### ORDER

For the reasons set forth in this Court's April 30, 2004 letter opinion in this case, it is

ORDERED that the complaint in this action is DISMISSED without prejudice pursuant to Court of Chancery Rule 12(b)(6).

_/S/ William B. Chandler III_
Chancellor

Dated:  April 30, 2004

A233

8